JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET E-filing

**EDI**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

VILMA SERRALTA

## DEFENDANTS

SAKHAWAT M. KHAN; ROOMY KHAN; DOES ONE through TEN, inclusive

**(b)** County of Residence of First Listed Plaintiff San Mateo County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Christina Chung, Matthew Goldberg, Carole Vigne, Christopher Ho, Legal Aid Society - Employment Law Ctr., 600 Harrison St., Ste. 120, San Francisco CA 94107, 415.864.8848; Hillary Ronen, Rocio Avila, La Raza Centro Legal, 474 Valencia St., Ste. 295, San Francisco CA, 415.575.3500

Attorneys (If Known)

Elizabeth Tippett, Wilson, Sonsini, Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304, 650.493.9300

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☒ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act of 1938, 29 U.S.C. section 201 et seq.
Brief description of cause:
Action to recover unpaid minimum and overtime wages, and penalties for state labor law violations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** To be determined

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
March 13, 2008

SIGNATURE OF ATTORNEY OF RECORD

Christina Chung, State Bar No. 194630
Matthew Goldberg, State Bar No. 240776
Carole Vigne, State Bar No. 251829
THE LEGAL AID SOCIETY –
  EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

**E-filing**

Hillary Ronen, State Bar No. 228606
Rocio Avila, State Bar No. 252719
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, Suite 295
San Francisco, CA 94103
Telephone: (415) 575-3500
Facsimile: (415) 255-7593

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

VILMA SERRALTA,                                ) Case No.:
                                               )  CV 08 1427
               Plaintiff,                      ) **COMPLAINT FOR DECLARATORY**
                                               ) **RELIEF AND DAMAGES FOR**
       v.                                      ) **VIOLATIONS OF THE FAIR LABOR**
                                               ) **STANDARDS ACT AND CALIFORNIA**
SAKHAWAT KHAN; ROOMY KHAN; and                 ) **STANDARDS ACT AND CALIFORNIA**
DOES ONE through TEN, inclusive,               ) **LABOR CODE; AND UNFAIR AND**
                                               ) **UNLAWFUL BUSINESS PRACTICES**
               Defendants.                     )
                                               )
                                               )
                                               ) **[DEMAND FOR JURY TRIAL]**
                                               )

EDL

Plaintiff VILMA SERRALTA complains of Defendants and demands a trial by jury of all

issues, and for all causes of action alleges as follows:

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                        1

**INTRODUCTION**

1.     For nearly 70 years, the federal Fair Labor Standards Act ("FLSA") has provided minimum labor protections to employees from substandard working conditions, including the failure to pay proper compensation for all hours worked.  This action brought by a domestic worker arises out of Defendants' pervasive practice of depriving Plaintiff of her most basic rights and protections guaranteed under the FLSA and, by cognate, rights provided by state labor law.

2.     For over four years, Defendants routinely denied Plaintiff her lawful wages for the long hours that she worked to clean and maintain their 9,000-square foot residence, to provide childcare, and to otherwise serve Defendants at their beck and call.  Behind closed doors, Defendants benefited from Plaintiff's labor and their illegal conduct, concealed in part through their failure to keep accurate employment records mandated by law.

3.     By this action, Plaintiff seeks declaratory relief and damages to remedy Defendants' violations of federal and state labor laws and commission of unlawful and unfair business acts and practices.

**JURISDICTION AND VENUE**

4.     Jurisdiction is conferred on this Court by Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.  Supplemental jurisdiction over Plaintiff's claims under California law is conferred by 28 U.S.C. § 1367.  Pursuant to Civil Local Rule 3-2(d), venue is proper in the Northern District of California because Plaintiff resides in this District, Defendants reside in and employed Plaintiff in this District, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

5.     Plaintiff VILMA SERRALTA is 69 years old and is a resident of San Mateo County, California.  At all relevant times herein, Plaintiff was employed as a domestic worker by Defendants SAKHAWAT KHAN and ROOMY KHAN in San Mateo County, California.  Plaintiff's written consent to become a party to this action is attached hereto pursuant to 29 U.S.C. § 216(b).

6.     Defendant SAKHAWAT KHAN, husband of Defendant ROOMY KHAN, is and was

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                          2

1    at all times relevant herein an individual residing and doing business as Plaintiff's employer in San

2    Mateo County, California.  At all times relevant herein, Defendant SAKHAWAT KHAN was an

3    employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d), and California Industrial

4    Welfare Commission Wage Order 15-2001 ("IWC Wage Order") § 2(G), codified at 8 Cal. Code

5    Regs. § 11150, in that he directly or indirectly employed or exercised control over Plaintiff's wages,

6    hours, or working conditions.

7         7.    Defendant ROOMY KHAN, wife of Defendant SAKHAWAT KHAN, is and was at

8    all times relevant herein an individual residing and doing business as Plaintiff's employer in San

9    Mateo County, California.  At all times relevant herein, Defendant ROOMY KHAN was an

10   employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d), and the IWC Wage Order §

11   2(G) in that she directly or indirectly employed or exercised control over Plaintiff's wages, hours, or

12   working conditions.

13        8.    Plaintiff is informed and believes and on that basis alleges that Defendants DOES

14   ONE through TEN are in some capacity responsible for the violations of law complained of herein.

15   Plaintiff, however, is ignorant of the true names and capacities of Defendants sued herein as DOES

16   ONE through TEN, inclusive, and therefore sues them by such fictitious names.  Plaintiff will amend

17   this complaint to allege their true names and capacities when ascertained.

18        9.    Plaintiff is informed and believes and thereupon alleges that at all times material

19   herein, each Defendant was the agent, representative, and alter ego of the other Defendants, and

20   acted with the knowledge, authority, consent, and ratification of the other Defendants, and all aided

21   and abetted the wrongful acts of the others.

22        10.   Wherever this Complaint refers to any act by a Defendant or Defendants, such

23   allegations and references shall also be deemed to mean the acts and failures to act of each

24   Defendant acting individually, jointly, and/or severally.

25        11.   Plaintiff is informed and believes and on that basis alleges that at all material times,

26   each of the Defendants has acted as her employer and/or joint employer within the meaning of the

27   FLSA and California law.

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                          3

1   12.     Plaintiff is informed and believes and on that basis alleges that at all times material

2   herein, each of the Defendants was the agent, employee, and/or joint venturer of, or working in

3   concert with, each other and was acting within the course and scope of such agency, employment,

4   and/or joint venture or concerted activity. To the extent that said conduct and/or omissions were

5   perpetrated by certain Defendants, Plaintiff is informed and believes and on that basis alleges that the

6   remaining Defendant and/or Defendants confirmed and ratified said conduct and/or omissions.

7   13.     Wherever reference is made to individuals who are not named as Defendants in this

8   Complaint but are or were employees/agents of Defendants, or any of them, such references shall be

9   deemed to mean that such individuals at all relevant times acted on behalf of Defendants within the

10  scope of their employment.

11                                    **FACTUAL ALLEGATIONS**

12  14.     Between on or about July 8, 2002 and September 11, 2006, Plaintiff was employed by

13  Defendants as a domestic worker living in their private residence.

14  15.     At all times relevant herein, Defendants were employers within the meaning of the

15  FLSA and the IWC Wage Order in that they directly or indirectly employed or exercised control over

16  the wages, hours, and working conditions of Plaintiff. Defendants further controlled the manner and

17  means by which the Plaintiff accomplished her work for Defendants.

18  16.     At all times relevant herein, Defendants resided and employed Plaintiff in their

19  residence located at 168 Isabella Avenue, Atherton, California 94207.

20  17.     Defendants' residence, which is currently listed for sale, has been priced at over

21  $17 million and described in an online listing (http://www.redfin.com/stingray/do/printable-

22  listing?listing-id=193393) as, *inter alia*, having six bedrooms, four bathrooms, and a separate one-

23  bedroom, two-bathroom guesthouse, and encompassing over 9,000 square feet on a 1.81 acre lot.

24  18.     As a live-in domestic worker for Defendants, the vast majority of Plaintiff's work

25  hours involved cleaning Defendants' sizable residence. On either a daily basis or multiple times per

26  week, Plaintiff was typically required to: make Defendants' beds; tidy the bedrooms; clean multiple

27  bathrooms, which regularly involved washing showers, tubs, and sinks, wiping the counters and the

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                                    4

1   mirrors, and scrubbing the floors; clean the kitchens in the primary residence and the guesthouse,

2   which regularly included clearing and washing dirty cups, dishes, pots and pans, wiping the counters

3   and various appliances, and restocking the refrigerator; tidy the other rooms, including the family

4   room, the living room, and the dining room; set and clear the table at meals; throw out the garbage;

5   dust furniture; vacuum and/or mop the floors; launder and iron Defendants' clothes; organize and

6   clean cupboards and closets; and engage in other general housecleaning duties. Moreover, Plaintiff

7   was also required to clean the windows, both interior and exterior, of the residence; clean the private

8   patio and the outdoor barbecue; and set up for parties.

9        19.    In addition to her significant housecleaning duties, Plaintiff was typically required to

10   cook and/or assist in meal preparation; to serve breakfast, lunch, and dinner; and to attend to

11   Defendants and their guests, who frequently visited the house.

12        20.    Though most of Plaintiff's work hours were devoted to these demanding household

13   duties, she was also expected to provide child care for Defendants' young child, including waking

14   her early in the morning to get her ready for school; bathing and clothing her; preparing her meals;

15   feeding her; playing with her and/or supervising her; and putting her to bed at night.

16        21.    Defendants typically required Plaintiff to work more than 14 hours per day on

17   weekdays and up to 26 hours or more over the course of a weekend.

18        22.    During a typical two-week pay period, Defendants regularly required Plaintiff to work

19   13 days out of 14.

20        23.    Throughout her employment with Defendants, Plaintiff was frequently required to

21   work late into the night on weekend evenings, often past midnight, when Defendants threw elaborate

22   dinner parties for large numbers of guests. Plaintiff typically worked more than 16 hours per day on

23   these occasions. Not only was Plaintiff required to prepare for these dinner parties and serve party

24   guests, she was required to clean up afterwards, including meticulously hand-washing Defendants'

25   silverware and dinner plates.

26        24.    At all times relevant herein, Defendants paid Plaintiff a fixed monthly wage of

27   $1,100.00, then $1,300.00, and then $1,000.00, regardless of the number of hours she actually

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES         5

1  worked. These fixed wages failed to compensate Plaintiff for all the hours she worked, including all
2  her overtime and double time hours as required by law.

3      25.    Plaintiff and Defendants did not enter into a voluntary written agreement to credit
4  Plaintiff's lodging or meals against the minimum wage.

5      26.    Defendants willfully and intentionally denied Plaintiff all the wages she was entitled
6  to under the law.

7      27.    At all times relevant herein, Defendants routinely failed to provide Plaintiff with a
8  ten-minute net rest period for every four hours of work or major fraction thereof, as required by law.

9      28.    At all times relevant herein, Defendants routinely required Plaintiff to work more than
10  ten hours per day without providing her with two meal periods of not less than thirty minutes, as
11  required by law.

12      29.    Defendants routinely failed to keep accurate records as required by law that indicated
13  when Plaintiff began and ended each work period, her meal periods, her total daily hours worked, her
14  total hours worked in the payroll period, and applicable rates of pay.

15      30.    Moreover, Defendants routinely failed to furnish Plaintiff with accurate itemized
16  wage statements at the time of each payment of wages, showing her total hours worked, all
17  applicable hourly rates in effect during the pay period, and the corresponding number of hours
18  worked at each hourly rate, as required by law. As part of Defendants' failure to provide Plaintiff
19  with the foregoing information, Plaintiff was not paid according to the law and was hindered in
20  determining the amount of wages actually owed to her by Defendants and in challenging her rate of
21  pay.

22      31.    In addition to Defendants' deprivation of Plaintiff's basic labor rights, Defendants
23  regularly yelled at Plaintiff and subjected Plaintiff to verbal abuse, such as shouting derogatory
24  comments at her.

25      32.    Defendants terminated Plaintiff's employment on or about September 11, 2006.

26      33.    Plaintiff did not receive final payment of all accrued wages and compensation due her
27  immediately upon termination, as required by law.

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES    6

34.     Plaintiff has demanded that Defendants pay her the wages and attendant penalties and damages she is owed.  Defendants have refused these demands.

35.     Defendants' conduct as described herein is a form of unfair competition against other employers who operate in compliance with the law.  Defendants' pattern and practice of unlawful and unfair employment practices has injured Plaintiff and the general public.  Defendants have benefited from and been unjustly enriched by their unlawful and unfair acts.

36.     On or about August 2, 2007, Plaintiff filed an administrative wage claim with the California Division of Labor Standards Enforcement ("DLSE"), the state agency charged with enforcing California's labor laws.

37.     Subsequently, the parties entered into a "Structured Negotiations Agreement" ("Tolling Agreement") that tolled the statutes of limitation with respect to any and all federal and state law claims that Plaintiff could assert against Defendants, as of August 14, 2007, for the purposes of facilitating settlement discussions.

38.     On February 12, 2008, Defendants provided Plaintiff with written notice by certified mail of their intent to terminate settlement discussions and the Tolling Agreement.

39.     Pursuant to the terms of the Tolling Agreement, the running of any applicable statutes of limitation with respect to Plaintiff's claims as alleged herein were tolled between August 14, 2007 and March 13, 2008.

40.     Additionally, pursuant to the doctrine of equitable tolling, any applicable statutes of limitation with respect to Plaintiff's claims under the California Labor Code ("Labor Code") have been tolled since she filed her administrative wage claim with DLSE.  Plaintiff provided timely notice to the Defendants when she filed her DLSE claim alleging wage and hour violations under the Labor Code; Defendants have not been prejudiced because the filing of the DLSE claim alerted Defendants to the Labor Code violations alleged in the instant action; and Plaintiff acted reasonably and in good faith when she awaited the outcome of settlement discussions prior to filing the instant action.

41.     Furthermore, Defendants failed to post and make available to Plaintiff the notice of

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                    7

rights pursuant to the FLSA as required under 29 C.F.R. § 516.4, and of California wage and hour laws as required under § 21 of the IWC Wage Order. As a result, Plaintiff was unaware of her actual rights under the law and unable to seek appropriate remedies, including the filing of a lawsuit, throughout her employment with Defendants. Any statutes of limitation relating to Plaintiff's FLSA and Labor Code claims were therefore suspended for the period of Plaintiff's employment with Defendants and for a reasonable time period following the termination of her employment.

## FIRST CLAIM FOR RELIEF
### [Failure to Pay Minimum Wage – FLSA, California Labor Code, and IWC Wage Order]

42.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.    The FLSA, Labor Code, and the IWC Wage Order applied to Plaintiff's employment with Defendants at all times relevant herein.

44.    Section 6 of the FLSA, 29 U.S.C. § 206, mandates that employers pay all employees engaged in commerce or in the production of goods for commerce not less than $5.15 per hour, effective September 1, 1997.

45.    Labor Code § 1197 and the IWC Wage Order § 4 mandate that an employer shall pay all employees the minimum wage of $6.75 per hour.

46.    At all times relevant herein, Defendants paid Plaintiff a fixed monthly wage that failed to pay Plaintiff the minimum wage for all her hours worked, in violation of the FLSA, the Labor Code, and the IWC Wage Order.

47.    Pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and Labor Code § 1194(a) and 1194.2(a), Plaintiff is entitled to recover her unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial.

48.    Under § 16(b) of the FLSA, 29 U.S.C. § 216(b), and Labor Code § 1194(a), Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### [Failure to Pay Overtime Wages – California Labor Code and IWC Wage Order]

49.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

1  48, inclusive, as though fully set forth herein.

2      50.    The Labor Code and the IWC Wage Order applied to Plaintiff's employment with
3  Defendants at all times relevant herein.

4      51.    Labor Code § 1198 and the IWC Wage Order § 3 (A) and (B) mandate that domestic
5  service "live-in" employees shall not be employed more than nine hours in any workday for the first
6  five workdays in any week unless they receive additional compensation beyond their regular wages
7  in amounts specified by law.  Such employees are entitled to overtime pay at not less than one and
8  one-half times the employee's regular rate of pay for all hours worked in excess of nine during the
9  first five workdays, or for the first nine hours on the sixth and seventh day of work in a workweek.
10  For the remaining hours worked in excess of nine hours on the sixth and seventh days of the
11  workweek, such employees are entitled to be paid double the employee's regular rate of pay.

12      52.    At all times relevant herein, Defendants paid Plaintiff a fixed monthly wage that
13  failed to compensate her at one and one-half times her regular rate of pay for her hours worked in
14  excess of nine hours per day during her first five workdays, or for her first nine hours on her sixth
15  and seventh consecutive days in a workweek.  Defendants also failed to pay Plaintiff at double her
16  regular rate of pay for all hours worked in excess of nine hours on the sixth and seventh days of the
17  workweek.  Defendants' denial of overtime and double time compensation to Plaintiff violated the
18  Labor Code and the IWC Wage Order, as set forth herein.

19      53.    Under Labor Code § 1194(a), Plaintiff is entitled to recover her unpaid overtime and
20  double time compensation, including interest thereon, in amounts to be proven at trial.

21      54.    Under Labor Code § 1194(a), Plaintiff is also entitled to recover reasonable attorneys'
22  fees and costs.

23                          **THIRD CLAIM FOR RELIEF**
24      **[Failure to Provide Meal Periods – California Labor Code and IWC Wage Order]**
25      55.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through
26  54, inclusive, as though fully set forth herein.

27      56.    The Labor Code and the IWC Wage Order applied to Plaintiff's employment with
28  Defendants at all times relevant herein.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                    9

1    57.    Labor Code § 512(a) and the IWC Wage Order § 11(A) and (B) require that

2  employers not employ any person for a work period of more than five hours without providing a

3  meal period of not less than 30 minutes, or for a work period of more than ten hours per day without

4  providing the employee with a second meal period of not less than thirty minutes.

5    58.    Under Labor Code § 226.7(b) and the IWC Wage Order § 11(D), an employer who

6  fails to provide an employee with a meal period in accordance with IWC Wage Order § 11(A) and

7  (B) is liable to the employee for premium pay equal to one hour's pay for each day that the employer

8  failed to provide any required meal period.

9    59.    At all times relevant herein, Defendants routinely employed Plaintiff for a work

10  period of more than ten hours per day without providing Plaintiff with two meal periods of not less

11  than thirty minutes and thereby violated the Labor Code and the IWC Wage Order as set forth herein.

12    60.    Pursuant to Labor Code § 226.7(b), Plaintiff is entitled to recover compensation, plus

13  interest thereon, in amounts to be proven at trial, for Defendants' failure to provide meal periods.

14    61.    Pursuant to Labor Code § 218.5, Plaintiff is also entitled to attorneys' fees and costs.

15                              **FOURTH CLAIM FOR RELIEF**

16  **[Failure to Provide Rest Periods – California Labor Code and IWC Wage Order]**

17    62.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

18  61, inclusive, as though fully set forth herein.

19    63.    The Labor Code and the IWC Wage Order applied to Plaintiff's employment with

20  Defendants at all times relevant herein.

21    64.    Section 12(A) of the IWC Wage Order requires that employers authorize and permit

22  all non-exempt employees to take rest periods, at the rate of ten minutes net rest time for every four

23  hours or major fraction of four hours worked.

24    65.    Under Labor Code § 226.7(b) and the IWC Wage Order § 12(B), an employer who

25  fails to authorize or permit any required rest period is liable to the employee for premium pay equal

26  to one hour's pay for each day that the employer failed to provide the rest period.

27    66.    At all times relevant herein, Defendants routinely failed to authorize or permit

28  Plaintiff to take rest periods as required by law and thereby violated the Labor Code and the IWC

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                    10

1 Wage Order, as set forth herein.

2 67. Pursuant to Labor Code § 226.7(b), Plaintiff is entitled to recover compensation, plus

3 interest thereon, in amounts to be proven at trial, for Defendants' failure to provide rest breaks.

4 68. In addition, Plaintiff is entitled to attorneys' fees and costs pursuant to Labor Code §

5 218.5.

6 ## FIFTH CLAIM FOR RELIEF

7 **[Failure to Furnish Wage and Hour Statements – California Labor Code]**

8 69. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

9 68, inclusive, as though fully set forth herein.

10 70. The Labor Code applied to Plaintiff's employment with Defendants at all times

11 relevant herein.

12 71. Labor Code § 226(a) requires that employers furnish each employee with an

13 itemized statement for each pay period showing, *inter alia*, total hours worked, all applicable hourly

14 rates in effect during the pay period, and the corresponding number of hours worked at each hourly

15 rate by the employee.

16 72. Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and

17 intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the

18 greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and

19 $100.00 per employee for each violation thereafter, not exceeding an aggregate penalty of $4,000.00.

20 73. At all times relevant herein, Defendants routinely failed to provide Plaintiff with

21 accurate itemized wage statements showing, *inter alia*, her total hours worked, all applicable hourly

22 rates in effect during the pay period, and the corresponding number of hours worked at each hourly

23 rate by the employee. As a result, Defendants violated the Labor Code, as set forth herein.

24 74. As part of Defendants' failure to provide Plaintiff with the foregoing information,

25 Plaintiff was not paid according to the law and was hindered in determining the amount of wages

26 actually owed to her by Defendants and in challenging her rate of pay.

27 75. Pursuant to Labor Code § 226(e), Plaintiff is entitled to the greater of actual damages

28 or penalties, in an amount to be proven at trial, plus attorneys' fees and costs.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES 11

1

## SIXTH CLAIM FOR RELIEF
### [Waiting Time Penalties – California Labor Code]

2

3

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, inclusive, as though fully set forth herein.

4

5

6

7

8

77.     Labor Code § 201 mandates that employers pay their employees all earned wages immediately upon discharge.  Furthermore, Labor Code § 203 authorizes an employee to recover penalties in an amount equal to the employee's wages for up to thirty days if an employer willfully fails to pay any wages earned and due to the employee at the time of the employee's separation from such employment.

9

78.     Defendants fired Plaintiff on or around September 11, 2006.

10

11

12

13

14

15

79.     At all relevant times, Defendants willfully failed to pay Plaintiff all minimum, overtime, and double time wages due as set forth in the Labor Code and the IWC Wage Order.  At all relevant times, Defendants willfully failed to provide Plaintiff with statutory compensation for missed meal and rest breaks as required by the Labor Code and the IWC Wage Order.  Defendants willfully failed to pay Plaintiff all wages owed to her immediately upon her discharge, and such earned wages remain unpaid, in violation of the Labor Code as set forth herein.

16

17

80.     Since her termination, Plaintiff has demanded that Defendants pay her owed wages. Defendants have refused and continue to refuse Plaintiff's demand.

18

19

81.     Pursuant to Labor Code § 203, Plaintiff is entitled to waiting time penalties in an amount equal to 30 days' wages, to be proven at trial.

20

## SEVENTH CLAIM FOR RELIEF

21

### [Unlawful and Unfair Business Practices – Cal. Business & Professions Code § 17200]

22

23

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, inclusive, as though fully set forth herein.

24

25

83.     Plaintiff brings this cause of action in her individual capacity pursuant to California Business and Professions Code §§17200 *et seq.*

26

27

84.     The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful and deleterious to Plaintiff and to the general public.

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                    12

85. Section 2 of the FLSA, 29 U.S.C. § 202, and Labor Code § 90.5(a) articulate the federal and state public policy to vigorously enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

86. Defendants have committed unlawful and/or unfair business practices, including but not limited to the following:

(a) Failure to pay minimum wage for all hours worked, in violation of § 6 of the FLSA, 29 U.S.C. § 206, Labor Code § 1197, and the IWC Wage Order § 4;

(b) Failure to pay overtime and double time premiums, in violation of Labor Code § 1198 and the IWC Wage Order § 3 (A) and (B);

(c) Failure to provide meal periods in violation of Labor Code §§ 512 and 226.7, and the IWC Wage Order § 11;

(d) Failure to provide rest periods in violation of Labor Code § 226.7 and the IWC Wage Order § 12;

(e) Failure to furnish accurate and complete itemized wage statements for each pay period in violation of Labor Code § 226; and

(f) Failure to promptly pay wages owed at discharge, in violation of Labor Code § 201.

87. Through the conduct alleged herein, Defendants have acted contrary to the FLSA, the Labor Code, and public policy, and have thus engaged in unlawful and/or unfair business practices in violation of Business and Professions Code §§ 17200 *et seq.,* depriving Plaintiff, all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under the law. As a result, Defendants have been unjustly enriched.

88. Defendants' unlawful and/or unfair acts have resulted in Plaintiff's injuries. As a direct and proximate result of Defendants' unlawful and/or unfair business acts and practices, Defendants have received and continue to maintain possession of funds that rightfully belong to Plaintiff.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES 13

1    89.   The victims of these unfair and unlawful business practices include, but are not

2   limited to, Plaintiff and the general public.  Plaintiff is informed and believes and thereupon alleges

3   that Defendants performed the above-mentioned acts to gain an unfair competitive advantage,

4   thereby injuring Plaintiff and the general public.

5    90.   Business and Professions Code §17203 provides that the Court may restore to an

6   aggrieved party any money or property acquired by means of unlawful or unfair business practices.

7   Therefore, Plaintiff requests restitution of all wages and compensation wrongfully retained by

8   Defendants in violation of the FLSA, the Labor Code, and the IWC Wage Order, as enumerated

9   herein.

10    91.   Furthermore, Plaintiff requests attorneys' fees and costs pursuant to California Code

11   of Civil Procedure § 1021.5 upon proof that Plaintiff has sought to enforce important rights affecting

12   the public interest.  All remedies are cumulative pursuant to Business and Professions Code § 17205.

13                           **DECLARATORY RELIEF ALLEGATIONS**

14    92.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

15   91, inclusive, as though fully set forth herein.

16    93.   A present and actual controversy exists between Plaintiff and Defendants concerning

17   their rights and respective duties.  Plaintiff contends that Defendants violated her rights under the

18   FLSA, the Labor Code, and the IWC Wage Order.  Plaintiff also contends that Defendants violated

19   California's laws against unfair and unlawful business practices, and that the general public has been

20   thereby injured.  Plaintiff is informed and believes, and thereon alleges, that Defendants deny these

21   allegations.  Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

22   Declaratory relief is therefore necessary and appropriate.

23

24                                  **PRAYER FOR RELIEF**

25    WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants

26   as follows:

27    1.   Declaratory relief, according to proof;

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                            14

<table>
<tbody>
<tr><td>1</td><td>2.</td><td>Unpaid minimum wages, according to proof;</td></tr>
</tbody>
</table>

2.    Unpaid minimum wages, according to proof;

3.    Unpaid overtime and double time premiums, according to proof;

4.    Unpaid compensation for failure to provide meal periods, according to proof;

5.    Unpaid compensation for failure to provide rest breaks, according to proof;

6.    Restitution of unpaid compensation, according to proof;

7.    Liquidated damages under 29 U.S.C. § 216(b) and Labor Code § 1194.2(a), in an amount equal to wages unlawfully unpaid;

8.    Statutory damages under Labor Code § 226(e) for failure to provide itemized pay statements, according to proof;

9.    Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

10.    General, compensatory, and special damages, according to proof;

11.    Interest accrued on Plaintiff's damages, including pre- and post-judgment interest, and an upward adjustment for inflation, under Labor Code §§ 1194 and 1194.2 (a) and Cal. Civ. Code § 3287;

12.    Reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor Code §§ 218.5, 226 (e), and 1194 (a), Cal. Code of Civ. Proc. §1021.5, and other laws; and

13.    Such other and further relief as this Court deems just and proper.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

1  Dated:  March 13, 2008                    Respectfully submitted,

2                                            Christina Chung
                                             Matthew Goldberg
3                                            Carole Vigne
                                             THE LEGAL AID SOCIETY –
4                                              EMPLOYMENT LAW CENTER

5                                            Hillary Ronen
                                             Rocio Avila
6                                            LA RAZA CENTRO LEGAL

7

8                          By:    _____
                                  Attorneys for Plaintiffs
9

10

11                              **JURY TRIAL DEMAND**

12         Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil

13  Procedure.

14

15

16  Dated:  March 13, 2008                    Respectfully submitted,

17                                            Christina Chung
                                             Matthew Goldberg
18                                            Carole Vigne
                                             THE LEGAL AID SOCIETY –
19                                              EMPLOYMENT LAW CENTER

20                                            Hillary Ronen
                                             Rocio Avila
21                                            LA RAZA CENTRO LEGAL

22

23                          By:    _____
                                  Attorneys for Plaintiffs
24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES                                    16

## CONSENT OF INDIVIDUAL EMPLOYEE
## TO BECOME PARTY PLAINTIFF IN ACTION
## UNDER § 16(b) OF FAIR LABOR STANDARDS ACT
[29 U.S.C. § 216]


To:     The Clerk of the Court and to each Party
        and to Counsel of record


I, **Vilma Serralta,** hereby consent to become a party plaintiff in the lawsuit entitled: *Serralta v. Sakhawat Khan and Roomy Khan*

Dated: 3 - 7 - 2008

_____
Signature

_____
Print Name


## DECLARATION OF TRANSLATOR

I, Carole Vigne _____, declare that I have translated the above document from English to Spanish for **Vilma Serralta** and witnessed her signature thereon.


Dated: 03/07/2008

_____
Signature