1  Christina Chung, State Bar No. 194630
   Matthew Goldberg, State Bar No. 240776
2  Carole Vigne, State Bar No. 251829
   THE LEGAL AID SOCIETY –
3    EMPLOYMENT LAW CENTER
   600 Harrison Street, Suite 120
4  San Francisco, CA 94107
   Telephone: (415) 864-8848
5  Facsimile: (415) 864-8199

6  Hillary Ronen, State Bar No. 228606
   Rocio Avila, State Bar No. 252719
7  LA RAZA CENTRO LEGAL, INC.
   474 Valencia Street, Suite 295
8  San Francisco, CA 94103
   Telephone: (415) 575-3500
9  Facsimile: (415) 255-7593

10 Attorneys for Plaintiff

11

12            **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

15 VILMA SERRALTA,                          ) No. C 08-01427 EDL
                                            )
16                                          )
                                            ) **PLAINTIFF'S NOTICE OF MOTION**
17                                          ) **AND MOTION FOR LEAVE TO**
                    Plaintiff,              ) **CONDUCT LIMITED EXPEDITED**
18                                          ) **DISCOVERY AND TO PERMIT ENTRY**
          v.                                ) **AND INSPECTION OF LAND AND**
19                                          ) **TANGIBLE THINGS**
                                            )
20 SAKHAWAT KHAN; ROOMY KHAN; and )
   DOES ONE through TEN, inclusive,         ) [Fed. R. Civ. P. 26(d) and 34(a)(2)]
21                                          )
                                            )
22                                          )
                    Defendants.             ) Honorable Elizabeth D. Laporte
23                                          ) Hearing Date: June 10, 2008 or TBD
                                            ) Time: 9 a.m.
24                                          ) Place: Courtroom E, 15th Floor
                                            )
25 _____ )

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..............................................................................................ii

**NOTICE**...................................................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES**.............................................2

    **I.**    **STATEMENT OF ISSUES** ................................................................2

    **II.**   **STATEMENT OF FACTS**.................................................................3

    **III.**  **PROCEDURAL HISTORY** ...............................................................3

    **IV.**  **ARGUMENT**......................................................................................4

          **A.**    **This Court May Exercise its Discretion to Order**
               **Limited Expedited Discovery for Entry on Land,**
               **Prior to the Rule 26(f) Meet and Confer**.................................................4

          **B.**    **Good Cause Exists for Ordering Limited Expedited**
               **Discovery Because Plaintiff's Compelling Need to**
               **Inspect Defendants' Property as Soon as Possible**
               **Substantially Outweighs Any Inconvenience to Defendants**..........................4

               1.     <u>Plaintiff requires expedited discovery because Defendants'</u>
                       <u>house is for sale and key physical evidence including tangible</u>
                       <u>items located inside may be destroyed, lost or transferred</u> .........................6

               2.     <u>Plaintiff requires Plaintiff's discovery requests are narrowly</u>
                         <u>tailored because they are limited in number and seek the production</u>
                         <u>of things that already exist</u>…………………………………………………...9

               3.     <u>Allowing Plaintiff to conduct expedited discovery will facilitate</u>
                         <u>case management by conserving party resources and moving the</u>
                         <u>case forward</u>. ............................................................................................10

               4.     <u>Defendants cannot demonstrate hardship or prejudice resulting</u>
                         <u>from expedited discovery that would outweigh Plaintiff's</u>
                         <u>countervailing need for it</u>…………………………………………………...11

    **V.**   **CONCLUSION** .................................................................................12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

## TABLE OF AUTHORITIES

### CASES

*Arista Records LLC v. Does 1-43*, 2007 WL 4538697 (S.D.Cal. 2007)...............................5, 6, 10

*Capitol Records, Inc. v. DOE*, 2007 WL 2429830 (S.D.Cal. 2007)..................................................5

*Cartwright v. Viking Industries, Inc.*, 2008 WL 413271 (E.D.Cal. 2008).......................................5

*In re Countrywide Financial Corp. Derivative Litigation*,

    2008 WL 852638 (C.D.Cal. 2008)........................................................................................5

*Interscope Records v. Does 1-14*, 2007 WL 2900210 (D.Kan. 2007)....................................5, 6, 7

*Invitrogen Corp. v. President and Fellows of Harvard College*,

    2007 WL 2915058 (S.D.Cal. 2007) ...................................................................................5, 9

*Johnson v. Mammoth Recreations*, 975 F.2d 604 (9th Cir. 1992) ...................................................5

*LaFace Records, LLC v. Does 1-5*, 2007 WL 2867351 (W.D.Mich. 2007)................................5, 7

*Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988)..................................................................... 4

*Magellan Group Inv., LLC v. First Indigenous Depository Co., LLC*,

    2005 WL 1629940 (N.D.Cal. 2005) ........................................................................... 5, 10

*Metal Building Components, L.P. v. Caperton*,

    2004 U.S. Dist. LEXIS 28854 (D.N.M. 2004) ........................................................... *passim*

*Monsanto Co. v. Woods*, 2008 WL 821717 (E.D.Mo. 2008) ............................................... *passim*

*Noble v. Kiewit Pacific Co.*, 2008 WL 413754 (N.D.Cal. 2008)................................................5, 8

*Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*,

    204 F.RD. 675 (D.Colo. 2002) ................................................................................... *passim*

*Semitool v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D.Cal. 2002)........................ *passim*

*UMG Recordings, Inc. v. DOES 1-4*, 2006 WL 1343597 (N.D.Cal. 2006)..................................5

*Wirtz v. Rosenthal*, 388 F.2d 290 (9th Cir. 1967).........................................................................5

*Yokahama Tire Corp. v. Dealers Tire Supply*, 202 F.R.D. 612 (D.Ariz. 2001) .............................5

### FEDERAL RULES

Fed.R.Civ.P. 1..................................................................................................................................4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

-iii-

Fed.R.Civ.P. 26(b)(1)...........................................................................................................5

Fed.R.Civ.P. 26(b)(2)...........................................................................................................4

Fed.R.Civ.P. 26(c) ...............................................................................................................5

Fed.R.Civ.P. 26(d) .......................................................................................................... *passim*

Fed.R.Civ.P. 26(f)........................................................................................................... *passim*

Fed.R.Civ.P. 34(a)(2)...................................................................................................1, 2, 4

Fed.R.Civ.P. 37 ....................................................................................................................2

**LOCAL RULES**

Civ.L.R. 37-1(a)...................................................................................................................2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1    TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that on June 10, 2008 at 9 a.m., or as soon as the Court may

3    hear this matter prior to the regularly-noticed hearing date of June 10, 2008, Plaintiff will and

4    hereby does move, pursuant to Federal Rules of Civil Procedure 26(d) and 34(a)(2), for an Order

5    Granting Leave to Conduct Limited Expedited Discovery and to Permit Entry and Inspection of

6    Land and Tangible Things.  The parties' Stipulation Requesting an Order Shortening Time on

7    the instant motion is filed concurrently herewith.

8          By this motion, Plaintiff seeks permission to initiate limited expedited discovery of

9    Defendants' property prior to the 26(f) conference of counsel.  Specifically, Plaintiff respectfully

10   requests an Order permitting entry onto Defendants' land located at 168 Isabella Avenue,

11   Atherton, California, by no later than July 1, 2008, for purposes of inspection, measurement,

12   photography, and videography of: (1) all interior rooms, hallways, and closets of the main

13   residence and guesthouse located on the land; (2) all tangible property located in the following

14   areas of the main residence and guesthouse:  kitchens, dining areas, reception hall, pantries, linen

15   closets, and wine closet; and (3) the exterior areas of said land, including the pool and patio

16   areas.

17          Plaintiff's Motion is based on this Notice of Motion, the attached Memorandum of Points

18   and Authorities, the Declaration in support thereof, and on any other matters that may be

19   presented at the hearing on this Motion.

20   DATED: May 6, 2008                    Respectfully submitted,

21                                        Christina Chung
                                          Matthew Goldberg
22                                        Carole Vigne
                                          The LEGAL AID SOCIETY
23                                          --EMPLOYMENT LAW CENTER

24
                                          Hillary Ronen
25                                        Rocio Avila
                                          LA RAZA CENTRO LEGAL, INC.
26

27                                        By /S/ CHRISTINA CHUNG
                                               CHRISTINA CHUNG
28                                        Attorneys for Plaintiff

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      STATEMENT OF ISSUES

This motion is a straightforward one.  In advance of the Rule 26(f) conference of counsel, Plaintiff seeks permission under Rules 26(d) and 34(a)(2) to enter and inspect the property of Defendants Sakhawat Khan and Roomy Khan, for one compelling reason: Defendants are currently attempting to sell their residence, where Plaintiff was employed by Defendants as a live-in domestic worker for over four years.  Complaint ("Compl.") ¶ 14; Declaration of Christina N. Chung ("Chung Decl.") ¶¶ 11, 13.  Good cause exists to grant Plaintiff's narrowly-tailored expedited requests to inspect Defendants' property and tangible items located thereon because Plaintiff's need for expedited discovery of key physical evidence in this case substantially outweighs any inconvenience such discovery may cause Defendants.

Specifically, Plaintiff respectfully requests an Order permitting entry onto Defendants' land located at 168 Isabella Avenue, Atherton, California, by no later than July 1, 2008, for purposes of inspection, measurement, photography, and videography of: (1) all interior rooms, hallways, and closets of the main residence and guesthouse located on the land; (2) all tangible property located in the following areas of the main residence and guesthouse:  kitchens, dining areas, reception hall, pantries, linen closets, and wine closet; and (3) the exterior areas of said land, including the pool and patio areas.

Conducting the proposed limited discovery as early in this case as possible would obviate any burden on or inconvenience to a third party should ownership of Defendants' property change hands, since an offer and acceptance could occur any day, on an unpredictable timeline; would enable Plaintiff to gather key evidence in support of her case before it is possibly lost, destroyed, or transferred to a bona fide purchaser who may deny access to the property; and would mitigate potential disputes over the extent to which Defendants' property may have been altered by Defendants since Plaintiff's employment there.  Thus, Plaintiff seeks leave to initiate limited expedited discovery of Defendants' property as soon as this Court may grant.

On May 1, 2, and 5, 2008, Plaintiff's counsel met and conferred with counsel for Defendants, pursuant to Fed.R.Civ.P. 37 and Civil L.R. 37-1(a).  Chung Decl. ¶¶ 4-10.  Though

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1   the parties were unable to reach an amicable resolution of this matter, an agreement was reached

2   to stipulate to an expedited briefing and hearing schedule on the motion.  Chung Decl. ¶ 10.

3                          II.      **STATEMENT OF FACTS**

4           Plaintiff was employed by Defendants as a live-in domestic worker to clean and maintain

5   their private residence located at 168 Isabella Avenue, in Atherton.  Complaint ("Compl.") ¶¶ 14,

6   16 [Docket No. 1.]  Plaintiff alleges that she typically worked more than 14 hours per day on

7   weekdays and up to 26 hours or more on weekends to perform substantial and myriad household

8   duties, including among other chores, cleaning numerous bedrooms, bathrooms and kitchens;

9   vacuuming, scrubbing, and/or mopping floors; dusting furniture; tidying the multiple rooms of

10  the main residence and guesthouse; laundering clothes and linens; organizing closets and

11  cupboards; washing windows; cleaning the patio and outdoor barbecue; hand-washing silverware

12  and dinner plates after elaborate parties; cooking and/or assisting in meal preparation; serving

13  breakfast, lunch, and dinner; attending to frequent house guests; and providing child care.

14  Compl. ¶¶ 14-16, 18-21, 23.

15          Defendants' residence is currently listed for sale, advertising its "prime" location on

16  "Atherton's most acclaimed street."  Compl. ¶ 17; Chung Decl. ¶ 11-12.  To assist with the sale

17  of their residence, Defendants have retained a realtor whose website states that she was

18  "ranked… as one of the Top 30 real estate agents in America" and has "successfully represented

19  home buyers and home sellers…for the past 18 years with over $1 billion in sales transactions."

20  Chung Decl. ¶ 13.

21                          III.     **PROCEDURAL HISTORY**

22          On or about August 2, 2007, Plaintiff filed an administrative wage claim against

23  Defendants with the California Division of Labor Standards Enforcement, the state agency

24  charged with enforcing California's labor laws.  Compl. ¶ 36.  Subsequently, the parties entered

25  into settlement discussions.  Compl. ¶ 37.  On February 12, 2008, Defendants informed Plaintiff

26  of their intent to terminate such discussions.  Compl. ¶ 38.

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

On March 13, 2008, Plaintiff filed the instant action under the federal Fair Labor Standards Act and cognate state laws, alleging that Defendants deprived Plaintiff of her most basic rights and protections by failing to pay her lawful wages.  Compl. ¶ 1-2, 14-41.

This Court issued an Order Setting the Initial Case Management Conference on June 17, 2008.  [Docket No. 4.]  The last day for the parties to meet and confer under Rule 26(f) is May 27, 2008.  The parties have not yet met and conferred under the Rule.  Chung Decl. ¶ 3.

## IV.   ARGUMENT

### A.   This Court May Exercise its Discretion to Order Limited Expedited Discovery for Entry on Land, Prior to the Rule 26(f) Meet and Confer.

Trial courts are accorded wide discretion in managing discovery.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); Fed.R.Civ.P. 26(b)(2) and 26(d).  Thus, although under Rule 26(d), parties are normally barred from engaging in discovery until the 26(f) conference has occurred, a court may order expedited discovery prior to the conference.  *See* Fed.R.Civ.P. 26(d).  Indeed, a court's broad discretion to grant expedited discovery flows from the fundamental mandate that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."  Fed.R.Civ.P. 1; *see also Semitool v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (discussing relationship between Rule 26(d) and Rule 1 and noting that Rule 26(d) requires courts to consider "the interests of justice").

Under Rule 34(a)(2), a party may request "entry upon designated land or other property…for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)."  Fed.R.Civ.P. 34(a)(2).

### B.   Good Cause Exists for Ordering Limited Expedited Discovery Because Plaintiff's Compelling Need to Inspect Defendants' Property as Soon as Possible Substantially Outweighs Any Inconvenience to Defendants.

Courts may permit expedited discovery before the Rule 26(f) meet and confer upon a showing of good cause.  In turn, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

4

1  responding party." *Semitool v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal.

2  2002) (adopting good cause standard and ordering expedited discovery to enter defendants'

3  premises for inspection, videotaping, and photography).  Following the seminal case of *Semitool*,

4  numerous courts in this Circuit and in other jurisdictions have consistently applied the good

5  cause standard to determine whether expedited discovery is warranted.[1]  *See, e.g., Noble v.*

6  *Kiewit Pacific Co.*, 2008 WL 413754 *1 (N.D.Cal. 2008) (citing *Semitool* and adopting its good

7  cause standard); *UMG Recordings, Inc. v. DOES 1-4*, 2006 WL 1343597 *1 (N.D.Cal. 2006)

8  (same); *Magellan Group Inv., LLC v. First Indigenous Depository Co., LLC*, 2005 WL 1629940

9  *2 (N.D.Cal. 2005) (same); *Cartwright v. Viking Industries, Inc.*, 2008 WL 413271 *3 (E.D. Cal.

10  2008) (same); *Invitrogen Corp. v. President and Fellows of Harvard College*, 2007 WL 2915058

11  *2 (S.D.Cal. 2007) (same); *Arista Records LLC v. Does 1-43*, 2007 WL 4538697 *1 (S.D.Cal.

12  2007) (same); *Capitol Records, Inc. v. DOE*, 2007 WL 2429830 *1 (S.D.Cal. 2007) (same); *In re*

13  *Countrywide Financial Corp. Derivative Litigation,* 2008 WL 852638 *13 (C.D.Cal. 2008)

14  (citing *Semitool* and stating that courts may permit expedited discovery upon a showing of good

15  cause); *Monsanto Co. v. Woods*, 2008 WL 821717 *2 (E.D.Mo. 2008) (citing *Semitool* and

16  adopting good cause standard to allow expedited discovery where the passage of time alone

17  could make it impossible to collect evidence); *Interscope Records v. Does 1-14*, 2007 WL

18  2900210 *1 (D. Kan. 2007) (applying good cause standard); *LaFace Records, LLC v. Does 1-5*,

19  2007 WL 2867351 *1 (W.D.Mich. 2007) (adopting good cause standard); *Metal Building*

20  *Components, L.P. v. Caperton*, 2004 U.S. Dist. LEXIS 28854 *9-10 (D.N.M. 2004) (adopting

21  good cause standard); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.,* 204 F.RD. 675,

22  676 (D.Colo. 2002) (ordering expedited discovery based on good cause where tangible property

23  to be inspected was a commodity subject to sale); *Yokahama Tire Corp. v. Dealers Tire Supply*,

24  202 F.R.D. 612, 614 (D. Ariz. 2001) (adopting good cause standard) (citing *Wirtz v. Rosenthal*,

25  388 F.2d 290 (9th Cir. 1967); *Johnson v. Mammoth Recreations*, 975 F.2d 604 (9th Cir. 1992)).

26

27
_____

28
[1] Indeed, it is also worth noting that other subsections of Rule 26 incorporate a "good cause" standard.  *See* Fed.R.Civ.P. 26(b)(1) (courts may order discovery of any relevant matter upon good cause); Fed.R.Civ.P. 26(c) (courts may issue a protective order upon good cause).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1    To determine whether good cause exists for granting expedited discovery, *Semitool*, its

2  progeny, and other courts have examined various factors, including: (1) the purpose of the

3  expedited discovery, including whether there is a risk that evidence may be destroyed, lost, or

4  transferred with the passage of time; (2) whether the discovery requested is narrowly tailored, as

5  opposed to "free-ranging" discovery for which defendants may not have sufficient time or

6  information to prepare; (3) whether accelerating the discovery will facilitate case management;

7  and (4) possible prejudice to or hardship on defendants, including factors such as how far in

8  advance the discovery is requested, whether sophisticated counsel has been retained, and whether

9  defendants have notice of the requested discovery such that they are not in danger of "unwarily

10 incriminating themselves." *See, e.g., Semitool*, 208 F.R.D. at 276-77; *Pod-Ners,* 204 F.RD. at

11 676; *Monsanto*, 2008 WL 821717 *2; *Metal Building Components*, 2004 U.S. Dist. LEXIS

12 28854 *10-13; *Arista Records*, 2007 WL 4538697 *1; *Interscope Records*, 2007 WL 2900210*1.

13   In the case at bar, because Plaintiff's need for narrowly tailored discovery requests to

14 inspect physical evidence central to this matter substantially outweighs any burden on

15 Defendants, Plaintiff easily satisfies the good cause standard.

16         1.    <u>Plaintiff requires expedited discovery because Defendants' house is for
               sale and key physical evidence including tangible items located inside may</u>

17             <u>be destroyed, lost or transferred.</u>

18

19   Plaintiff seeks expedited discovery in this case because of the risk that key physical

20 evidence possessed and controlled by Defendants may be transferred, destroyed, or lost – at

21 Defendants' sole discretion, before Plaintiff has had the opportunity to conduct discovery

22 according to normal procedures.  Indeed, courts have underscored the need to expedite discovery

23 where the *potential risk* of destruction, loss, or transfer of evidence existed, due to the *passage of*

24 *time alone*.  *See Monsanto*, 2008 WL 821717 *1-2; *Metal Building Components,* 2004 U.S. Dist.

25 LEXIS 28854 *4-5, 10-11; *Pod-Ners*, 204 F.R.D. at 676.  Underpinning the findings of good

26 cause in these cases was also the fact that the physical evidence at issue was a commodity that

27 could be sold or transferred to third parties.  *Id.*

28   In *Monsanto*, plaintiffs alleging patent infringement of crop seed technology sought

expedited access to defendant's land to collect samples "to minimize the *risk* of loss or

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1  destruction of the seed and crop residue that constitutes the physical evidence of infringement."

2  *Monsanto*, 2008 WL 821717 *1 (emphasis added).  The court underscored plaintiffs' allegation

3  that "as time passes, the likelihood of discovering evidence relevant to their claims will decrease,

4  due to intentional destruction or transfer of evidence by defendant, farming operations, or

5  unintentional factors…." *Id.* at *2.  In holding that good cause existed to order expedited

6  discovery, the court emphasized that  "the passage of time alone could make it impossible to

7  collect relevant evidence." *Id.*

8  Similarly, in *Metal Building Components*, the court granted expedited discovery for entry

9  on defendant's property to inspect, photograph, test and sample building products that allegedly

10  belonged to plaintiff.   2004 U.S. Dist. LEXIS 28854 *4-5.  Explaining that "[g]ood cause is

11  frequently found…when physical evidence may be consumed or destroyed with the passage of

12  time, thereby disadvantaging one or more parties to the litigation," the court noted that plaintiff

13  requested to inspect "physical goods which can be easily sold or otherwise disposed or

14  concealed." *Id.* at *10-11 (citing *Pod-Ners*).  *See also Pod-Ners*, 204 F.R.D. at 676 (granting

15  expedited discovery request to enter land of farmer and inspect beans planted thereon because

16  the beans "at issue are commodities and subject to sale, resale, and consumption or use with the

17  passage of time"); *Interscope Records*, 2007 WL 2900210 *1 (iterating that "[s]ufficient good

18  cause [for expedited discovery] can also exist 'where physical evidence may be consumed or

19  destroyed with the passage of time, thereby disadvantaging one or more parties to the

20  litigation'") (internal citation omitted).

21  In *Monsanto*, *Metal Building Components*, and *Pod-Ners*, expedited discovery was

22  ordered to allow plaintiffs to gather evidence even though any *actual* loss or destruction of the

23  physical evidence at issue could be no more than speculative – it was the *potential* for such loss

24  through the passage of time alone that was determinative.[2]

25

26

27  [2] Indeed, good cause has been found in other lines of cases where the *possibility* existed that key evidence would be lost or destroyed.  In music copyright infringement cases, courts have ordered expedited discovery where it was possible that internet service providers might delete or destroy

28  logs necessary to identify individuals who downloaded or distributed music files. *See, e.g., LaFace Records,* 2007 WL 2867351 *1 (summarizing cases).  One court found good cause to

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1    Likewise, here Plaintiff's expedited discovery is necessitated by the fact that Defendants'

2    residence in Atherton is a "commodity" currently on the market.  Compl. ¶ 17; Chung Decl. ¶

3    11-12.  As time passes, Plaintiff may be impeded in her ability to collect highly relevant

4    evidence from Defendants.  Advertised in real estate listings as located in the "prime Menlo-

5    Circus Club area" on "Atherton's most acclaimed street," Defendants' property could be

6    transferred to a third party, on an unpredictable timeline.  Chung Decl. ¶ 12.  Indeed, to sell their

7    property, Defendants have retained a top realtor whose website (located at

8    http://www.hannacb.com/) states that she was "ranked #1 of all agents in the Silicon Valley by

9    the Wall Street Journal and as one of the Top 30 real estate agents in America (in a list released

10   in 2007)"; ranked the "#1 top producer" in Coldwell Banker's Palo Alto offices in 2003; and

11   "successfully represented home buyers and home sellers in Atherton, Los Altos, Los Altos Hills,

12   Palo Alto, Portola Valley, Menlo Park, and Woodside for the past 18 years with over $1 billion

13   in sales transactions."  Chung Decl. ¶ 13.

14   Similarly, the tangible items located on Defendants' premises that Plaintiff requests for

15   inspection – limited to items located in the kitchens, dining areas, pantries, linen closets, wine

16   closet, and reception hall of the main residence and guesthouse – are also physical goods that

17   could be destroyed, sold, otherwise disposed of, or transferred to third parties.

18   Moreover, analogous to the property at issue in *Monsanto*, *Metal Building Components*,

19   and *Pod-Ners*, Defendants' real and tangible property at issue here indisputably constitute key

20   physical evidence that Plaintiff would be entitled to inspect during the normal course of

21   discovery.  As a live-in domestic worker employed by Defendants, Plaintiff alleges that she

22   typically worked more than 14 hours per day on weekdays and up to 26 hours or more on

23   weekends to perform substantial and myriad household duties, including among other chores,

24   cleaning numerous bedrooms, bathrooms and kitchens; vacuuming, scrubbing, and/or mopping

25   floors; dusting furniture; tidying the multiple rooms of the main residence and guesthouse;

26   laundering clothes and linens; organizing closets and cupboards; washing windows; cleaning the

27

28   expedite the deposition of a "key witness" whose health was deteriorating due to cancer and who
     "*may* not be available in the coming months."  *Noble*, 2008 WL 413754 *1 (emphasis added).

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

patio and outdoor barbecue; hand-washing silverware and dinner plates after elaborate parties;

cooking and/or assisting in meal preparation; serving breakfast, lunch, and dinner; attending to

frequent house guests; and providing child care.  Compl. ¶¶ 14-16, 18-21, 23.  The sheer size and

physical characteristics of Defendants' residence – described online as having six bedrooms, four

bathrooms, and a separate one-bedroom, two-bathroom guesthouse, and encompassing over

9,000 square feet on a 1.81 acre lot (Compl. ¶ 17) – dictated Plaintiff's housecleaning duties and

the long hours required of Plaintiff to maintain the property.  In other words, Defendants'

residence itself – and the tangible items located in it that Plaintiff regularly cleaned– constitute

actual physical evidence of the nature and extent of Plaintiff's work for Defendants.

　　　　Thus, Plaintiff's need for expedited discovery is substantial and compelling.  Through her

limited discovery requests, Plaintiff seeks not only to avoid any potential burden on or

inconvenience to a third party purchaser of Defendants' property, but also to facilitate Plaintiff's

ability to marshal key evidence in support of her case – before a third party buyer may attempt to

deny access to the property and physical evidence is otherwise lost, transferred, or destroyed

through the passage of time alone.

　　　　　　2.　　Plaintiff's discovery requests are narrowly tailored because they are limited in number and seek the production of things that already exist.

　　　　Good cause has been found where the expedited discovery is narrowly tailored, and

specifically where the request seeks existing physical evidence.  *See, e.g., Semitool,* 208 F.R.D.

at 277 (finding good cause where discovery requested was limited to "existing documents and a

physical inspection" and "entail[ed] not…a free ranging deposition for which… [d]efendants

may not have had sufficient time or information with which to prepare"); *Monsanto*, 2008 WL

821717 *2 (finding good cause where plaintiffs "narrowly tailored their request for expedited

discovery to a limited set of documents and physical samples"); *Pod-Ners,* 204 F.RD. at 676

(finding good cause where plaintiff's requests for expedited discovery were "reasonable in

scope" and plaintiff sought inspection of property and production of documents and things that

"already exist," as opposed to interrogatory answers).  *Cf. Invitrogen Corp.,* 2007 WL 2915058

*1, 4 (granting in part plaintiff's expedited discovery requests involving 31 document requests,

9

1    eight interrogatories, and a deposition notice enumerating 22 subjects for deposition, but limiting

2    such "overly burdensome" requests in scope and number); *Magellan Group Inv.*, 2005 WL

3    1629940 *2 (denying request for expedited discovery where plaintiff requested 30(b)(6)

4    deposition).

5           Here, Plaintiff's expedited discovery requests are narrowly tailored.  Rather than seeking

6    free-ranging information, as in the form of a deposition or interrogatories for which Defendants

7    may need more information or time to prepare, Plaintiff simply makes three limited requests for

8    production and inspection of existing physical evidence in Defendants' sole possession: (1)

9    interior rooms, hallways, and closets of Defendants' property; (2) exterior areas of the property,

10   including the pool and patio areas; and (3) tangible items located in select areas of the property.

11   Moreover, as discussed *supra*, the expedited discovery sought by Plaintiff, which constitutes

12   physical evidence of the work she performed for Defendants, is that which she would be entitled

13   to request in the normal course of discovery.

                    3.      <u>Allowing Plaintiff to conduct expedited discovery will facilitate case</u>
14
                            <u>management by conserving party resources and moving the case forward.</u>
15

16          In determining good cause, courts have also considered whether expediting discovery

17   will benefit the administration of justice by facilitating overall case management, including

18   moving the case forward.  *See, e.g., Semitool,* 208 F.R.D. at 276, 277 (stating that the "timing of

19   discovery prescribed by Rule 26(d) focuses…on orderly case management" and weighing as part

20   of finding good cause the benefit that plaintiff's discovery would conserve resources and move

21   the case forward); *Arista Records*, 2007 WL 4538697 *1 (finding that expedited discovery would

22   contribute to moving the case forward where discovery would help plaintiffs identify Doe

23   defendants).

24          Plaintiff seeks limited expedited discovery that would facilitate overall case management.

25   First, expedited discovery would help ensure that Plaintiff has access to discoverable information

26   before a third party buyer may tie up Defendants' property, a situation which would only muddy

27   and protract this litigation.  Second, during the meet and confer on this issue, Plaintiff's counsel

28   was informed that Defendants would be willing to provide notice of the sale of the house, but

     would not allow Plaintiff to enter their premises to inspect and videograph it at any point.  Chung

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1  Decl. ¶¶ 5, 8.  As a result, delaying Plaintiff's ability to conduct the requested discovery by three
2  weeks, until May 27 – the last day to meet and confer under Rule 26(f) – would serve no purpose
3  but to delay resolution of a significant discovery dispute that the parties have already discussed.
4  Therefore, coupled with the fact that Plaintiff's requests are narrowly tailored to seek physical
5  evidence central to this case, allowing such discovery now would only contribute substantially to
6  moving the case forward – and ultimately conserve party and judicial resources.

7              4.      <u>Defendants cannot demonstrate hardship or prejudice resulting from
                        expedited discovery that would outweigh Plaintiff's countervailing need
8                       for it.</u>
9
          When weighing possible prejudice to defendants in an expedited discovery request,
10  courts have examined factors including how far in advance the discovery is requested; the type
11  and relevance of the discovery requested; whether counsel has been retained; whether defense
12  counsel is sophisticated; and whether defendants have some notice of the requested discovery,
13  such that defendants are not in danger of "unwarily incriminating themselves."  *See, e.g.,*
14  *Semitool*, 208 F.R.D. at 276-77; *Pod-Ners*, 204 F.RD. at 676; *Metal Building Components*, 2004
15  U.S. Dist. LEXIS 28854 *12.

16          In *Semitool*, the court found no prejudice or hardship on defendants where plaintiff was
17  only proposing to expedite discovery by a "modest amount of time," approximately three weeks
18  ahead of the date by which the parties were to meet and confer under Rule 26(f); defendants
19  were represented by "sophisticated counsel"; defendants had notice that plaintiff was seeking the
20  information due to pre-litigation requests made by plaintiff and notice of the instant motion;
21  plaintiff's requests for production of documents and inspection of defendants' premises were
22  clearly relevant; and the requests were narrowly tailored.  208 F.R.D. at 276-77.  *See also Pod-*
23  *Ners,* 204 F.RD. at 676 (finding good cause where defendants had retained counsel and stating
24  that the type of discovery sought, the production of existing documents and things, "cannot result
25  in the defendants 'unwarily' incriminating themselves"); *Metal Building Components*, 2004 U.S.
26  Dist. LEXIS 28854 *12 (finding no prejudice where the requested expedited discovery was
27  relevant, defendant was represented by counsel, and there was "no concern" that defendant
28  would therefore "unwarily incriminate" himself).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY

1    In the case at bar, Defendants cannot claim any prejudice or hardship that outweighs

2   Plaintiff's demonstrated need for expedited discovery.  As in *Semitool*, Plaintiff has proposed to

3   accelerate discovery by a modest three weeks before May 27, the last date to meet and confer

4   under Rule 26(f).  Defendants in this case, who are represented by sophisticated counsel, have

5   been aware for nine months since the filing of Plaintiff's administrative wage claim on or around

6   August 2, 2007, as well as the subsequent settlement discussions, of Plaintiff's claims against

7   them (Compl. ¶¶ 36-37) – and cannot credibly profess surprise at the fact that their residence

8   where Plaintiff lived and worked is central to this dispute.  Moreover, as discussed *supra*,

9   Plaintiff's requests are narrowly tailored in seeking inspection of limited tangible items and

10  property, as opposed to a deposition or interrogatory answers that Defendants may need more

11  time to prepare.  Due to all of the foregoing, there is no danger that Defendants may "unwarily

12  incriminate themselves."  Finally, Plaintiff would be amenable to scheduling a date and time for

13  inspection that minimizes any potential inconvenience to Defendants, including the possibility

14  that the inspection could take place on a weekend if Defendants prefer.  *See* Chung Decl. ¶ 14.

### V.  CONCLUSION

16    For the reasons submitted herein, Plaintiff respectfully requests leave to conduct limited

17  expedited discovery, as set forth in the [Proposed] Order (filed concurrently herewith).

18

19  DATED: May 6, 2008                    Respectfully submitted,

20                                        Christina Chung
                                          Matthew Goldberg
21                                        Carole Vigne
                                          The LEGAL AID SOCIETY
22                                          --EMPLOYMENT LAW CENTER

23                                        Hillary Ronen
                                          Rocio Avila
24                                        LA RAZA CENTRO LEGAL, INC.

25

26                                        By /S/ CHRISTINA CHUNG
                                             CHRISTINA CHUNG
27

28                                        Attorneys for Plaintiff


12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY