Christina Chung, State Bar No. 194630
Matthew Goldberg, State Bar No. 240776
Carole Vigne, State Bar No. 251829
THE LEGAL AID SOCIETY –
  EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Hillary Ronen, State Bar No. 228606
Rocio Avila, State Bar No. 252719
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, Suite 295
San Francisco, CA 94103
Telephone: (415) 575-3500
Facsimile: (415) 255-7593

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA, | No. C 08-01427 EDL |
| Plaintiff, | **DECLARATION OF CHRISTINA N. CHUNG IN SUPPORT OF STIPULATED REQUEST FOR AN ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY AND TO PERMIT ENTRY AND INSPECTION OF LAND AND TANGIBLE THINGS** |
| v. | |
| SAKHAWAT KHAN; ROOMY KHAN; and DOES ONE through TEN, inclusive, | |
| Defendants. | [Civ.L.R. 6-2] |
| | Honorable Elizabeth D. Laporte |
| | Hearing Date: N/A |
| | Time: N/A |

1

I, CHRISTINA N. CHUNG, declare:

1.  I am an attorney at the Legal Aid Society – Employment Law Center and am duly licensed to practice before this Court. I am one of the attorneys for the Plaintiff in the case, *Serralta v. Khan*, Case No. C 08-01427 EDL. I make this declaration in support of the parties' Stipulated Request for an Order Shortening Time on Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery and to Permit Entry and Inspection of Land and Tangible Things. I make this declaration based on my personal knowledge. If called as a witness, I could and would testify thereto.

2.  This Court issued an Order Setting the Initial Case Management Conference on June 17, 2008. The last day for the parties to meet and confer under Federal Rule of Civil Procedure 26(f) is May 27, 2008.

3.  The parties have not yet met and conferred under Rule 26(f).

4.  On May 1, 2008, I met and conferred with Elizabeth Tippett, of Wilson, Sonsini, Goodrich & Rosati, pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1(a). During our conversation, I informed Ms. Tippett of Plaintiff's request to conduct limited expedited discovery through on-site inspection and videography of Defendants' property located at 168 Isabella Avenue, Atherton, California, including the rooms, closets, and limited items located on the property. I also explained Plaintiff's position that initiating such limited discovery prior to the Rule 26(f) conference was necessitated by the fact that Defendants' property is listed for sale, and it was unpredictable whether the property would be sold to a third party before Plaintiff could conduct an on-site inspection according to the normal discovery procedures and timeline. Consequently, I requested a stipulation to allow Plaintiff to conduct such limited expedited discovery. I also requested a stipulation to expedite the briefing and hearing schedule on a motion for expedited discovery, should the parties be unable to resolve this matter short of a motion.

5.  During our conversation on May 1, Ms. Tippett informed me that she did not see why Plaintiff was requesting this discovery and that she believed her clients would not agree to an inspection of their property, but that she would contact them to discuss the matter. I

2

explained Plaintiff's position that Defendants' property, where Plaintiff lived and worked for Defendants, was the key piece of physical evidence in this case.

6. On May 2, 2008, Ms. Tippett sent me an e-mail informing me that she had not yet reached Defendants but that she had no reason to believe their house was in escrow or its sale was imminent.

7. On May 2, I emailed Ms. Tippett in response. I informed Ms. Tippett that Plaintiff's concern was not limited to whether the house was in escrow or its sale was imminent, but that the situation remained exigent due to the lack of predictability as to when any buyer could submit an offer that Defendants would accept. As a compromise to resolve this matter short of a motion, I proposed that the parties stipulate that: (a) Defendants neither have any outstanding offers to purchase their property, nor have plans to make alterations to its physical structure within the next 5 months; and (b) should these circumstances change and Defendants either receive and consider an offer on their property or decide to make alterations to its physical structure at any time before Plaintiff has had the opportunity to inspect it, Plaintiff would be immediately informed of any such development and be allowed immediate entry to conduct an on-site inspection.

8. On May 5, 2008, Ms. Tippett informed me that Defendants were amenable to a stipulation whereby they would alert Plaintiff within 72 hours of any accepted offer on their residence or any planned alterations to the physical structure of the house. However, Ms. Tippett also informed me that Defendants would not stipulate to Plaintiff's request that she be allowed entry to inspect and videograph Defendants' residence, either upon 72 hours' notice of an accepted offer or otherwise.

9. On May 5, I informed Ms. Tippett that providing 72 hours' notice of an accepted offer without also granting entry for inspection did not address Plaintiff's larger concern that once an offer is accepted, Defendants' property may be tied up in the hands of a third party, and sold and transferred before Plaintiff could conduct an on-site inspection according to the normal discovery procedures and timeline.

10.     On May 5, I renewed my request with Ms. Tippett that the parties endeavor to agree on a shortened hearing and briefing schedule on a motion for expedited discovery, since the parties could not resolve this matter short of such a motion, and to obviate the need of a motion for an order shortening time. In the interest of resolving this dispute expeditiously, Ms. Tippett and I reached an agreement to enter into a Stipulated Request for an Order Shortening Time.

11.     On May 5, I checked the Internet to see if the Defendants' residence is still on the market. It is currently listed for sale at $15.5 million on various web pages, including Coldwell Banker and Trulia, available at:

http://www.californiamoves.com/property/propertydetails.aspx?propertyguid=afcad682-cc4d-4622-b7f1-b04bd470d37e&WT.mc_ID=201810000000000; and

http://www.trulia.com/property/1036396766-168-Isabella-Ave-Atherton-CA-94027.

12.     During an Internet search, I located the web page of Hanna Shacham (at http://www.hannacb.com/), the Coldwell Banker realtor retained by Defendants to sell their residence. Ms. Shacham's web page states that she was "ranked #1 of all agents in the Silicon Valley by the Wall Street Journal and as one of the Top 30 real estate agents in America (in a list released in 2007)"; ranked the "#1 top producer" in Coldwell Banker's Palo Alto offices in 2003; and "successfully represented home buyers and home sellers in Atherton, Los Altos, Los Altos Hills, Palo Alto, Portola Valley, Menlo Park, and Woodside for the past 18 years with over $1 billion in sales transactions."

I declare, under penalty of perjury under the laws of California and the United States, that the foregoing is true and correct. Executed this 6th day of May 2008 in San Francisco, California.

/S/Christina Chung
CHRISTINA CHUNG