1  ULRICO S. ROSALES, State Bar No. 139809
   ELIZABETH C. TIPPETT, State Bar No. 247792
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  Email: urosales@wsgr.com, etippett@wsgr.com

6  Attorneys for Defendants
   SAKHAWAT KHAN and ROOMY KHAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA, | CASE NO.: C 08-01427 EDL |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF VILMA SERRALTA'S COMPLAINT** |
| v. | |
| SAKHAWAT KHAN, ROOMY KHAN And DOES ONE through TEN, inclusive, | |
| Defendants. | |

Defendants SAKHAWAT KHAN and ROOMY KHAN (collectively "Defendants"), by and through their attorneys, hereby answer the Complaint filed by VILMA SERRALTA ("Plaintiff") as follows:

**INTRODUCTION**

1. The Fair Labor Standards Act ("FLSA") speaks for itself and, except as so stated, Defendants deny the allegations of paragraph 1.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff is seeking declaratory relief and damages. Except as so admitted, Defendants deny the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Defendants admit that jurisdiction and venue in this Court is proper. Except as so admitted, Defendants deny the allegations in paragraph 4.

## PARTIES

5. Defendants admit that they employed Plaintiff in San Mateo County, and state that they are without knowledge or information sufficient to form a belief as to whether Plaintiff is 69 years old or a resident of San Mateo County, California. Except as so admitted and stated, Defendants deny the allegations in paragraph 5.

6. Defendant Sakhawat Khan admits that he resides in San Mateo County, California and that he employed Plaintiff. Except as so admitted, Defendants deny the allegations in paragraph 6.

7. Defendant Roomy Khan admits that she resides in San Mateo County, California and that she employed Plaintiff. Except as so admitted, Defendants deny the allegations in paragraph 7.

8. Defendants admit that Plaintiff alleges the existence of certain Doe defendants in this action. Except as so admitted, Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. To the extent that paragraph 10 sets forth factual allegations to which a response is required, Defendants deny the allegations.

11. Defendants admit that they employed Plaintiff. Except as so admitted, Defendants deny the allegations in paragraph 11.

12. Defendants admit that they employed Plaintiff. Except as so admitted and stated, Defendants deny the allegations in paragraph 12.

13. To the extent that paragraph 13 of the Complaint sets forth factual allegations to which a response is required, Defendants deny the allegations.

**FACTUAL ALLEGATIONS**

14. Defendants admit that they employed Plaintiff as a domestic worker in their home, and that she lived in their home during the period beginning on or about July 8, 2002 and ending September 11, 2006. Except as so admitted, Defendants deny the allegations in paragraph 14.

15. Defendants admit that they employed Plaintiff. Except as so admitted and stated, Defendants deny the allegations in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants state that the online listing to which Plaintiff refers speaks for itself, and except as so stated, Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants admit that Plaintiff provided child care for Defendants' child on weekdays, which at times included waking her to get ready for school, and putting her to bed at night. Except as so admitted and stated, Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants admit that there was no written agreement to credit Plaintiff's lodging or meals against the minimum wage. Defendants deny that there was no agreement to credit Plaintiff's lodging or meals against the minimum wage. Except as so admitted and stated, Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants admit that they did not keep contemporaneous time records of Plaintiff's hours worked. Except as so admitted, Defendants deny the allegations contained in paragraph 29.

30. Defendants admit that they did not provide Plaintiff accurate itemized wage statements at the time they paid Plaintiff her wages.  Except as so admitted, Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants admit the allegations contained in paragraph 29.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants admit that Plaintiff has demanded the payment of certain wages owed. Except as so admitted, Defendants deny the allegations contained in paragraph paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.  Except as so stated, Defendants deny the allegations contained in paragraph 36.

37. Defendants admit the allegations contained in paragraph 37.

38. Defendants admit the allegations contained in paragraph 38.

39. Defendants admit the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants admit that they did not post any notice of rights in their home.  Except as so admitted, Defendants deny the allegations in paragraph 41.

## FIRST CLAIM FOR RELIEF

42. Defendants herein incorporate by reference their responses to paragraphs 1 through 41.

43. Defendants admit the allegations contained in paragraph 43.

44. Section 6 of the FLSA speaks for itself and, except as so stated, Defendants deny the allegations of Paragraph 44.

45. Labor Code § 1197 and the IWC Wage Order § 4 speak for themselves, and except as so stated, Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

## SECOND CLAIM FOR RELIEF

49. Defendants herein incorporate by reference their responses to paragraphs 1 through 48.

50. Defendants admit the allegations in paragraph 50.

51. Labor Code § 1198 and the IWC Wage Order § 3 speak for themselves, and except as so stated, Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

## THIRD CLAIM FOR RELIEF

55. Defendants herein incorporate by reference their responses to paragraphs 1 through 54.

56. Defendants admit the allegations in paragraph 56.

57. Labor Code § 512 and the IWC Wage Order § 11 speak for themselves, and except as so stated, Defendants deny the allegations of paragraph 57.

58. Labor Code § 226 and the IWC Wage Order § 11 speak for themselves, and except as so stated, Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations contained in paragraph 59.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61.

## FOURTH CLAIM FOR RELIEF

62. Defendants herein incorporate by reference their responses to paragraphs 1 through 61.

63. Defendants admit the allegations contained in paragraph 63.

64. The IWC Wage Order § 12 speaks for itself, and except as so stated, Defendants deny the allegations of paragraph 64.

65. Labor Code § 226.7 and the IWC Wage Order § 12 speak for themselves, and except as so stated, Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

## FIFTH CLAIM FOR RELIEF

69. Defendants herein incorporate by reference their responses to paragraphs 1 through 68.

70. Defendants admit the allegations contained in paragraph 70.

71. Labor Code § 226 speaks for itself, and except as so stated, Defendants deny the allegations of paragraph 71.

72. Labor Code § 226 speaks for itself, and except as so stated, Defendants deny the allegations of Paragraph 72.

73. Defendants admit that they did not provide Plaintiff accurate itemized wage statements at the time it paid Plaintiff her wages. Except as so admitted, Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants deny the allegations contained in paragraph 75.

## SIXTH CLAIM FOR RELIEF

76. Defendants herein incorporate by reference their responses to paragraphs 1 through 75.

77. Labor Code § 201 speaks for itself, and except as so stated, Defendants deny the allegations of paragraph 77.

78. Defendants admit the allegations contained in paragraph 78.

79. Defendants deny the allegations contained in paragraph 79.

80. Defendants admit that Plaintiff has demanded payment of amounts alleged to be owed and that Defendants have disputed that they owe the alleged amounts owed. Except as so admitted, Defendants deny the allegations contained in paragraph 80.

1    81. Defendants deny the allegations contained in paragraph 81.

## SEVENTH CLAIM FOR RELIEF

82. Defendants herein incorporate by reference their responses to paragraphs 1 through 81.

83. Business and Professions Code § 17200 *et seq* speaks for itself, and except as so stated, Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations contained in paragraph 84.

85. Section 2 of the FLSA, 29 U.S.C. § 202, and Labor Code § 90.5 speak for themselves, and except as so stated, Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations contained in paragraph 86.

87. Defendants deny the allegations contained in paragraph 87.

88. Defendants deny the allegations contained in paragraph 88.

89. Defendants deny the allegations contained in paragraph 89.

90. Business and Professions Code § 17203 speaks for itself, and except as so stated, Defendants deny the allegations of paragraph 90.

91. Defendants admit that Plaintiff alleges she is entitled to attorneys' fees and costs. Except as so admitted, Defendants deny the allegations contained in paragraph 91.

## DECLARATORY RELIEF ALLEGATIONS

92. Defendants herein incorporate by reference their responses to paragraphs 1 through 91.

93. Defendants admit that a present and actual controversy exists between Plaintiff and Defendants as to the Causes of Action Plaintiff has asserted in Plaintiff's Complaint. Defendants herein incorporate by reference their responses to paragraphs 1 through 91. Except as so admitted and stated, Defendants deny the allegations of Paragraph 93.

## PRAYER FOR RELIEF

Defendants deny they acted in any manner that would entitle Plaintiff to damages of any kind. Defendants further deny that Plaintiff is entitled to any relief or any of the relief she seeks.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing answers, Defendants assert the following separate affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

This Complaint, and the purported claims and causes of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant acted in good faith and had reasonable grounds for believing their actions did not violate the FLSA or applicable California law.

### THIRD AFFIRMATIVE DEFENSE

Defendants allege that, should it be determined that Plaintiff has been damaged, that said damages were proximately caused by Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

Defendants currently have insufficient knowledge and information on which to form a belief as to whether they may have additional, as yet unstated defenses available. Defendants reserve herein the right to assert additional affirmative defenses in the event discovery indicates that such defenses would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff and that Plaintiff's action be dismissed in its entirety;
3. For costs incurred herein;
4. For reasonable attorneys' fees incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of May, 2008.

Dated: May 13, 2008        WILSON SONSINI GOODRICH & ROSATI
                           Professional Corporation


                           By:   /s/ Elizabeth Tippett
                                 Elizabeth C. Tippett
                                 etippett@wsgr.com

                           Attorneys for Defendants
                           SAKHAWAT KHAN and ROOMY KHAN