ULRICO S. ROSALES, State Bar No. 139809
ELIZABETH C. TIPPETT, State Bar No. 247792
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: urosales@wsgr.com, etippett@wsgr.com

Attorneys for Defendants
SAKHAWAT KHAN and ROOMY KHAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA,<br><br>       Plaintiff,<br><br>   v.<br><br>SAKHAWAT KHAN, ROOMY KHAN<br>And DOES ONE through TEN, inclusive,<br><br>       Defendants. | CASE NO.: CV 08 1427 EDL<br><br>**DEFENDANTS' OPPOSITION TO VILMA SERRALTA'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY AND TO PERMIT ENTRY AND INSPECTION OF LAND AND TANGIBLE THINGS**<br><br>Honorable Elizabeth D. Laporte<br>Hearing Date: May 28, 2008<br>Time: 2:30 p.m.<br>Place: Courtroom E, 15th Floor |

Defendants Sakhawat Khan and Roomy Khan ("Defendants") hereby submit their Opposition to Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery and to Permit Entry and Inspection of Land and Tangible Things.

**I.   INTRODUCTION**

This motion is totally unnecessary and brought in bad faith. It is brought for one reason only – to harass the Defendants who the Plaintiff believes are not entitled to the same treatment under the discovery rules because they own a big house in Atherton. As set forth below, the discovery rules are not so capricious as the Plaintiff believes them to be.

1  Plaintiff brings this motion for "inspection, measurement, photography, and
2 videography" of both the interior and exterior Plaintiff's home during the discovery moratorium
3 mandated by Federal Rule of Civil Procedure 26(d). Plaintiff's theory of the case is apparently
4 that the sheer size of Defendants' home must mean that she worked the overtime she alleges.
5 Regardless, Plaintiff contends the need for discovery is exigent because of the possible sale of
6 Defendants' home. Plaintiff brings this motion, however, despite Defendants' assurances that
7 their home is not under contract for sale. Even after Defendants offered to stipulate that they
8 would notify Plaintiffs within 72 hours of the acceptance of any offer on their home, Plaintiff
9 still insisted on bringing this motion. In light of the purely hypothetical nature of Plaintiff's
10 exigency argument, Plaintiff's motion for expedited discovery should be denied.

11  Moreover, Plaintiff's proposed inspection, measurement, photography and videography
12 of the interior and exterior of Defendant's home, including "pantries, linen closets, and wine
13 closets", will certainly cause annoyance and embarrassment to Defendants without leading to the
14 discovery of admissible evidence. The contents of Defendants' pantries and wine closet reveal
15 nothing about whether Defendants complied with federal and state wage and hour laws.
16 Plaintiffs have already suffered embarrassment and inconvenience as a result of a protest held at
17 their home, organized and orchestrated by Plaintiff's counsel and heavily covered by local
18 media. An inspection and videotaping of their home, will only exacerbate their embarrassment
19 in front of their neighbors, and represent an invasion into their private space. In light of the clear
20 lack of exigency and the irrelevant but invasive nature of the request, Defendants are concerned
21 that this motion represents an attempt to harass them rather than engage in good faith discovery
22 negotiations, along the timeline set forth in the Federal Rules and the Order Setting Initial Case
23 Management Conference and ADR Deadlines ("Case Schedule"). In short, as set fort below, no
24 circumstances exist here to warrant the discovery sought and Plaintiff's motion should be denied.

25 **II.   STATEMENT OF FACTS**

26  Defendants employed Plaintiff as a domestic employee in their home from approximately
27 July 8, 2002 to September 11, 2006. Answer ¶ 14. Plaintiff lived in their home during this

28 DEFENDANTS' OPP. TO SERRALTA'S MTN. FOR LEAVE       -2-       3359484_4.DOC
   TO CONDUCT LTD. EXPEDITED DISCOVERY AND TO PERMIT
   ENTRY AND INSPEC. OF LAND AND TANG. THINGS
   CASE NO: CV-08-1427 EDL

1  period.  Answer ¶ 14.  Plaintiff subsequently brought a claim with the Labor Commissioner.
2  Defendants agreed to enter into a tolling agreement to facilitate settlement discussions.
3  Settlement negotiations were, however, unsuccessful.

4  On March 13, 2008, over two months ago, Plaintiff filed a Complaint asserting wage and
5  hour violations.  That same day, Plaintiff held a protest in front of Defendants home, which was
6  covered by local newspapers and television stations. Declaration of Sakhawat Khan ("Khan
7  Decl.") ¶¶ 6-7; Declaration of Elizabeth Tippett ("Tippett Decl.") ¶¶ 2-3.  Local news stations
8  covered the protest, showing aerial footage of Defendants' home, as well as pictures of the
9  interior of Defendants' home. Khan Decl. ¶ 7; Tippett Decl. ¶ 6.  The pictures of the interior of
10 Defendants' home were obtained from the real estate listing for the home, via an internet address
11 included in Plaintiff's Complaint. Khan Decl. ¶ 8; Tippett Decl. ¶ 6.

12 The Federal Rule of Civil Procedure 26(f) meet and confer deadline is May 27, 2008.
13 See Case Schedule.  On May 1, 2008 Plaintiff's counsel informed Defendants' counsel that
14 Plaintiff desired a stipulation to enter and videotape Defendants' home as Plaintiff believed the
15 sale of Defendants' home was imminent. Tippett Decl. ¶ 7.  Plaintiff's counsel stated that
16 Plaintiff would file a motion for expedited discovery if Defendants did not agree to the
17 stipulation. Tippett Decl. ¶ 7.  Defendants' counsel responded via email that she had no reason to
18 believe a sale was imminent, but that she would confirm that fact with her client. Tippett Decl. ¶
19 8.

20 Subsequently, Defendants offered to enter into a stipulation whereby Defendants would
21 notify Plaintiff within 72 hours of any acceptance of any offer to purchase their home.  Tippett
22 Decl. ¶ 9.  Defendants also offered to notify Plaintiff of any plans to change the structure of the
23 home, as that was one of Plaintiff's stated concerns.  Tippett Decl. ¶ 9.  Finally, Defendants
24 communicated to Plaintiff's counsel that Defendants had not entered into a contract for the sale
25 of their home.  Tippett Decl. ¶ 9.  Defendants reasonably believed this alleviated any concern
26 Plaintiff had regarding the sale of Defendants' home, deferring the discovery issue until the
27 proper stage of proceedings, or until a sale was truly imminent.  They were mistaken.

28 DEFENDANTS' OPP. TO SERRALTA'S MTN. FOR LEAVE         -3-                                    3359484_4.DOC
   TO CONDUCT LTD. EXPEDITED DISCOVERY AND TO PERMIT
   ENTRY AND INSPEC. OF LAND AND TANG. THINGS
   CASE NO: CV-08-1427 EDL

Plaintiffs filed a motion for leave to conduct expedited discovery on May 6, 2008. As a gesture of good faith, Defendants agreed to an abbreviated briefing and hearing schedule. Tippett Decl. ¶ 10.

Defendants originally put their home on the market in 2006. Khan Decl. ¶ 3. As of the date of filing, Defendants are not currently considering an offer on their home, nor have they entered into a contract for sale of the home. Khan Decl. ¶ 4. Defendants have not received an offer on their home since 2007. Khan Decl. ¶ 4. The sale of their home is not imminent.

## III. ARGUMENT

### A. Plaintiff Fails To Establish Good Cause Absent Exigent Circumstances Regarding Defendants' Home.

Federal Rule of Civil Procedure 26(d) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . except . . . by court order." Although the parties have met and conferred with respect to Plaintiff's intention to file this Motion for Expedited Discovery, the parties have not yet held a Fed. R. Civ. P. 26(f) conference, and are not required to do so before May 27, 2008. See Case Schedule. The Advisory Committee notes state that exceptions to the rule are only "appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction." As interpreted by the Advisory Committee, Fed. R. Civ. P. 26(d)'s prohibition on premature discovery is a broad one, permitting exceptions only where fact-intensive, potentially dispositive motions are briefed and heard before the Rule 26(f) conference. *See e.g.. Invitrogen Corp. v. President and Fellows of Harvard College*, No. 07-cv-0878-JLS, 2007 WL 2915058 (S.D. Cal. Oct. 4, 2007) (permitting expedited discovery in motion to dismiss for lack of personal jurisdiction); *LaFace Records LLC v. Does 1-5*, No. 2:07-cv-187, 2007 WL 2867351 (W.D. Mich. Sep. 27, 2007) (stating that "Plaintiffs have been able to establish good cause in situations involving requests for preliminary injunction and where the moving party alleges infringement").

Courts are reluctant to grant exceptions to Fed. R. Civ. P. 26(d) except in genuinely exigent circumstances, such as the imminent unavailability of a key witness; ongoing copyright violations where the identities of the defendants cannot be ascertained except through expedited

1  discovery; and DNA testing of crops about to be harvested.  *Pod-Ners LLC v. Northern Feed &*
2  *Bean of Lucerne Ltd Liability Co.*, 204 F.R.D. 675 (D. Col. 2002) (permitting expedited DNA
3  testing of patent infringing beans that would be sold before discovery would normally proceed);
4  *Noble v. Kiewit Pacific Co.,* No. C 08-00666 SI, 2008 WL 413754 (N.D. Cal. Feb. 13, 2008)
5  (permitting expedited deposition of key witness dying of cancer); *Rodriguez v. Biltoria Realty*
6  *LLC*, 203 F. Supp. 2d 290, 292 (E.D.N.Y. 2002) (refusing to stay deposition where party was
7  about to leave the country upon expiration of her visa); *UMG Recordings, Inc. v. Does 1-4*, No.
8  06-0652 SBA, 2006 WL 1343597 (N.D.Cal. Mar. 6, 2006) (permitting expedited discovery to
9  obtain identity of defendants in copyright infringement claim).
10         Where the moving party is unable to demonstrate a genuine imminent need for discovery,
11  motions for expedited discovery are denied.  For example, in *Magellan Group Inv. LLC v. First*
12  *Indigenous Depository Co., LLC.*, plaintiff sought an expedited deposition regarding the location
13  of collateral under a security agreement defendant allegedly breached.  No. C 05-1994 JSW,
14  2005 WL 1629940 (N.D. Cal. July 8, 2005).  The court denied the motion, finding that plaintiff
15  failed to establish "good cause" because it "has not made any showing as to why it cannot wait to
16  conduct the requested deposition through the normal course of discovery." *Id*. at *2.  Similarly,
17  in *Cartwright v. Viking Indus. Inc.*, a class action by homeowners of defective windows sought
18  expedited discovery of matters relevant to class certification, arguing that Fed R. Civ. P. 23
19  demanded that the class certification issues be determined "at an early practicable time".  The
20  court denied the motion, noting that the discovery could be made "in the normal course of the
21  litigation."  No. 2:07-CV-02159-FCD-EFB, 2008 WL 413271, at *7 (E.D. Cal. Feb. 12, 2008).
22  *See also Enloe Medical Center v. Cal. Nurses Assoc*. 2007 WL 1795760, at *4 (E.D. Cal. June
23  21, 2007) (denying motion for expedited discovery regarding race discrimination claim, where
24  defendant already confirmed that it did not intend to pursue such a claim, and the issue could be
25  discovered over the normal course of litigation); *Yokohama Tire Corp. v. Dealers Tire Supply,*
26  *Inc.*, 202 F.R.D. 612 (D. Ariz. 2001) (denying motion for expedited discovery).
27
28  DEFENDANTS' OPP. TO SERRALTA'S MTN. FOR LEAVE          -5-                                3359484_4.DOC
    TO CONDUCT LTD. EXPEDITED DISCOVERY AND TO PERMIT
    ENTRY AND INSPEC. OF LAND AND TANG. THINGS
    CASE NO: CV-08-1427 EDL

Plaintiffs have failed to meet their burden to show "good cause to provide immediate access to the requested discovery". *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002).  Real property, if anything, represents the opposite example of evidence likely to vanish (such as a departing witness), or a commodity that will disappear on the open market (such as crops).  Unlike cases involving copyright infringement or permanent injunctions, this case does not involve ongoing wrongdoing that can only be addressed through immediate intervention.  Plaintiff admits that her employment with Defendants ended in 2006.  Complaint ¶ 14.  Plaintiff is not seeking any form of injunctive relief.  Any argument Plaintiff makes that she needs to inspect the house as it was at the time of her employment is undermined by the almost two years that have passed since the termination of her employment, and the two months since she brought this very lawsuit.

Plaintiff's argument rests on the hypothetical argument that immediate discovery is necessary because the house might be sold at some point, that the new owners might gain possession immediately, and that Plaintiff might not be able to gain access to the home at some point in the future from the hypothetical new owners.  Defendants have put this hypothetical concern to rest by confirming that the house is not under contract, nor is there an offer even outstanding on the property in question.  Khan Decl. ¶ 4. Moreover, Defendants have even offered to immediately notify Plaintiffs within 72 hours of any accepted offer, which any experienced home buyer knows represents the start of a reasonably lengthy process.  Absent plaintiff's hypothetical argument, Plaintiff lacks any argument for expediting the discovery.  Plaintiff's motion is thus rendered much weaker than the plaintiffs in *Cartwright*, who were at least able to cite to a rule in the Federal Rules of Civil Procedure supporting their need for early discovery, or in *Magellan*, where plaintiffs had a genuine concern about the status of their collateral while defendant was in financial distress.  In both those cases, plaintiff's motion for expedited discovery was denied, and so should it be denied in this case.

**B.    Regardless, Plaintiff's Demand To Inspect, Measure, Photograph and Videotape The Interior And Exterior Of Defendants' Home Serves To Invade Their Privacy And Cause Embarrassment, While Irrelevant To Plaintiff's Wage And Hour Claims.**

        Plaintiff's demand to inspect, measure, photograph and videotape Defendants' home serves to invade their privacy, cause embarrassment and stress. Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to protect a party from discovery where it would cause "annoyance, embarrassment, oppression, or undue burden." *See also Long v. U.S. Brass Corp.*, No. Civ.A. 03-B-968BNB, 2004 WL 1725766, at *3 (D. Colo. June 29, 2004). (invoking rule 26(c) in denying motion to compel entry upon land). Defendants have a well-defined constitutional right to privacy in their home under both state and federal law, and Federal Rule of Civil Procedure 34(a)(2) should be interpreted in a manner consistent with that right. California Constitution Art. 1 Section 1; *People v. Dumas*, 9 Cal. 3d 871, 882, fn 8 (1973) ("homes . . . clearly fall within this category of maximal protection" which are "inviolate from warrantless search except in emergencies of overriding magnitude"); *Bell v. State of Md.*, 378 U.S. 226, 253 (1964) (stating that "the home of course is the essence of privacy"). Notably, Plaintiff cannot cite a single case where entry and inspection of an individual's home was permitted in a motion for expedited discovery. Quite the contrary, in *Lorillard Tobacco Co. v. Montrose Wholesale Candies and Sundries, Inc.*, plaintiff brought a motion search the home of defendants and "seize or at least copy all of their financial...records". Nos. 03 C 5311, 03 C 4844, 2008 WL 954161, at *1 (N.D. I*ll*. Apr. 8, 2008). The court characterized the motion as "tantamount to a request for a search warrant" and in denying the motion, noted that "Nothing in the Federal Rules of Civil Procedure authorizes this sort of extraordinary relief." *Id* at *1, 2. Although Plaintiff's motion at issue does not involve a seizure, the scope of the search requested is, if anything, broader than that requested in *Lorillard*. Plaintiff's request to inspect the interior and exterior of Defendants' home is unlimited, and Plaintiff has articulated that they expect to inspect even areas hidden from view, such as closets. Moreover, Plaintiff's proposed "inspection, measurement, photography, and videography" could take hours, or even days, depending on the level of detail insisted upon by Plaintiff. The prolonged presence of several individuals in their home will be invasive and stressful for Defendants, and serve to embarrass them in front of their neighbors.

Defendants already suffered embarrassment and inconvenience from the day-long protest and news coverage outside of their home. Khan Decl. ¶ 9-10. Plaintiffs proposed inspection serves merely to prolong the invasion and embarrassment, without furthering the litigation in any way. Plaintiff has not shown a compelling need for the particular private information of Defendants, and accordingly Plaintiff's motion must be denied on privacy grounds.

Plaintiff's false sense of urgency also serves to mask the tangential and irrelevant nature of the discovery being sought. Requests for entry upon land are subject to Federal Rule of Civil Procedure Rule 26(b)'s limitation to matters "relevant to the subject matter" and "reasonably calculated to lead to the discovery of admissible evidence." *Long*, 2004 WL 1725766, at *3. In the cases described above, the moving party was seeking evidence crucial to the claim, such as the testimony of key witnesses, the identities of the defendants, or the infringing product at issue in the litigation. *See Noble*, 2008 WL 413754 (involving a key witness); *Rodriguez*, 203 F. Supp. 2d at 292 (involving a party witness); *Pod-Ners LLC*, 204 F.R.D. 675 (involving samples of infringing beans); *Semitool*, 208 F.R.D. 273 (involving specifications for an infringing product); *UMG Recordings, Inc.*, 2006 WL 1343597 (involving identities of defendants). While inspection of real property might be justified in a claim involving a construction defect in a house, *this is a wage and hour case*. The physical specifications of the house are irrelevant in determining whether plaintiff was properly paid under federal and state law.

An inspection of Plaintiff's home in the level of detail demanded by Plaintiff is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff seeks access to Defendants home for "inspection, measurement, photography and videography," of the exterior areas of Defendants' home, including the pool and patio areas, as well as all interior rooms, hallways, and closets, and guesthouse, including the kitchen, dining areas, reception hall, pantries, linen closets, and wine closets. Plaintiff's Memorandum of Points and Authorities ("Pl.'s MPA"), 2:15-19. For example, Plaintiff seeks to inspect and measure the pool area, though does not allege that Plaintiff's duties were in any way related to the pool. Pl.'s MPA 2:19; 3: 4-13. Similarly, plaintiff seeks inspection of the entire exterior of plaintiff's home, but

1  does not allege that Plaintiff had any outdoor maintenance duties.  Rather, Plaintiff alleges that

2  her duties included washing windows and cleaning the patio, an allegation that Defendants deny,

3  and she seeks invasive access to Defendants' property merely for the purposes of showing that

4  the patio and windows exist.  Pl.'s MPA 3:11. The exercise has no bearing on whether Plaintiff's

5  duties actually included washing windows or cleaning the patio.  Similarly, Plaintiff makes a

6  special point of including pantries, linen closets, and wine closets in its motion.  Pl.'s MPA 2:18,

7  8:14-17.  Plaintiff offers no plausible argument for their relevance to this litigation.[1]  The

8  contents of the pantry and the linen closet reveal nothing about whether Plaintiffs duties included

9  cooking or laundry.  Defendants cannot conceive of any argument whereby the contents of any

10 wine closets would be remotely relevant to Plaintiff's claim, particularly because Plaintiff never

11 had access to the wine closet during her employment.  Khan Decl. ¶ 5.  At worst, Plaintiff's

12 motion represents an effort to harass Plaintiffs in their private home.  At best, it represents a

13 strategy to gather irrelevant and prejudicial evidence to convince a jury that the "sheer size" of

14 Plaintiff's home means that Defendants failed to comply with wage and hour laws.

15       Because Plaintiffs have decided to prematurely litigate this discovery issue, the Parties

16 have not yet had an opportunity to negotiate reasonable parameters and protections for discovery.

17 Defendants have not yet had an opportunity to negotiate or seek a protective order.  Absent a

18 protective order, Defendants have no comfort that Plaintiff will not share photographs and

19 videotape to the press.  Plaintiff has already revealed her strategy of using photographs and

20 videotape of Defendants' home for her own publicity purposes, not only by publicizing her claim

21 in the press, but by including an irrelevant internet link to Defendants' real estate listing in their

22 Complaint.  Complaint ¶ 17; Khan Decl. ¶ 8.  The Complaint containing the link was made

23 available to the press even before Defendants had been served with a copy of the Complaint.

---

[1] Even if Plaintiff could make a weak argument for relevance, a motion to compel entry upon land should be denied where the "need for the requested entry...is substantially outweighed by the potential harm and burden" to the nonmoving party. *Long*, 2004 WL 1725766, *4 (finding that plaintiff's need to inspect purportedly damaged equipment was outweighed by defendants' trade secret interests, and the harm of shutting down equipment during the requested inspection).

28  DEFENDANTS' OPP. TO SERRALTA'S MTN. FOR LEAVE             -9-                          3359484_4.DOC
    TO CONDUCT LTD. EXPEDITED DISCOVERY AND TO PERMIT
    ENTRY AND INSPEC. OF LAND AND TANG. THINGS
    CASE NO: CV-08-1427 EDL

Tippett Dec ¶ 3. Should the fruits of Plaintiff's proposed inspection and videotaping be shared with the press, or otherwise disclosed to a third party, it significantly increases Defendants risk of burglary, and decreases the value of their home.

Plaintiff's hurried insistence on filing a motion, absent acquiescence to Plaintiff's all-or-nothing demand to stipulate to the inspection and videotaping, has cut short efforts to identify and discuss existing documentation that might serve Plaintiff's purported need for information. Because Plaintiffs filed this motion prior to the Fed. R. Civ. P. 26(f) conference, Defendants have not had an opportunity to identify documents such as floor plans or existing pictures or videotape that would summarize the specifications of their home, likely in a more accurate manner than the invasive approach advocated by Plaintiff. Similarly, the Parties have not had an opportunity to engage in the give and take of a Rule 26(f) conference to discuss the overall scope of discovery by both sides. Plaintiff's motion should be denied, to permit discovery to proceed in the normal manner prescribed by the Federal Rules of Civil Procedure and the Case Schedule.

In sum, no reason exists for this discovery, let alone on an expedited basis. The Rule 26(f) discovery conference will occur before this motion is even heard, and the Plaintiff could easily have waited until after that point to seek the discovery at issue and properly bring this motion at the appropriate time. The Court should not reward Plaintiff's overly-aggressive tactics and should deny this motion outright.

**IV.  CONCLUSION**

For the reasons set forth above, Defendants respectfully requests that this Court deny Plaintiff's Motion to conduct expedited discovery.

Dated: May 19, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ Elizabeth Tippett
     Elizabeth C. Tippett
     etippett@wsgr.com

Attorneys for Defendants

DEFENDANTS' OPP. TO SERRALTA'S MTN. FOR LEAVE
TO CONDUCT LTD. EXPEDITED DISCOVERY AND TO PERMIT
ENTRY AND INSPEC. OF LAND AND TANG. THINGS
CASE NO: CV-08-1427 EDL

-10-

3359484_4.DOC

1   SAKHAWAT KHAN and ROOMY KHAN

28  DEFENDANTS' OPP. TO SERRALTA'S MTN. FOR LEAVE   -11-   3359484_4.DOC
    TO CONDUCT LTD. EXPEDITED DISCOVERY AND TO PERMIT
    ENTRY AND INSPEC. OF LAND AND TANG. THINGS
    CASE NO: CV-08-1427 EDL

1  ULRICO S. ROSALES, State Bar No. 139809
   ELIZABETH C. TIPPETT, State Bar No. 247792
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  Email: urosales@wsgr.com, etippett@wsgr.com

6  Attorneys for Defendants
   SAKHAWAT KHAN and ROOMY KHAN
7
                IN THE UNITED STATES DISTRICT COURT
8
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10 | VILMA SERRALTA,              | CASE NO.: CV 08 1427 EDL
11 |      Plaintiff,              | **[PROPOSED] ORDER**
12 |   v.                         | Honorable Elizabeth D. Laporte
   |                              | Hearing Date: May 28, 2008
13 | SAKHAWAT KHAN, ROOMY KHAN    | Time: 2:30 p.m.
   | And DOES ONE through TEN, inclusive, | Place: Courtroom E, 15th Floor
14 |                              |
15 |      Defendants.             |

20  Having considered Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery

21  and to Permit Entry and Inspection of Land and Tangible Things and based upon the papers

22  submitted by the parties, the prior records and proceedings in the case and such argument as the

23  Court believes necessary.

24  **IT IS HEREBY ORDERED THAT:**

25  Plaintiff's motion is DENIED.

26  IT IS SO ORDERED.

27  Dated: _____

                                    The Honorable Elizabeth D. Laporte
28

[PROPOSED] ORDER                          -1-                                    3361711_1.DOC
CASE NO: CV-08-1427 EDL