ULRICO S. ROSALES, State Bar No. 139809
ELIZABETH C. TIPPETT, State Bar No. 247792
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: urosales@wsgr.com, etippett@wsgr.com

Attorneys for Defendants
SAKHAWAT KHAN and ROOMY KHAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA,<br><br>Plaintiff,<br><br>v.<br><br>SAKHAWAT KHAN, ROOMY KHAN<br>And DOES ONE through TEN, inclusive,<br><br>Defendants. | CASE NO.: CV 08 1427 EDL<br><br>**DECLARATION OF SAKHAWAT KHAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO VILMA SERRALTA'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY AND TO PERMIT ENTRY AND INSPECTION OF LAND AND TANGIBLE THINGS**<br><br>Honorable Elizabeth D. Laporte<br>Hearing Date: May 28, 2008<br>Time: 9 a.m.<br>Place: Courtroom E, 15th Floor |

I, Sakhawat Khan, declare as follows:

1.  I have personal knowledge of the following facts and if called as a witness, I could and would testify to the matters stated herein.

2.  My wife, Defendant Roomy Khan, and I own the home in Atherton that is at issue in this discovery motion. We have owned the property since January 2000.

3.  We listed the house for sale in June 2006, and the house has been on the market for most of the period since that time.

DECLARATION OF SAKHAWAT KHAN IN
SUPPORT OF DEFENDANTS' OPPOSITION TO
VILMA SERRALTA'S MOTION FOR LEAVE TO
CONDUCT LIMITED EXPEDITED DISCOVERY
AND TO PERMIT ENTRY AND INSPECTION OF
LAND AND TANGIBLE THINGS

-1-

4. Since June 2006, we have received one offer, and that was last year, 2007. We have received no offers to buy our home in 2008, and the home remains on the market today. There are no outstanding purchase offers, and to my knowledge none is expected anytime soon.

5. Plaintiff's motion makes reference to a wine closet. While our home does have a wine closet, it is under lock and key and at no time did Plaintiff have access to the closet or have responsibility for its cleaning or care.

6. On or about March 12, 2008, the Atherton Police Department called our home to advise me that La Raza Centro Legal, counsel for Plaintiff, had organized a protest in front of our residence for the following day, and that the protest would involve approximately 50 protestors. The Police advised me and my family to leave our home during the protest.

7. The following day, such a protest did in fact occur with dozens of protestors marching on our street and protesting in front of our home. Although I was not present at the protest, I later saw videotape of the protest filmed by various TV news crews. That evening, on each of the major local news programs, the protest aired, and Plaintiff's attorneys were interviewed. My understanding is that some of the broadcasts also included video footage from the real estate listing of our home.

8. A link to the website containing our real estate listing was included in paragraph 17 of the Complaint.

9. My family and I left our home in the morning. My wife and daughter attempted to return home in the evening, but decided not to enter the premises because there was a news truck and reporter in front of our house and my wife felt uncomfortable to engage with the media. We were unable to return to our home until later in the evening.

10. As a result of the protest, our friends and social contacts asked us many questions about the protest and the lawsuit that had been filed. Although we deny the allegations of the Complaint, we felt victimized, tortured, embarrassed and humiliated, which we believe is exactly what the Plaintiff and her lawyers sought to accomplish.

DECLARATION OF SAKHAWAT KHAN IN
SUPPORT OF DEFENDANTS' OPPOSITION TO
VILMA SERRALTA'S MOTION FOR LEAVE
TO CONDUCT LIMITED EXPEDITED
DISCOVERY AND TO PERMIT ENTRY AND
INSPECTION OF LAND AND TANGIBLE
THINGS

-2-

11. An inspection and videotaping of our home will be deeply distressing to our family. Our home is our sanctuary and private space. To have it filmed, measured, and otherwise inspected represents to us a profound violation of our right to privacy and would cause great upset.

12. We are most concerned about the safety of our daughter. Given the tactics demonstrated to date by Plaintiff's attorneys, we simply do not trust that pictures or images of our home will be placed in the public domain and thereby compromise the feeling of safety and security that we enjoy in our home, especially as it relates to the safety of our daughter. We believe such notoriety may increase the likelihood that we may be the victims of a burglary or other senseless crime.

13. My wife and I feel we are being punished and abused because we enjoy the American dream of owning a lovely home in Atherton. We respectfully submit that the inspection and videotaping is totally unnecessary and inappropriate and should not occur. If the Court were to nevertheless allow such an inspection, we respectfully ask that the inspection be for a very short period of time, and be closely monitored or supervised.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 19, 2008, in Palo Alto, California.

By: _____
Sakhawat Khan

DECLARATION OF SAKHAWAT KHAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO VILMA SERRALTA'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY AND TO PERMIT ENTRY AND INSPECTION OF LAND AND TANGIBLE THINGS

-3-