ULRICO S. ROSALES, State Bar No. 139809
ELIZABETH C. TIPPETT, State Bar No. 247792
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: urosales@wsgr.com, etippett@wsgr.com

Attorneys for Defendants
SAKHAWAT KHAN and ROOMY KHAN

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA, <br><br> Plaintiff, <br><br> v. <br><br> SAKHAWAT KHAN; ROOMY KHAN; and DOES ONE through TEN, inclusive, <br><br> Defendants. | No. C 08-01427 EDL <br><br> **STIPULATION AND [PROPOSED] ORDER RE: PLAINTIFF'S ENTRY AND INSPECTION OF LAND AND TANGIBLE THINGS** <br><br> [Fed. R. Civ. P. 26(c) and 34(a)(2); Civ.L.R. 7-12] |

The parties, through their undersigned counsel, enter into the following stipulation:

WHEREAS, on May 28, 2008, Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery and to Permit Entry and Inspection of Land and Tangible Things was heard before this Court;

WHEREAS, on May 28, 2008, the parties met and conferred on the issues raised by Plaintiff's motion and memorialized a number of agreements on the record;

WHEREAS, the Court ordered the parties to submit a stipulation reflecting the agreements reached between the parties and to meet and confer on any remaining matters;

1

1   WHEREAS, on June 4, 2008, the parties met and conferred to resolve any remaining
2  issues between them;
3   WHEREAS, Defendants contend that the information discovered through the inspection
4  is confidential and seek to protect their privacy and security;
5   IT IS HEREBY STIPULATED by the parties as follows:
6   1.   By no later than **July 12, 2008**, at a date and time to be mutually agreed upon by
7  the parties, Plaintiff is to be allowed entry upon Defendants' premises located at 168 Isabella
8  Avenue, Atherton, California (the "premises") for purposes of inspection, measurement,
9  photography, and/or videography of the premises and tangible items located thereon (the
10 "inspection"), subject to the following limitations:
11      a.   **Limitation on disclosure of information**. All information discovered
12 through the inspection, whether or not recorded or documented during the inspection (the
13 "Information"), shall be used for litigation purposes only, and may not be used for any other
14 purpose whatsoever, including, but not limited to, any business or commercial purpose or for
15 dissemination to the media or public. Plaintiff and Defendants shall only be permitted to
16 disclose such Information as follows:
17      i.   as may be reasonably necessary for the prosecution of this
18 litigation by Plaintiff or defense of this litigation by Defendants, including to her or their legal
19 counsel, consultants, and any others who may be designated as expert witnesses, and their
20 respective paralegal, secretarial and clerical employees who are assisting in the preparation and
21 trial of this litigation. Any person given access to the Information shall not make copies,
22 duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for
23 use in connection with this litigation, and each such copy, duplicate, extract, summary or
24 description is to be treated in accordance with this Section 1a. All such consultants and any
25 others who may be designated as expert witnesses shall be required to indicate in writing their
26 agreement not to use or disclose the Information to any other persons, entities or third parties,
27 except as provided in this subsection a;
28

ii.     At trial, subject to any protections or limitations ordered by the Court, including *motions in limine* granted by the Court;

iii     In support of or in opposition to any motions, stipulations, expert reports, or any other matters or papers that the parties may file in this litigation, provided that such Information shall be filed under seal pursuant to Civil Local Rule 79-5.

Within five (5) years after a final non-appealable judgment or settlement, Plaintiff's counsel shall destroy such Information consistent with the retention policy of Plaintiff's counsel. Plaintiff and Plaintiff's expert witnesses and consultants shall return all Information to Plaintiff's counsel within sixty (60) days of a final non-appealable judgment or settlement.

b.  **Limitation on duration of inspection.**  The inspection shall last no more than four (4) total hours.  The duration of the inspection may be extended, however, upon a finding of good cause by the Court.

c.  **Limitation on number of individuals in attendance.**  This issue remains in dispute, per the Disputed Items listed below.  However, the parties have agreed that Plaintiff and her agents shall be at all times accompanied by at least one of Defendants' attorneys, and in no event shall Plaintiff and her agents be in more than two rooms at once.

d.  **Limitation on contact with tangible property items.**  Plaintiff shall not open any doors, including any closet doors.  To the extent the opening of any doors is contemplated herein, Defendants' counsel shall open such doors for Plaintiff.  Plaintiff shall not make physical contact with any tangible items in Defendants' home except to the extent reasonably necessary to conduct the inspection consistent with the scope and parameters set forth herein, including without limitation, to measure items of furniture, windows, fixtures or other physical structures; to navigate within the areas contemplated herein; and to inspect cleaning supplies or equipment.  In particular, Plaintiff shall not touch Defendants' fragile or valuable items located on walls, shelves or desks.

e.  **Security.**  Plaintiff shall make all reasonable efforts not to focus on locks, latches, alarms, security systems, or door jambs, or any tangible items she did not clean or maintain.

1        f.    **Limitation on closets inspected.** Plaintiff shall only inspect those closets containing linens, or cleaning supplies and equipment. In addition, Plaintiff shall have access to one (1) closet that contains Defendants' clothing, which shall be agreed upon by the Parties prior to the inspection. Plaintiff shall not inspect closets containing a small amount of linens where such closet is otherwise devoted to storage or clothing. Plaintiff shall limit any videography and photography of such closets to plain view images.

      g.    **Limitation on videography of the exterior.** This issue is in dispute.

      h.    **Limitation on inspection of tangible items contained in certain enclosures.** Plaintiff may inspect, photograph, and videograph such tangible items she allegedly cleaned – including for example dishes, cups, glasses, cutlery, cookware – in the areas on the first floor of the main residence, the patio, and in the guest house so designated by Plaintiff on the floor plans to be produced. Plaintiff shall limit any videography or photography of such enclosures to plain view images.

2. Defendants shall provide Plaintiff with a floor plan of their main residence and the guest house located on their premises no later than seven (7) calendar days after the date of execution of this Stipulation. Plaintiff shall endeavor, to the best of her ability, to mark those rooms and areas represented on the floor plan that she cleaned, maintained, or otherwise worked in as part of her job duties, and shall provide a copy of such marked floor plan to Defendants five (5) days prior to the agreed upon inspection date. Plaintiff's inspection shall be confined to the rooms and areas designated on the floor plan, but in no event shall it exceed the scope of the inspection detailed herein. The parties agree that the copy of the marked floor plan, and any information provided thereon by Plaintiff will only be used to demarcate the scope of the inspection, and is not admissible for any other purpose in this action.

3. Five (5) days prior to the agreed upon inspection date, Plaintiff shall provide the name and affiliation of the consultant or expert, if any, accompanying Plaintiff at the inspection.

4. The parties shall mutually agree upon a third-party service to conduct the videography and/or photography during the inspection.

| | |
|---|---|
| DATED: June 4, 2008 | By: /s/ Christina Chung<br>CHRISTINA CHUNG<br>Attorney for Plaintiff |
| DATED: June 4, 2008 | By: /s/ Elizabeth Tippett<br>ELIZABETH TIPPETT<br>Attorney for Defendants |

## DISPUTED ISSUES

1. The Parties dispute the number of individuals permitted entry to Defendants' premises.

**Plaintiff's argument:** Plaintiff has determined that she may require up to two (2) consultants in order to properly conduct and expedite the inspection. Each consultant would be present for a distinct purpose and would conduct different aspects of the inspection. Plaintiff's inspection would thus consist of the following individuals: Plaintiff; the videographer; up to two (2) of Plaintiff's counsel; and up to two (2) consultants. Plaintiff will require two of her counsel to be present, one to work with the videographer and the other to work with the consultant(s) and simultaneously serve as an interpreter for Plaintiff, whose primary language is Spanish.

**Defendants' arguments:** Plaintiff seeks entry of six (6) individuals onto Defendants' premises. Plaintiff originally requested entry of four (4) or five (5) individuals – consisting of Plaintiff, two attorneys, a videographer, and an expert consultant. Plaintiff now seeks entry of two (2) consultants instead of one (1). Defendant contends that two (2) consultants is excessive and unnecessary, and that two (2) attorneys representing Defendant will have difficulty supervising six (6) individuals, particularly given that the Stipulation already permits Plaintiff to inspect two (2) different rooms at once.

2. The Parties dispute whether Plaintiff shall be permitted to inspect the garage area and the basement of the guest house.

**Plaintiff's arguments:** Because Plaintiff regularly cleaned and maintained the interior of the garage (including but not limited to sweeping the floor of the garage) and also cleaned the

basement of the guesthouse, Plaintiff believes Defendants' proposal prohibiting videography of these areas would result in the exclusion of evidence highly relevant to Plaintiff's claims. Plaintiff has agreed not to focus on images of the vehicles in the garage.

**Defendants' arguments:** Without admitting to any of Plaintiff's allegations with respect to other areas Plaintiff alleges to have cleaned, Defendants strongly object to an inspection of the garage area or the basement of the guest house. Defendants' garage contains their vehicles, the details regarding which they have a security interest in not revealing. Defendants contend that the area in the garage which is not covered by the cars is small and not in need of frequent cleaning. A view of an empty garage would present an exaggerated sense of the size of any area alleged to be cleaned. Defendants strongly object to videotape of the basement of the guest house, which contains only exercise equipment and was in no way related to Plaintiff's alleged duties.

3. The Parties could not come to an agreement as to limitations on the videography of the exterior doors of Defendants' residence.

**Plaintiff's proposed language:** Plaintiff will make all reasonable efforts not to focus any videography on certain exterior side doors to the main residence, which side doors will be indicated by Defendants' counsel during the inspection, in any manner that would reveal their relative position on the structure of the main residence.

**Plaintiff's argument**: Plaintiff proposed this compromise based on the representation from Defendants' counsel that the exterior side doors may present unique security concerns. Assuming the truth of this representation, it nevertheless does not appear that other exterior doors (e.g., the front doors of the main house and guesthouse) pose the same security concerns because they are readily visible from any plain view of the house, and the locations of several of Defendants' exterior doors have already been photographed or described in on-line advertisements of the sale of their residence (i.e., the web page of Defendants' realtor, located at http://www.hannacb.com/ ). Moreover, Plaintiff believes it would be overly burdensome and not

workable considering the limited duration of the inspection to ensure that videography of areas that Plaintiff regularly cleaned and maintained does not contain images of exterior doors that may reveal their relative position in the structure of the residence.  Any inadvertent images of exterior doors that this Court finds would result in any undue disclosure of information compromising the security of the premises can be edited out at a later point.

**Defendants' proposed language:** Where possible any exterior or interior images of any exit doors located on Defendants' residence shall be taken in a manner that it does not reveal the location of the door relative to other areas of the home or property.

**Defendants' argument**: Defendants contend that the on-line advertisement listed above does not show the location of specific doors relative to other areas of the house.  Defendants contend that exterior videography taken within reasonably close range of the exterior would be sufficient to avoid revealing the larger placement of a given door relative to the remainder of the house.  Defendant's proposed language would permit Plaintiffs to videotape the patio area or other allegedly relevant areas in the backyard – as such footage could be taken facing away from the home.  Plaintiff is not alleging that Defendant engaged in any gardening activities; rather the entire dispute about exterior videography of Defendants' home arises from Plaintiff's allegations that she cleaned the windows.  Defendants ask only that interior images be taken in a manner that does not reveal the location of the exit doors, where possible.  Such a proposal is not unduly burdensome, and is reasonable in light of Defendants' privacy and security concerns.

## **ORDER**

Having considered the parties' Stipulation, and good cause appearing,

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Furthermore, having considered the respective arguments of the Parties, and good cause having been found, the Court Orders as follows with respect to the remaining issues in dispute:

1. The total number of individuals that Plaintiff may bring to the inspection:

2. Inspection of the garage area and basement of the guesthouse:

3. Videography of exterior doors:

IT IS SO ORDERED.

DATED: June ___, 2008                    _____

                                            Hon. Elizabeth D. Laporte
                                            United States Magistrate Judge