1  ULRICO S. ROSALES, State Bar No. 139809
   ELIZABETH C. TIPPETT, State Bar No. 247792
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  Email: urosales@wsgr.com, etippett@wsgr.com

6  Attorneys for Defendants
   SAKHAWAT KHAN and ROOMY KHAN
7

FILED

JUN 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| 11 VILMA SERRALTA, | ) No. C 08-01427 EDL |
|---|---|
| 12 | ) |
| | ) **STIPULATION AND [PROPOSED]** |
| 13 Plaintiff, | ) **ORDER RE: PLAINTIFF'S ENTRY AND** |
| | ) **INSPECTION OF LAND AND TANGIBLE** |
| 14 v. | ) **THINGS** |
| 15 | ) |
| | ) |
| 16 SAKHAWAT KHAN; ROOMY KHAN; and | ) [Fed. R. Civ. P. 26(c) and 34(a)(2); Civ.L.R. 7- |
| DOES ONE through TEN, inclusive, | ) 12] |
| 17 | ) |
| 18 | ) |
| Defendants. | ) |
| 19 | ) |

20      The parties, through their undersigned counsel, enter into the following stipulation:

21      WHEREAS, on May 28, 2008, Plaintiff's Motion for Leave to Conduct Limited

22  Expedited Discovery and to Permit Entry and Inspection of Land and Tangible Things was heard

23  before this Court;

24      WHEREAS, on May 28, 2008, the parties met and conferred on the issues raised by

25  Plaintiff's motion and memorialized a number of agreements on the record;

26      WHEREAS, the Court ordered the parties to submit a stipulation reflecting the

27  agreements reached between the parties and to meet and confer on any remaining matters;

28

1

1  WHEREAS, on June 4, 2008, the parties met and conferred to resolve any remaining

2  issues between them;

3  WHEREAS, Defendants contend that the information discovered through the inspection

4  is confidential and seek to protect their privacy and security;

5  IT IS HEREBY STIPULATED by the parties as follows:

6  1.    By no later than **July 12, 2008**, at a date and time to be mutually agreed upon by

7  the parties, Plaintiff is to be allowed entry upon Defendants' premises located at 168 Isabella

8  Avenue, Atherton, California (the "premises") for purposes of inspection, measurement,

9  photography, and/or videography of the premises and tangible items located thereon (the

10  "inspection"), subject to the following limitations:

11  a.    **Limitation on disclosure of information**. All information discovered

12  through the inspection, whether or not recorded or documented during the inspection (the

13  "Information"), shall be used for litigation purposes only, and may not be used for any other

14  purpose whatsoever, including, but not limited to, any business or commercial purpose or for

15  dissemination to the media or public. Plaintiff and Defendants shall only be permitted to

16  disclose such Information as follows:

17  i.    as may be reasonably necessary for the prosecution of this

18  litigation by Plaintiff or defense of this litigation by Defendants, including to her or their legal

19  counsel, consultants, and any others who may be designated as expert witnesses, and their

20  respective paralegal, secretarial and clerical employees who are assisting in the preparation and

21  trial of this litigation. Any person given access to the Information shall not make copies,

22  duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for

23  use in connection with this litigation, and each such copy, duplicate, extract, summary or

24  description is to be treated in accordance with this Section 1a. All such consultants and any

25  others who may be designated as expert witnesses shall be required to indicate in writing their

26  agreement not to use or disclose the Information to any other persons, entities or third parties,

27  except as provided in this subsection a;

28

2

1          ii.     At trial, subject to any protections or limitations ordered by the

2 Court, including *motions in limine* granted by the Court;

3          iii     In support of or in opposition to any motions, stipulations, expert

4 reports, or any other matters or papers that the parties may file in this litigation, provided that

5 such Information shall be filed under seal pursuant to Civil Local Rule 79-5.

6     Within five (5) years after a final non-appealable judgment or settlement, Plaintiff's

7 counsel shall destroy such Information consistent with the retention policy of Plaintiff's counsel.

8 Plaintiff and Plaintiff's expert witnesses and consultants shall return all Information to Plaintiff's

9 counsel within sixty (60) days of a final non-appealable judgment or settlement.

10         b.     **Limitation on duration of inspection.** The inspection shall last no more

11 than four (4) total hours.  The duration of the inspection may be extended, however, upon a

12 finding of good cause by the Court.

13         c.     **Limitation on number of individuals in attendance.** This issue remains

14 in dispute, per the Disputed Items listed below.  However, the parties have agreed that Plaintiff

15 and her agents shall be at all times accompanied by at least one of Defendants' attorneys, and in

16 no event shall Plaintiff and her agents be in more than two rooms at once.

17         d.     **Limitation on contact with tangible property items.** Plaintiff shall not

18 open any doors, including any closet doors.  To the extent the opening of any doors is

19 contemplated herein, Defendants' counsel shall open such doors for Plaintiff.  Plaintiff shall not

20 make physical contact with any tangible items in Defendants' home except to the extent

21 reasonably necessary to conduct the inspection consistent with the scope and parameters set forth

22 herein, including without limitation, to measure items of furniture, windows, fixtures or other

23 physical structures; to navigate within the areas contemplated herein; and to inspect cleaning

24 supplies or equipment.  In particular, Plaintiff shall not touch Defendants' fragile or valuable

25 items located on walls, shelves or desks.

26         e.     **Security.** Plaintiff shall make all reasonable efforts not to focus on locks,

27 latches, alarms, security systems, or door jambs, or any tangible items she did not clean or

28 maintain.

STIPULATION AND [PROPOSED] ORDER RE:
ENTRY AND INSPECTION OF LAND AND TANGIBLE THINGS

1        f.      **Limitation on closets inspected.**  Plaintiff shall only inspect those closets

2    containing linens, or cleaning supplies and equipment.  In addition, Plaintiff shall have access to

3    one (1) closet that contains Defendants' clothing, which shall be agreed upon by the Parties prior

4    to the inspection.  Plaintiff shall not inspect closets containing a small amount of linens where

5    such closet is otherwise devoted to storage or clothing. Plaintiff shall limit any videography and

6    photography of such closets to plain view images.

7        g.      **Limitation on videography of the exterior.**  This issue is in dispute.

8        h.      **Limitation on inspection of tangible items contained in certain**

9    **enclosures.**  Plaintiff may inspect, photograph, and videograph such tangible items she allegedly

10   cleaned – including for example dishes, cups, glasses, cutlery, cookware – in the areas on the

11   first floor of the main residence, the patio, and in the guest house so designated by Plaintiff on

12   the floor plans to be produced.  Plaintiff shall limit any videography or photography of such

13   enclosures to plain view images.

14       2.      Defendants shall provide Plaintiff with a floor plan of their main residence and

15   the guest house located on their premises no later than seven (7) calendar days after the date of

16   execution of this Stipulation.  Plaintiff shall endeavor, to the best of her ability, to mark those

17   rooms and areas represented on the floor plan that she cleaned, maintained, or otherwise worked

18   in as part of her job duties, and shall provide a copy of such marked floor plan to Defendants five

19   (5) days prior to the agreed upon inspection date.  Plaintiff's inspection shall be confined to the

20   rooms and areas designated on the floor plan, but in no event shall it exceed the scope of the

21   inspection detailed herein.  The parties agree that the copy of the marked floor plan, and any

22   information provided thereon by Plaintiff will only be used to demarcate the scope of the

23   inspection, and is not admissible for any other purpose in this action.

24       3.      Five (5) days prior to the agreed upon inspection date, Plaintiff shall provide the

25   name and affiliation of the consultant or expert, if any, accompanying Plaintiff at the inspection.

26       4.      The parties shall mutually agree upon a third-party service to conduct the

27   videography and/or photography during the inspection.

28

STIPULATION AND [PROPOSED] ORDER RE:
ENTRY AND INSPECTION OF LAND AND TANGIBLE THINGS

1   DATED: June 4, 2008                By: /s/ Christina Chung
                                               CHRISTINA CHUNG
2                                          Attorney for Plaintiff

3
    DATED: June 4, 2008                By: /s/ Elizabeth Tippett
4                                          ELIZABETH TIPPETT
                                           Attorney for Defendants
5

6
                                    **ORDER**
7
            Having considered the parties' Stipulation, and good cause appearing,
8
    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
9
            Furthermore, having considered the respective arguments of the Parties, and good cause
10
    having been found, the Court Orders as follows:
11

12
            1. Plaintiff may bring a total of six individuals to the inspection: Plaintiff, a videographer,
13  two consultants, and two lawyers.

14          2. Plaintiff shall be permitted to inspect the garage and the basement of the guesthouse.
    At Defendants' option, the garage can be empty when inspected or the license plates of the
15  vehicles may be covered up.

16
            3. To the extent reasonably feasible, any exterior or interior images of any exit doors
17  located on Defendants' residence shall be taken in such a manner that it does not reveal the
    location of the door relative to other areas of the home or property.
18

19   IT IS SO ORDERED.

20

21

22  DATED: June 6, 2008

23                                         Hon. Elizabeth D. Laporte
                                           United States Magistrate Judge
24

25

26

27

28