Christina Chung, SBN 194630
Matthew Goldberg, SBN 240776
Carole Vigne, SBN 251829
THE LEGAL AID SOCIETY –
  EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Hillary Ronen, SBN 228606
Rocio Avila, SBN 252719
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, Suite 295
San Francisco, CA 94103
Telephone: (415) 575-3500
Facsimile: (415) 255-7593

Attorneys for Plaintiff

ULRICO S. ROSALES, SBN 139809
ELIZABETH C. TIPPETT, SBN 247792
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VILMA SERRALTA, | ) No. C 08-01427 EDL |
| | ) |
| | ) **JOINT CASE MANAGEMENT** |
| Plaintiff, | ) **STATEMENT AND [PROPOSED]** |
| | ) **ORDER** |
| v. | ) |
| | ) [Fed. R. Civ. P. 26(f), Civ.L.R. 16-9] |
| | ) |
| SAKHAWAT KHAN; ROOMY KHAN; and | ) |
| DOES ONE through TEN, inclusive, | ) Honorable Elizabeth D. Laporte |
| | ) Hearing Date: June 17, 2008 |
| | ) Time: 10 a.m. |
| Defendants. | ) Place: Courtroom E, 15th Floor |

0

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9 and this Court's Standing Order, the parties in the above-entitled action, after having met and conferred through their attorneys of record on May 27, 2008, jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

**1.     JURISDICTION AND SERVICE.**  This Court has jurisdiction over the subject matter of this action, pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.  The exercise of supplemental jurisdiction over Plaintiff's related state law claims is appropriate under 28 U.S.C. § 1367.  Defendants have not raised any issues regarding jurisdiction or venue.  All Defendants whose identities are known at this time to Plaintiff have been served.

**2.     FACTS.**  Plaintiff's statement:  Between on or about July 8, 2002 and September 11, 2006, Plaintiff was employed by Defendants as a live-in domestic worker to clean and maintain their private residence located at 168 Isabella Avenue, in Atherton, California.

On either a daily basis or multiple times per week, Plaintiff was typically required to: clean multiple bedrooms and bathrooms, including making beds, washing showers, tubs, and sinks, wiping the counters and the mirrors, and scrubbing the floors; clean multiple kitchen areas, including washing dirty cups, dishes, pots and pans, wiping the counters and various appliances, and restocking the refrigerator; clean other rooms, including the family room, the living room, and the dining room; set and clear the table at meals; throw out the garbage; dust furniture; vacuum and/or mop the floors; launder and iron Defendants' clothes; organize and clean cupboards and closets; and engage in other housecleaning duties.  Plaintiff was also required to wash the windows, both interior and exterior, of the residence; clean the private patio and the outdoor barbecue; and set up for parties.  In addition to her significant housecleaning duties, Plaintiff regularly cooked and/or assisted in meal preparation; served breakfast, lunch, and dinner; attended to Defendants and their guests, who frequently visited the house; and provided child care for Defendants' young child.

Defendants regularly required Plaintiff to work more than 14 hours per day on weekdays and up to 26 hours or more on weekends.  During a typical two-week pay period, Plaintiff worked 13 days out of 14, without appropriate meal and rest breaks as required by law.  When

Defendants threw elaborate dinner parties for large numbers of guests, Plaintiff was frequently required to work past midnight on weekend evenings. Plaintiff typically worked more than 16 hours per day on these occasions, when she was required to meticulously hand-wash Defendants' silverware and dinner plates.

Defendants paid Plaintiff a fixed monthly wage of $1,100, $1,300, and then $1,000, regardless of the number of hours she actually worked. These fixed wages failed to compensate Plaintiff for all the hours she worked, including all her overtime and double time hours. Moreover, Defendants failed to keep accurate records required by law that indicated Plaintiff's total hours worked per day and pay period, and applicable rates of pay.

The principal factual issues in dispute are Plaintiff's hours worked, the scope of Plaintiff's household duties for Defendants, and the wages owed to Plaintiff. In their Answer, Defendants have admitted several of Plaintiff's allegations in the Complaint, including the fact that Defendants employed Plaintiff as a domestic worker in their home between July 2002 and September 2006; did not keep contemporaneous time records of Plaintiff's hours worked; and failed to provide Plaintiff with accurate itemized wage statements when they paid Plaintiff her wages.

<u>Defendants' statement:</u> Defendants dispute the duties alleged by Plaintiff, the frequency and scope of duties performed by Plaintiff, the hours worked, the number of days worked per week, and the wages paid to Plaintiff. Defendants also dispute the amount of overtime alleged and Plaintiff's allegation that Defendants failed to provide meal and rest periods.

**3.     LEGAL ISSUES.** <u>Plaintiff's statement:</u>  Following are the disputed legal issues:

(a)   Whether Defendants are liable for unpaid minimum wages, including interest and liquidated damages thereon, pursuant to §§ 6 and 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b), the California Labor Code ("Labor Code") §§ 1194(a), 1194.2(a), and 1197, and the California Industrial Welfare Commission Wage Order 15-2001 ("IWC Wage Order") § 4;

(b)   Whether Defendants are liable for unpaid overtime and double time compensation, including interest thereon, pursuant to Labor Code §§ 1194(a) and 1198, and IWC Wage Order § 3(A) and (B);

(c)   Whether Defendants are liable for premium pay, plus interest thereon, for failure to provide meal periods, pursuant to Labor Code § 226.7(b) and IWC Wage Order § 11;

(d)   Whether Defendants are liable for premium pay, plus interest thereon, for failure to provide rest breaks, pursuant to Labor Code § 226.7(b) and IWC Wage Order § 12;

(e)   Whether Defendants are liable for recordkeeping penalties, for failure to provide accurate itemized wage and hour statements at the time of each payment of wages, pursuant to Labor Code § 226;

(f)   Whether Defendants are liable for waiting time penalties in an amount equal to 30 days' wages, for failure to pay all wages due immediately upon discharge, pursuant to Labor Code § 203;

(g)   Whether Defendants are liable for restitution of all wages wrongfully retained by them due to their unfair and unlawful business practices in violation of the FLSA, the Labor Code, and the IWC Wage Order, pursuant to California Business and Professions Code §§17200 *et seq.*

Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226(e), and 1194(a), and Cal. Code of Civ. Proc. §1021.5.

Defendants' statement: Defendants dispute that Plaintiff is entitled to the overtime alleged and the amount alleged. Defendants also dispute the applicability of the penalties, fees and costs Plaintiff is seeking under federal and state law.

**4.   MOTIONS.**   Plaintiff filed a Motion for Leave to Conduct Limited Expedited Discovery and to Permit Entry and Inspection of Land and Tangible Things ("Motion") on May 6, 2008. The Court heard this Motion on May 28, 2008 and entered an Order on June 6, 2008. Both parties anticipate that they may file discovery motions as necessary, cross motions for summary judgment and/or summary adjudication, and motions *in limine*.

3

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

5.  **AMENDMENT OF PLEADINGS.**  The parties propose September 23, 2008 as the last day to amend pleadings or to add parties (*see infra*, Section 17, "Scheduling").  Plaintiff has alleged the existence of Doe defendants.  Plaintiff will seek leave to amend the Complaint to reflect the true identities of the Doe defendants as they are discovered.  At this time, Plaintiff does not expect to add any claims but reserves the right to seek leave to amend the Complaint should the addition of any claim(s) become appropriate as discovery is conducted in this case.  Defendants, who answered Plaintiff's Complaint on May 13, 2008, also reserve the right to move to dismiss any additional claims should Plaintiff amend her Complaint.

6.  **EVIDENCE PRESERVATION.**  The parties have taken reasonable steps to preserve evidence relevant to the issues in this action.  Plaintiff has requested that Defendants preserve all evidence related to Plaintiff's claims, including but not limited to electronically stored information referring to Plaintiff, her work hours, or job duties.  Plaintiff contends that documents and other physical evidence supporting her claims against Defendants are in the possession, custody, or control of Defendants, who therefore have the obligation to preserve such evidence.  Defendants have been informed by their counsel of their duty not to destroy any documents, tangible things, or e-information relating to Plaintiff's claims that are in their possession, custody, or control.  Defendants have requested that Plaintiff preserve records related to Plaintiff's cell phone calls and any travel by Plaintiff during the course of her employment with Defendants.  Plaintiff has agreed to preserve any such relevant records if they exist and are in her possession.

7.  **DISCLOSURES.**  The parties agreed to a mutual extension on their respective initial disclosures, which will be served by both parties no later than June 12, 2008.  In support of their respective claims or defenses, the parties will be disclosing the name and contact information, if any, of possible witnesses, as well as a description of the documents, e-information, and tangible things each party has in her or his possession, custody, or control.  Additionally, Plaintiff will provide Defendants with amounts by category of damages claimed.

8.  **DISCOVERY.**  Discovery taken to date:  No later than July 12, 2008, Plaintiff will be allowed to enter upon Defendants' property to inspect, measure, photograph, and/or

videograph the premises and tangible items located thereon, subject to the limitations stipulated to by the parties and ordered by this Court on June 6 ("Order"). In addition, Plaintiff has propounded her First Set of eight (8) document requests to each Defendant that relate to the same issues discussed by the parties when they entered into their stipulation regarding Plaintiff's inspection of Defendants' premises. Therefore, with respect to all documents produced by Defendants in response to her First Set of document requests, Plaintiff has offered to agree to the same terms set forth in the Order regarding limitation on disclosure of information. At this time, Defendants have not yet served discovery.

<u>Scope of anticipated discovery:</u>  Plaintiff anticipates propounding additional document requests, interrogatories, and requests for admission. Plaintiff also plans to notice the deposition of each Defendant, as well as potential witnesses identified by Defendants in their Rule 26 initial disclosures. Plaintiff has initiated a discussion with Defendants regarding coordination of deposition scheduling and has requested available deposition dates for each Defendant at the end of July 2008. Defendants anticipate this matter will likely require written discovery and the deposition of Plaintiff and her current employer.

<u>Modification of discovery rules:</u>  Neither party anticipates the need to modify the discovery rules with respect to limits on the number of depositions or interrogatories, although both parties reserve the right to seek leave to do so as necessary as discovery progresses, and specifically to seek leave to take additional depositions if more than ten (10) potential witnesses are either initially disclosed by the other party or revealed by the party during the course of discovery.

<u>Subjects on which discovery may be needed:</u>  The parties will conduct discovery on the facts and legal issues in dispute. Plaintiff anticipates conducting discovery on matters including but not limited to Plaintiff's job duties for Defendants and hours worked, as well as Defendants' payment practices. The parties also anticipate conducting expert discovery.

<u>Discovery cut-off:</u>  The parties propose a fact discovery cut-off date of February 6, 2009, and an expert discovery cut-off date of March 6, 2009, with expert designation and reports due no later than January 20, 2009 (*see infra*, Section 17, "Scheduling").

E-information:  Plaintiff has requested that Defendants preserve all electronically stored information referring to Plaintiff, her work hours, or job duties.  Plaintiff has requested that Defendants produce any electronically stored information in the form of either a printout or a source including readable and searchable data and metadata.  Plaintiff believes that she possesses no electronically stored information relating to this case.

Issue re. claim of protection:  The parties have agreed to meet and confer regarding Defendants' asserted need for, and terms of, a protective order regarding discoverable matters.

**9.     CLASS ACTIONS.**  This is not a class action.

**10.    RELATED CASES.**  The parties are not aware of any related cases or proceedings pending before another judge or court or any other court or administrative body.  Pursuant to Plaintiff's request, her administrative wage claim previously filed with the California Labor Commissioner was dismissed without prejudice on March 27, 2008.

**11.    RELIEF.**  Plaintiff's statement:  Plaintiff seeks declaratory relief; unpaid minimum wages; unpaid overtime and double time premiums; unpaid compensation for failure to provide meal periods; unpaid compensation for failure to provide rest periods; restitution; liquidated damages, in an amount equal to wages unlawfully unpaid; statutory damages for failure to provide itemized pay statements ("recordkeeping penalties"); waiting time penalties; interest accrued on Plaintiff's damages; reasonable attorneys' fees and costs; general, compensatory and special damages; and such other and further relief as this Court deems just and proper. Based on preliminary calculations, Plaintiff expects that, at a minimum, she can prove damages and restitution in an aggregate amount of over **$195,000.00**, not including interest.  Following is Plaintiff's preliminary breakdown per category of damages, along with the basis of each amount:

(a)   **Minimum, overtime, and double time wages owed: $103,000.00.**  This approximate amount is based on Plaintiff's earned wages (regular hours worked multiplied by minimum wage; overtime hours worked multiplied by one-and-one-half times the minimum wage; and double time hours worked multiplied by two times the minimum wage), minus gross wages paid by Defendants (a fixed monthly wage of $1,100 per

6

month, $1,300 per month, and $1,000 per month). As alleged in the Complaint, Plaintiff typically worked more than 14 hours per day on weekdays and up to 26 hours or more on weekends, and regularly worked 13 days out of 14 – typically resulting in more than 80 hours of overtime and double time over a two-week pay period. Plaintiff also seeks this amount as restitution.

(b) **Liquidated damages: $69,000.00.** This approximate amount is based on Plaintiff's unpaid minimum wages.

(c) **Meal and rest break compensation: $18,000.00.** This approximate amount is based on one hour's pay at minimum wage for each day that Defendants failed to provide a required meal period; and one hour's pay at minimum wage for each day that Defendants failed to provide a required rest period. Plaintiff also seeks this amount as restitution.

(d) **Recordkeeping penalties: $4,000.00.** This approximate amount is based on $50 for the initial pay period in which Defendants failed to provide Plaintiff with accurate, itemized wage statements, and $100 for each subsequent violation, capped at $4,000.00 by statute.

(e) **Waiting time penalties: $4,000.00.** This approximate amount is based on 30 days' worth of Plaintiff's wages.

Plaintiff is claiming unpaid wages, liquidated damages, meal and rest break pay premiums, and recordkeeping penalties for the duration of her employment, from July 8, 2002 through September 11, 2006, based on the suspension of any applicable statutes of limitation on Plaintiff's FLSA and Labor Code claims due to Defendants' failure to post and make available to Plaintiff the required notices of her rights under these laws. Defendants have admitted such failure to post notices in their Answer to Plaintiff's Complaint. Plaintiff's calculations of damages at this time are estimates, and Plaintiff may amend her preliminary calculation of damages at a later date based on information obtained from Plaintiff's discovery against Defendants.

Defendants' statement: Defendants contend that, should liability be assessed, any wages owed should be calculated in accordance with the FLSA and the applicable California Industrial Welfare Commission Wage Order. Even if liability is established, Defendants contend that the

7

penalties, restitution, costs and fees sought by Plaintiff are inapplicable. Defendants contend that declaratory relief is inappropriate. In addition, Defendants dispute the amount of overtime amounts owed. Defendants dispute that Plaintiff is entitled to the suspension of the applicable statute of limitations.

**12.    SETTLEMENT AND ADR.**  The parties have selected court-sponsored mediation and will complete the ADR process by the presumptive deadline (90 days from May 28, 2008, the date of the Order Selecting ADR Process).

Plaintiff's statement:  Between August 2007 and February 2008, the parties engaged in informal settlement discussions prior to the filing of the instant action, and Defendants terminated such discussions. Given the previous inability of the parties to resolve this matter despite their best efforts, and given Plaintiff's burden to prove her case and gather sufficient evidence before the discovery cut-off, Plaintiff believes it would be to her detriment not to proceed with discovery prior to the mediation – which may not occur until almost three months from now. Indeed, Plaintiff had proposed mediating the case in mid-July, in lieu of the presumptive 90-day ADR timeline, but Defendants did not agree. Plaintiff anticipates that the inspection of Defendants' premises, as well as the depositions of each Defendant and some key written discovery, would be necessary to position Plaintiff to negotiate a resolution of this case.

Defendants' statement:  Defendants sought to mediate this matter as soon as possible but Plaintiff refused to provide a date prior to July 15, 2008. Defendants preferred the presumptive 90-day ADR deadline in hopes of scheduling mediation at an earlier date. Defendants contend that discovery is not necessary for the parties to participate in meaningful discovery and that the expense of discovery will make settlement less likely. Notwithstanding the foregoing, to the extent Plaintiff proceeds with discovery prior to the mediation, Defendants will seek to depose Plaintiff prior to the mediation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**  Defendants do not consent to have a magistrate judge conduct all further proceedings.

**14.    OTHER REFERENCES.**  This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES.**  Plaintiff's statement:  Plaintiff anticipates that the parties may be able to narrow issues either by motion (dispositive motions or motions *in limine*), or by stipulated facts presented at trial.  Defendants have already admitted some of Plaintiff's baseline allegations in their Answer to the Complaint.

Defendant's statement:  Defendants contend that they lack sufficient information to narrow issues at this stage.

16. **EXPEDITED SCHEDULE.**  The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

17. **SCHEDULING.**  As Plaintiff's lead trial counsel is scheduled for a six- to eight-week trial in Fresno, starting October 7, 2008, and given the holiday season in late fall and winter, the parties propose the following deadlines and court dates:

   a)  Last day to amend the pleadings or add parties, on September 23, 2008;
   b)  Parties' disclosure of expert designation and reports, on January 20, 2009;
   c)  Close of factual discovery, on February 6, 2009;
   d)  Close of expert discovery, on March 6, 2009;
   e)  Last day to file dispositive motions, on March 24, 2009;
   f)  Last day to file motions *in limine*, on June 2, 2009;
   g)  Pre-trial conference, on June 16, 2009;
   h)  Trial, on July 6, 2009.

18. **TRIAL.**  This case will be tried to a jury.  Plaintiff anticipates that the trial will last between 5 to 7 court days.  Defendants anticipate a trial of no more than 5 days.  Plaintiff will require Spanish language interpretation.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**  Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  In their respective Certifications, both parties stated no other known interest except that of the named parties to the action.

20. **OTHER MATTERS.**  The parties have mutually agreed to accept e-service of all written discovery requests and initial disclosures from the other party.

DATED: June 10, 2008

Respectfully submitted,

Christina Chung
Matthew Goldberg
Carole Vigne
The LEGAL AID SOCIETY
  --EMPLOYMENT LAW CENTER

Hillary Ronen
Rocio Avila
LA RAZA CENTRO LEGAL, INC.


By /S/ CHRISTINA CHUNG
    CHRISTINA CHUNG
    Attorneys for Plaintiff


DATED: June 10, 2008

Ulrico S. Rosales
Elizabeth C. Tippett
WILSON SONSINI GOODRICH & ROSATI


By /S/ ELIZABETH TIPPET
    ELIZABETH TIPPETT
    Attorneys for Defendants

10

1

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to Comply with this Order. In addition, the Court orders:

Dated: _____          _____
                                      HONORABLE ELIZABETH D. LAPORTE
                                      United States Magistrate Judge