Patricia Shiu, State Bar No. 104894
Matthew Goldberg, State Bar No. 240776
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone (415) 864-8848
Facsimile (415) 864-8199

Hillary Ronen, State Bar No. 228606
Rocío Alejandra Avila, State Bar No. 252719
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, Suite 295
San Francisco, CA 94103
Telephone: (415) 575-3500
Facsimile: (415) 255-7593

Attorneys for Plaintiff
VILMA SERRALTA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA,<br><br>               Plaintiff,<br><br>        v.<br><br>SAKHAWAT KHAN; ROOMY KHAN; and<br>DOES ONE through TEN, inclusive,<br><br>               Defendants. | No.  C 08-01427 CW<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**<br><br>Date:  January 8, 2008<br>Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge: Honorable Claudia Wilken |

1

## **TABLE OF CONTENTS**

2

TABLE OF AUTHORITIES ........................................................................................ ii

NOTICE OF MOTION AND MOTION ......................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

   I.   Introduction .......................................................................................................1

   II.  Procedural Background .....................................................................................2

   III. Text of Requests for Production and Special Interrogatories, and Responses
       Thereto, at Issue in this Motion .......................................................................4

   IV. Argument..........................................................................................................13

      A.  The Interrogatories and Requests for Production at Issue in this Motion are
           Relevant and Reasonably Calculated to Lead to the Discovery of Admissible
           Evidence ...............................................................................................14

      B.  The Interrogatories and Requests for Production at Issue in this Motion Do
           Not Implicate Defendants' or Third Parties' Privacy Interests ...................15

      C.  The Interrogatories and Requests for Production at Issue in this Motion are
           Neither Overly Broad nor Unduly Burdensome ...........................................16

      D.  The Interrogatories at Issue in this Motion do not Subject Defendant to
           Unreasonable and/or Undue Annoyance, Oppression, Expense and/or
           Harassment............................................................................................16

      E.  Neither the Attorney-Client Privilege Nor the Work Product Doctrine Bar
           Answers to The Interrogatories and Requests for Production at Issue in this
           Motion...................................................................................................17

      F.  Interrogatory Nos. 2 and 4 Count as Single Interrogatories ........................18

   V.  Conclusion.......................................................................................................19

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Chubb Integrated Sys. Ltd. v. National Bank of Wash.* (D.D.C. 1984) 103 F.R.D. 52 ................................................................................13

*Clarke v. Amer. Commerce National Bank*, 974 F.2d 127 (citing *Fisher v. United States*, 425 U.S. 391) ...........................................................18

*Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548 (E.D. Cal. 1990) ......................15

*Eureka Financial Corp. v. Hartford Acci. & Indemnity Co.*, 136 F.R.D. 179 (E.D. Cal. 1991) ...........................................................17

*Hickman v. Taylor*, 329 U.S. 495 .....................................................18

*Liew v. Breen*, 640 F.2d 1046 (9th Cir. 1981) ........................................14

*Mitchell v. National R.R. Passenger Corp.* (D.D.C. 2002) 208 F.R.D. 455 .................13

*Nagele v. Electronic Data Systems Corp.* (W.D. NY 2000) 193 F.R.D. 94 ..................16

*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281 (C.D. Cal. 1998) .......................13

*Ragge v. MCA Universal Studios*, 165 F.R.D. 601 (C.D. Cal. 1995) ...................15, 16

*Safeco of America v. Rawstrom* (C.D.Cal. 1998) 181 F.R.D. 441 ..........................18

*St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (N.D.IA 2001) 198 F.R.D. 508 ...........................................................16

*Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18 (9th Cir. 1981) ...........................................................17

## FEDERAL STATUTES

F. R. Civ. P. 26(b)(1) .................................................................14

F.R. Civ. P. 26(b)(2)(C)(iii) ..........................................................17

F.R. Civ. P. 26(b)(3) ..................................................................18

F.R.Civ. P. 33(b)(4) ...................................................................13

F.R.Civ. P. 37 .......................................................................1, 2

U.S.D.C. N.D. Cal. Civ. L. R. 7-1 ......................................................1

U.S.D.C. N.D. Cal. Civ. L. R. 37-1(a) ..................................................3

1

**NOTICE OF MOTION AND MOTION**

2        NOTICE IS HEREBY GIVEN that on January 8, 2008, at 2:00 p.m., or as soon

3   thereafter as the matter may be heard, in the above-entitled court, the Plaintiff will move the

4   court for an Order compelling further responses to 1) Plaintiff's Second Set of Requests for

5   Production of Documents to Defendants Roomy Khan and Sakhawat Khan[1] and 2) Plaintiff's

6   First Set of Interrogatories to Defendant Roomy Khan.  Plaintiff also moves for an Order that

7   Defendants and their attorney of record pay to the moving party the sum of $5,865.00 as the

8   reasonable costs and attorneys' fees incurred by the moving party in connection with this

9   proceeding.

10        This Motion is made pursuant to Rule 37 of the Federal Rules of Civil Procedure and

11   Local Rules Civil L.R. 7-1 and 7-2, on the ground that Defendants' refusal to answer the

12   interrogatories and refusal to produce documents is without justification.  This motion will be

13   based on this Notice of Motion and Motion; the attached Memorandum of Points and

14   Authorities; the Declaration of Matthew Goldberg; the interrogatories, requests for production,

15   and responses (copies of which are attached hereto and incorporated herein); the pleadings and

16   records on file in this case; and oral argument.

17

18

**MEMORANDUM OF POINTS AND AUTHORITIES**

19   **I.        Introduction.**

20        Plaintiff Vilma Serralta was employed by Defendants as a domestic worker living in

21   their private residence between July 8, 2002 and September 11, 2006.  This action arises out of

22   allegations that Defendants violated the Fair Labor Standards Act ("FLSA"), the California

23   Labor Code ("Labor Code"), the California Industrial Welfare Commission Wage Order

24   ("IWC Wage Order"), and the California Business and Professions Code ("Business and

25   Professions Code").  Specifically, Plaintiff alleges, *inter alia*, failure to pay minimum wage,

26   _____

27   [1] Plaintiff propounded identical Requests for Production on Defendants Roomy and Sakhawat Khan.
     Defendants' responses to these requests were identical.  For the sake of convenience, all future references
     to these two identical sets of requests (and identical responses) are made in the singular.

28

1   failure to provide proper compensation for overtime hours, failure to provide meal and rest

2   periods, failure to furnish wage and hour statements, and unlawful and unfair business

3   practices.  Compl. ¶¶ 42-93.

4   　　　　Pursuant to Fed. R. Civ. P. 37 and Local Rules 37-2 , Plaintiff moves this Court for an

5   Order compelling further responses to 1) Plaintiff's Second Set of Requests for Production of

6   Documents to Defendants Roomy Khan and Sakhawat Khan and 2) Plaintiff's First Set of

7   Interrogatories to Defendant Roomy Khan.  Plaintiff also moves for an Order that Defendants

8   and their attorney of record pay to the moving party the sum of $5,865.00 as the reasonable

9   costs and attorneys' fees incurred by the moving party in connection with this proceeding.

10   　　　　The requests for production and the interrogatories at issue in this motion seek basic

11   information that will shed important light on facts relevant to Plaintiff's case.  In lieu of good

12   faith responses, Defendants have set forth a set of boilerplate objections, all of which are

13   unavailing.  To date, Defendants have provided no substantive response to the interrogatories

14   at issue nor have they produced any documents in response to the requests for production at

15   issue.  Defendants are either unwilling to undertake the effort to provide the information

16   requested by these discovery requests, or are intentionally endeavoring to prevent Plaintiff

17   from obtaining the information sought.  Either way, Defendants' conduct is improper.

18   　　　　Moreover, Defendants' refusal to respond to these basic and straightforward written

19   discovery requests has had a ripple effect on the progress of the case.  Despite raising the

20   prospect of depositions as far back as May 2008, Plaintiff has been unable to take Defendant

21   depositions due to Defendants' refusal to set forth good faith responses to the written discovery

22   at issue in this motion.  Thus, the net effect of Defendants' failure here has been to

23   substantially prejudice Plaintiff's efforts to conduct meaningful and thorough discovery.  As

24   such, an order compelling straightforward and complete responses is appropriate.

25   **II.**     **Procedural Background.**

26   　　　　Plaintiff began attempting to schedule Defendant depositions in this matter as far back

27   as May 27, 2008.  This effort was memorialized in the June 10, 2008 Joint Case Management

28

1  Statement, which indicated that Plaintiff had initiated a discussion with Defendants regarding

2  deposition scheduling, as well as a series of emails from Plaintiff's counsel to Defendants'

3  counsel.  (Goldberg Decl., Ex. "A").

4  On June 18, 2008, Plaintiff served Defendants Sakhawat Khan and Roomy Khan with

5  forty-one (41) requests for production.  (Goldberg Decl., Ex. "B" and "C").  On June 19, 2008,

6  Plaintiff served Defendant with five (5) narrowly tailored interrogatories, focusing on the

7  identities and work schedules of other employees at Defendants' residence.  (Goldberg Decl.,

8  Ex. "D").  The initial (and only) responses to Plaintiff's requests for production were served by

9  Defendants on July 18, 2008.  (Goldberg Decl., Ex. "E" and "F").  The initial (and only)

10  responses to Plaintiff's interrogatories were served by Defendants on July 24, 2008.  (Goldberg

11  Decl., Ex. "G").  In the month between propounding these discovery requests and receiving

12  responses, Plaintiff's counsel repeatedly attempted to schedule Defendant depositions.

13  The shortcomings in Defendants' responses were immediately apparent, and Defendant

14  depositions were put on hold until the shortcomings could be addressed.  On August 27, 2008,

15  the parties participated in a mediation session with Robert Edwards, which failed to result in

16  any type of agreement or resolution.

17  On September 12, 2008, shortly after the failed mediation session, counsel for Plaintiff

18  sent Defendants' counsel a seven-page letter outlining the specific inadequacies in Defendant's

19  discovery responses in a good faith effort to meet and confer under Rule 37 of the Federal

20  Rules of Civil Procedure and Civil Local Rule 37-1(a).  (Goldberg Decl., Ex. "H").

21  The parties' counsel met and conferred telephonically on September 23, 2008 regarding

22  Defendants' insufficient responses to Plaintiff's written discovery as outlined in Plaintiff's

23  counsel's September 12, 2008 letter.  Defendants' counsel reiterated Defendants' objections to

24  a subset of the disputed inquiries, but promised to reconsider Defendants' responses to the

25  remaining inquiries.

26  Defendants' counsel, however, conducted no such reconsideration.  Instead,

27  Defendants' counsel waited over two weeks before contacting Plaintiff's counsel by telephone

28

on October 8, 2008 to explain that Defendants would be substituting new counsel in this matter.  The following day, Plaintiff's counsel wrote an email to Defendants' counsel seeking clarification on whether Defendants still intended to supplement their responses to any of the disputed discovery inquiries.  (Goldberg Decl., Ex. "I").

Another full week passed before Defendants' counsel, on October 16, 2008 wrote an email that counsel would "get back to [Plaintiff's counsel] by early next week."  (Goldberg Decl., Ex. "J").

Two more weeks passed before Defendant's counsel indicated that Wilson Sonsini Goodrich & Rosati would not engage in any further work on this case, including any work to resolve the discovery disputes at issue in this motion.  On November 17, 2008, Defendants' counsel e-filed a motion to withdraw as counsel in this case.

Thus, over two months after Plaintiff's counsel commenced meeting-and-conferring, and despite a promise to reconsider some responses, Defendants' counsel now refuses to address these ongoing discovery disputes.  As such, a dispute still remains with respect to 1) Plaintiff's Second Set of Requests for Production of Documents, Nos. 3, 16, 18 – 22, and 25 – 35; and 2) Plaintiff's First Set of Special Interrogatories, Nos. 1 – 5.  Moreover, Defendants' failures to adequately respond to these discovery requests (despite two months of meeting-and-conferring) also means that Defendant depositions remain unscheduled over five months after Plaintiff's counsel first raised a need for them.

III.  **Text of Requests for Production and Special Interrogatories, and Responses Thereto, at Issue in this Motion.**

Following is the text of Plaintiff's 18 Requests for Production and 5 Special Interrogatories that are at issue in the instant motion to compel, as well as Defendants' objections and responses thereto.  (Goldberg Decl., Ex. "B", "C", and "D" for Plaintiff's discovery requests, Ex. "E", "F", and "G" for Defendants' responses).

Request for Production No. 3:

ALL DOCUMENTS constituting, reflecting, concerning, describing, referring, or relating to any worker's compensation policy maintained by YOU during any period of time when PLAINTIFF was employed by YOU. This request includes any homeowner's insurance or other insurance policies covering any injuries suffered by individuals while working at YOUR RESIDENCE between July 2002 and September 2006.

Defendant's response provides as follows:

Defendant objects to this request because it calls for the production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request for Production No. 16:

ALL photographs, images, video recordings, computerized images, digital image files, or digital video files in which PLAINTIFF appears.

Defendant's response provides as follows:

Defendant objects to this request on the grounds that (1) it is overly broad or unduly burdensome, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties. Without waiving and subject to this objection, Defendant responds as follows: Defendant will produce all non-privileged documents in his possession or control that are responsive to this Request, except any in which Plaintiff's daughter appears.

Request for Production No. 18:

ALL DOCUMENTS, including COMMUNICATIONS, concerning, identifying, referring, pertaining, or relating to any PERSON(S) who performed any job duty at YOUR RESIDENCE for any business or company YOU operated at YOUR RESIDENCE, at any time from July 2002 to September 2006. This request includes but is not limited to any DOCUMENTS reflecting, concerning, describing, referring, or relating to the job duties and/or responsibilities, dates of employment, or work hours or schedule of any such PERSON(S). To the extent any responsive DOCUMENTS include the Social Security number or taxpayer identification number of such PERSON(S), such information may be redacted.

Defendant's response provides as follows:

Defendant objects to this request on the grounds that (1) it seeks information protected by the attorney client privilege and the attorney work product doctrine, (2) it is overly broad and/or unduly burdensome, (3) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to

1  lead to the discovery of admissible evidence, and (4) it impinges on the
constitutionally protected right to privacy of Defendant and third parties.

2

Request for Production No. 19:

3

4  ALL DOCUMENTS reflecting, describing, referring or relating to the dates,
days of the week, and/or hours per day that YOUR daughter Priyanka attended
5  pre-school or school, at any time from July 2002 to September 2006.

6  Defendant's response provides as follows:

7  Defendant objects to this request on the grounds that (1) it seeks information protected
by the attorney client privilege and the attorney work product doctrine, (2) it is overly
8  broad and/or unduly burdensome, (3) it seeks information that is neither relevant to the
subject matter of this action nor reasonably calculated to lead to the discovery of
9  admissible evidence, and (4) it impinges on the constitutionally protected right to
10  privacy of Defendant and third parties.  Without waiving and subject to these
objections, Defendant responds as follows:
11

12  This request seeks private and confidential information relating to Defendant's minor
child, who is not a party to this litigation.  Defendant will disclose such documents only
13  pursuant to a mutually acceptable

14  Request for Production No. 20:

15  ALL DOCUMENTS reflecting, describing, referring or relating to the dates, days of
the week, and/or hours per day that YOUR daughter Priyanka participated in
16  extracurricular and/or after-school activities or classes, at any time from July 2002 to
September 2006.
17

18  Defendant's response provides as follows:

19  Defendant objects to this request on the ground that (1) it seeks information protected
by the attorney client privilege and the attorney work product doctrine, (2) it is overly
20  broad and/or unduly burdensome, (3) it seeks information that is neither relevant to the
subject matter of this action nor reasonably calculated to lead to the discovery of
21  admissible evidence, and (4) it impinges on the constitutionally protected right to
privacy of Defendants and third parties.  Without waiving and subject to these
22  objections, Defendant responds as follows:
23

24  This request seeks private and confidential information relating to Defendant's minor
child, who is not a party to this litigation.  Defendant will disclose such documents only
25  pursuant to a mutually acceptable Protective Order and after meeting and conferring
over the scope of the request.
26

27  Request for Production No. 21:

28

ALL DOCUMENTS reflecting, concerning, describing, referring or relating to any party, gathering, or social event of ten guests or more that YOU hosted in YOUR RESIDENCE, including but not limited to invitations, catering receipts, menus, guest lists, or equipment rental receipts, at any time from July 2002 to September 2006.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it seeks information protected by the attorney client privilege and the attorney work product doctrine, (2) it is overly broad and/or unduly burdensome, (3) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and (4) it impinges on the constitutionally protected right to privacy of Defendants and third parties.

Request for Production No. 22:

ALL DOCUMENTS that reflect, record, list, or refer to the names, addresses, or telephone numbers of any PERSON(S) who visited YOUR RESIDENCE, including but not limited to address books, notes, letters, memos, emails, or computer files, at any time from July 2002 to September 2006.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it seeks information protected by the attorney client privilege and the attorney work product doctrine, (2) it is overly broad and/or unduly burdensome, (3) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and (4) it impinges on the constitutionally protected right to privacy of Defendants and third parties.

Request for Production No. 25:

ALL photographs, images, video recordings, computerized images, digital image files, or digital video files of YOUR RESIDENCE, taken or recorded at any time from July 2002 to September 2006.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 26:

> ALL DOCUMENTS describing, depicting, relating or referring to any CLEANING
> EQUIPMENT used to clean and/or maintain YOUR RESIDENCE, including but not
> limited to instructional brochures, handling instructions, or warranties, at any time from
> July 2002 to September 2006.

Defendant's response provides as follows:

> Defendant objects to this request on the ground that (1) it is overly broad and/or unduly
> burdensome, and harassing, (2) it seeks information that is neither relevant to the
> subject matter of this action nor reasonably calculated to lead to the discovery of
> admissible evidence, (3) it impinges on the constitutionally protected right to privacy of
> Defendant and third parties, and (4) if seeks information equally available to Plaintiff,
> because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect,
> measure, photograph, and videograph the interior and exterior of Defendants'
> residence.

Request for Production No. 27:

> ALL DOCUMENTS describing, reflecting, recording, referring, or relating to any
> remodeling projects at YOUR RESIDENCE, including but not limited to contracts,
> bids, estimates, architectural plans, receipts, or invoices, at any time from July 2002 to
> the date of YOUR response to PLAINTIFF'S Second Set of Requests for Production of
> Documents to YOU.

Defendant's response provides as follows:

> Defendant objects to this request on the ground that (1) it is overly broad and/or unduly
> burdensome, and harassing, (2) it seeks information that is neither relevant to the
> subject matter of this action nor reasonably calculated to lead to the discovery of
> admissible evidence, (3) it impinges on the constitutionally protected right to privacy of
> Defendant and third parties, and (4) if seeks information equally available to Plaintiff,
> because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect,
> measure, photograph, and videograph the interior and exterior of Defendants'
> residence.

Request for Production No. 28:

> ALL DOCUMENTS that reflect, record, or describe the dimensions, size, and/or
> weight of any and/or all chairs located in the dining or kitchen area(s) of YOUR
> RESIDENCE.

Defendant's response provides as follows:

> Defendant objects to this request on the ground that (1) it is overly broad and/or unduly
> burdensome, and harassing, (2) it seeks information that is neither relevant to the

subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 29:

ALL DOCUMENTS that reflect, record, or describe the dimensions, size, and/or weight of any and/or all area rugs in YOUR RESIDENCE.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 30:

ALL DOCUMENTS that reflect, record, or describe the dimensions, size, and/or weight of any and/or all bed mattresses in YOUR RESIDENCE.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 31:

ALL DOCUMENTS that reflect, record, or describe the dimensions and/or size of any and/or all table(s) used by YOU to dine in YOUR RESIDENCE.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 32:

ALL DOCUMENTS that reflect, record, or describe the dimensions and/or size of any and/or all patio furniture in YOUR RESIDENCE.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 33:

ALL DOCUMENTS that reflect, record, or describe the dimensions and/or size of any and/or all couches or sofas in YOUR RESIDENCE.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 34:

ALL DOCUMENTS that reflect, record, or describe the dimensions and/or size of any and/or all shower stalls in YOUR RESIDENCE.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Request for Production No. 35:

ALL DOCUMENTS that reflect, record, or describe the dimensions and/or size of any and/or all bathtubs in YOUR RESIDENCE.

Defendant's response provides as follows:

Defendant objects to this request on the ground that (1) it is overly broad and/or unduly burdensome, and harassing, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it impinges on the constitutionally protected right to privacy of Defendant and third parties, and (4) if seeks information equally available to Plaintiff, because, on July 4, 2008, Plaintiff entered upon Defendants' property to inspect, measure, photograph, and videograph the interior and exterior of Defendants' residence.

Interrogatory No. 1:

Identify all person(s) or entity(ies) other than Plaintiff who were employed and/or paid by you to clean, maintain, and/or repair your residence (including but not limited to gardening work, pool maintenance, cleaning services, childcare services, catering services, or food preparation services), at any time from January 2002 to the date of your response to Plaintiff's First Set of Interrogatories to you.

Defendant's response provides as follows:

Defendant objects to this interrogatory on the grounds that (1) it is overly broad and/or unduly burdensome, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it subjects Defendant to unreasonable and/or undue annoyance, oppression, expense, and/or harassment, and (4) it impinges on the constitutionally protected right to privacy of Defendant and third parties.

Interrogatory No. 2:

For each person(s) or entity(ies) identified by you in response to
Interrogatory No. 1, state the following: (i) the dates of employment of
service of such person or entity; (ii) the work hours and/or work
schedules of such person or entity; and (iii) the job duties,
responsibilities, and/or services performed at your residence by such
person or entity.

Defendant's response provides as follows:

Defendant objects to this Interrogatory on the grounds that (1) it is overly
broad and/or unduly burdensome, (2) it seeks information that is neither
relevant to the subject matter of this action nor reasonably calculated to
lead to the discovery of admissible evidence, (3) it subjects Defendant to
unreasonable and/or undue annoyance, oppression, expense, and/or
harassment, (4) it impinges on the constitutionally protected right to
privacy of Defendant and third parties and (5) it is compound.

Interrogatory No. 3:

Identify all person(s) who performed any job duty, responsibility, or
service at your residence for any business or company you operated at
your residence, at any time from July 2002 to September 2006.

Defendant's response provides as follows:

Defendant objects to this Interrogatory on the grounds that (1) it is overly
broad and/or unduly burdensome, (2) it seeks information that is neither
relevant to the subject matter of this action nor reasonably calculated to
lead to the discovery of admissible evidence, (3) it subjects Defendant to
unreasonable and/or undue annoyance, oppression, expense, and/or
harassment, (4) it impinges on the constitutionally protected right to
privacy of Defendant and third parties, and (5) it calls for the disclosure of
information that is protected by the attorney-client privilege and/or the
work product doctrine.

Interrogatory No. 4:

For each person identified by you in response to Interrogatory No. 3, state
the following: (i) the dates of employment or service of such person; (ii)
the work hours and/or work schedules of such person; and (iii) the job
duties, responsibilities and/or services performed at your residence by
such person.

Defendant's response provides as follows:

Defendant objects to this interrogatory on the grounds that (1) it is overly
broad and/or unduly burdensome, (2) it seeks information that is neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it subjects Defendant to unreasonable and/or undue annoyance, oppression, expense, and/or harassment, (4) it impinges on the constitutionally protected right to privacy of Defendant and third parties, (5) it calls for the disclosure of information that is protected by the attorney-client privilege and/or the work product doctrine, and (6) it is compound.

Interrogatory No. 5:

Identify all person(s) who visited or stayed at your residence as a house guest, any time from July 2002 to September 2006.

Defendant's response provides as follows:

Defendant objects to this Interrogatory on the grounds that (1) it is overly broad and/or unduly burdensome, (2) it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, (3) it subjects Defendant to unreasonable and/or undue annoyance, oppression, expense, and/or harassment, (4) it impinges on the constitutionally protected right to privacy of Defendant and third parties.

## IV.   **Argument**.

In lieu of substantive responses to the five interrogatories and eighteen requests for production at issue in this motion, Defendants set forth a series of boilerplate objections and privilege claims unaccompanied by any evidence, explanation, or basis.  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998).  All grounds for objection to an interrogatory must be stated "with specificity."  F.R.C.P. 33(b)(4).  If required to make the objection understandable, the objecting party must state reasons for any objection.  *Id.*; *Chubb Integrated Sys. Ltd. v. National Bank of Wash.* (D.D.C. 1984) 103 F.R.D. 52, 58; *Mitchell v. National R.R. Passenger Corp.* (D.D.C. 2002) 208 F.R.D. 455, 458, fn. 4.

1    Notwithstanding this lack of specificity, all of Defendant's responses to the

2    interrogatories and requests at issue in this motion are still unavailing.  Contrary to

3    Defendant's unsupported contentions, each of the interrogatories and requests are relevant to

4    Plaintiff's claim or reasonably calculated to lead to the discovery of admissible evidence.

5    None of them implicate Defendant's or third parties' privacy.  They are neither overly broad

6    nor unduly burdensome.  They do not subject Defendant to unreasonable and/or undue

7    annoyance, oppression, expense, and/or harassment.  Nor are answers barred by the work

8    product doctrine or the attorney-client privilege.

9

10       A.    **The Interrogatories and Requests for Production at Issue in this Motion
                are Relevant and Reasonably Calculated to Lead to the Discovery of
11              Admissible Evidence.**

12       Defendant objects to <u>all</u> of the interrogatories and requests for production at Issue in

13   this motion on grounds of relevancy.  "Parties may obtain discovery regarding any

14   nonprivileged matter that is relevant to any party's claim or defense—including the existence,

15   description, nature, custody, condition, and location of any documents or other tangible things

16   and the identity and location of persons who know of any discoverable matter…Relevant

17   information need not be admissible at the trial if the discovery appears reasonably calculated to

18   lead to the discovery of admissible evidence."  F. R. Civ. P. 26(b)(1).  "For discovery

19   purposes, 'relevancy' is a broad term."  *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981).

20

21       Plaintiff's core claims for unpaid minimum and overtime wages are based on her

22   contention that she worked virtually every day and did so for extremely long hours.

23   Defendants deny this contention.  All of the requests for production and interrogatories at issue

24   in this motion relate to this core issue of Plaintiff's hours, schedule, and duties.

25       For example, the request for the production of documents related to other employees at

26   Defendants' residence is relevant to whether Plaintiff had any assistance with her

27

28

housekeeping and childcare duties.  The request for the production of documents related to large parties at Defendants' residence is relevant to whether Plaintiff had additional party preparation and hosting duties and whether there were any witnesses to those additional duties. The requests for production of documents related to Defendants' daughter's schedule and activities are directly relevant to determining the specific hours Plaintiff spent caring for Defendants' daughter.  The requests for the production of documents related to the physical size and layout of Defendants' residence is relevant in determining how much time Plaintiff spent performing her various housekeeping duties.

The five interrogatories at issue in this motion seek nothing more than information about other persons employed at Defendants' residence and information about visitors to the residence who may have witnessed Plaintiff's work.  Each of these interrogatories is directly relevant to the most basic issues about Plaintiff's hours, schedule, and duties.

**B.     The Interrogatories and Requests for Production at Issue in this Motion Do Not Implicate Defendants' or Third Parties' Privacy Interests**.

Defendant objects to <u>all</u> of the interrogatories and requests for production at issue in this motion on grounds of privacy.  The right to privacy enshrined in the California Constitution is not a complete bar to discovery, and indeed, the inherent demands of litigation may merit invasion of privacy.  *See Ragge v. MCA Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995); *Cook v. Yellow Freight System, Inc.,* 132 F.R.D. 548, 551 (E.D. Cal. 1990) ("Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependant on accuracy and truth").

Thus, when facing a challenge to proposed discovery on privacy grounds, a court will undertake a balancing test, weighing the need for information against the privacy interest asserted.  *Ragge*, 165 F.R.D. at 604-05.

Case4:08-cv-01427-CW   Document55   Filed11/24/08   Page19 of 22

1   None of the interrogatories or requests for production at issue in this motion implicate

2   substantial privacy interests.  None of these inquiries "pertain to sexual, health, or financial

3   matters, areas generally considered to be private or confidential."  *See id.* at 604.  In contrast,

4   the information sought through these interrogatories and requests for production, concerning

5   the nature and quantity of Plaintiff's work for Defendant and the identity of individuals who

6   can corroborate Plaintiff's claims, is critical to the resolution of this lawsuit and the pursuit of

7   truth and justice.

8

9       **C.    The Interrogatories and Requests for Production at Issue in this Motion
                are Neither Overly Broad nor Unduly Burdensome.**

10

11          Defendant objects to <u>all</u> of the interrogatories and requests for production at issue in

12   this motion as overbroad and/or unduly burdensome.  Objections must explain how a request

13   or interrogatory is overbroad or unduly burdensome.  *St. Paul Reinsurance Co., Ltd. v.*

14   *Commercial Fin'l Corp.* (N.D.IA 2001) 198 F.R.D. 508, 512.  The objecting party must

15   "particularize" the bases for the objection.  *Nagele v. Electronic Data Systems Corp.* (W.D.

16   NY 2000) 193 F.R.D. 94, 109.  Defendants have failed to substantiate or explain these

17   objections, thus they are unavailing.

18

19       **D.    The Interrogatories at Issue in this Motion do not Subject Defendant to
                Unreasonable and/or Undue Annoyance, Oppression, Expense and/or
                Harassment.**

20

21          Defendant further objects that <u>all</u> of the interrogatories at issue in this motion (but not

22   the requests for production) subject Defendant to unreasonable and/or undue annoyance,

23   oppression, expense and/or harassment.  To the contrary, Plaintiff's straightforward requests

24   are facially reasonable, narrowly tailored, and void of any hint of annoyance, oppression,

25   expense, or harassment.  As such, it is unsurprising that, similar to all prior objections,

26   Defendant fails to provide any factual basis or explanation for the objections.

27

28

No. C 08-01427 CW: Notice of Motion and Motion                Page 16

However, if Defendant were to garner factual evidence in support of this objection, she would face a high bar.  A court will undertake a balancing test to determine whether "the burden or expense of the proposed discovery outweighs its likely benefit."  F.R. Civ. P. 26(b)(2)(C)(iii).  In making this determination, a court will consider "the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  *Id.*  Here, the fundamental rights at issue, the importance of identifying witnesses to corroborate Plaintiff's allegations and verify disputed facts, and Defendants' significant financial resources weigh strongly in favor of allowing the proposed discovery to stand.  *See id.*

**E.      Neither the Attorney-Client Privilege Nor the Work Product Doctrine Bar Answers to The Interrogatories and Requests for Production at Issue in this Motion.**

Defendants make a vague and unsupported reference to attorney-client privilege and the work-product doctrine in their attempt to evade interrogatory nos. 3 and 4 and requests for production nos. 18 through 22.  However, these objections have no bearing on the interrogatories and requests at issue.  Within an individual discovery response, a "blanket objection," on the basis of privilege is improper.  *Eureka Financial Corp. v. Hartford Acci. & Indem. Co*., 136 F.R.D. 179, 182 (E.D. Cal. 1991).  "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege."  *Id*. Moreover, because the assertion of privilege hinders the pursuit of truth and justice, such assertions are strictly construed.  *Id*. (citing *Weil v. Investment/Indicators, Research and Management, Inc*., 647 F.2d 18, 24 (9th Cir. 1981).

Work product doctrine governs the discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  F.R. Civ. P. 26(b)(3).  This doctrine is designed to prevent parties from

benefiting from the "wits" of their opponents.  *Hickman v. Taylor*, 329 U.S. 495, 516.  In stark contrast, Plaintiff's interrogatories concern only factual information that Defendant is fully capable of producing without the aid of counsel.  Thus, the factual inquiries contained in Plaintiff's interrogatories fall well outside the scope of this doctrine.

Nor is attorney-client privilege at issue here.  Attorney-client privilege only functions as a bar to discovery when "necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney."  *Clarke v. Amer. Commerce Nat'l Bank*, 974 F.2d 127, 129 (citing *Fisher v. United States*, 425 U.S. 391, 403).  Again, because nothing in Plaintiff's interrogatories or requests for production requires the assistance or involvement of Defendant's counsel, these interrogatories and requests do not implicate the attorney-client privilege.

**F.      Interrogatory Nos. 2 and 4 Count as Single Interrogatories.**

Defendant further objects to Interrogatory Nos. 2 and 4 as compound.  A single question asking for several bits of information relating to the same topic counts as one interrogatory.  See *Safeco of America v. Rawstrom* (C.D.Cal. 1998) 181 F.R.D. 441, 445 (subparts count as one interrogatory "if they are logically or factually subsumed within and necessarily related to" primary question).  The three subparts to Interrogatory Nos. 2 and 4 seek information about the nature of employment – dates, hours, and duties – of the individuals identified in response to Interrogatory Nos. 1 and 3.  These subparts relate to and are subsumed within the primary question.  Regardless of whether the interrogatories presented to Defendant count as one or more interrogatories for the purpose of the 25-interrogatory limit, Plaintiff has not exceeded the limit.  Defendant is obligated to respond to these interrogatories.

**V.      <u>Conclusion.</u>**

1       For the aforementioned reasons, the Court should grant Plaintiff's motion to compel

2  further responses to 1) Plaintiff's Second Set of Requests for Production of Documents to

3  Defendants Roomy Khan and Sakhawat Khan and 2) Plaintiff's First Set of Interrogatories to

4  Defendant Roomy Khan.  The Court should further grant Plaintiff's motion for an Order that

5  Defendants and their attorney of record pay to the moving party the sum of $5,865.00 as the

6  reasonable costs and attorneys' fees incurred by the moving party in connection with this

7  proceeding.

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER

Dated:  November 24, 2008      By: /s/          Matthew Goldberg
                               Matthew Goldberg
                               Counsel for Plaintiff