ULRICO S. ROSALES, State Bar No. 139809
STEPHEN L. TAEUSCH, State Bar No. 247708
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: urosales@wsgr.com, staeusch@wsgr.com

Attorneys for Defendants
SAKHAWAT KHAN and ROOMY KHAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA, | CASE NO.: CV 08 1427 EDL |
| Plaintiff, | **DECLARATION OF STEPHEN TAEUSCH IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER PERMITTING WITHDRAWAL AND SUBSTITUTION OF COUNSEL** |
| v. | |
| SAKHAWAT KHAN, ROOMY KHAN And DOES ONE through TEN, inclusive, | |
| Defendants. | (Civ. L.R. 7-11 and 11-5) |

DECL. OF TAEUSCH ISO MOTION FOR ORDER
PERMITTING WITHDRAWAL AND SUBSTITUTION
OF COUNSEL

I, Stephen Taeusch, declare as follows:

I am an associate in the law firm of Wilson Sonsini Goodrich & Rosati, Professional Corporation ("WSGR"). I am admitted to practice before the courts of the State of California. I submit this declaration in support of the concurrently filed Motion for Order Permitting Withdrawal and Substitution of Counsel. I have personal knowledge of the following facts and can testify competently to those facts:

1. WSGR's withdrawal as counsel of record for Defendants Sakhawat and Roomy Khan ("Defendants"), and the accompanying Motion for Order Permitting Withdrawal and Substitution of Counsel, are based on California Rule of Professional Conduct 3-700(C)(5) (client knowingly and freely assents to termination of representation). Defendants have informed me that, in light of the parties' recent failure to settle their dispute through court-sponsored mediation, the protracted nature of the litigation, and the likelihood that this matter will proceed to trial, Defendants do not have the financial ability to pay WSGR's hourly rates and have determined that it is in their best interests to represent themselves in this matter as litigants *pro se*.

2. Defendants are aware of the consequences of representing themselves *pro se*, and are prepared to do so if they are unable to secure counsel that is more affordable.

3. WSGR will take whatever steps are necessary to facilitate its prompt and smooth withdrawal as counsel.

4. On November 17, 2008, I first informed Counsel for Plaintiff, Matthew Goldberg of Legal Aid Society–Employment Law Center and Hillary Ronen of La Raza Centro Legal, Inc., of Defendants' intent to seek an order permitting WSGR to withdraw as Defendants' counsel of record. On November 21, 2008, Defendants filed a Motion for Administrative Relief to Approve Withdrawal of Counsel. On December 1, 2008, the Court denied Defendants' Motion, without prejudice to re-filing after Defendants responded to Plaintiff's Motion to Compel and complied with any outstanding discovery requests not subject to reasonable objections. The Court indicated that withdrawal would then be allowed only if Defendants concurrently substituted themselves in *pro se* or appeared through new counsel.

4. On December 19, 2008, Defendants provided supplemental responses and responsive documents to the discovery requests at issue in Plaintiff's Motion to Compel, as a result of which Plaintiff withdrew her Motion to Compel on December 23, 2008.

5. On December 31, 2008, my colleague, Ulrico Rosales, the attorney principally responsible for this matter, informed Plaintiff's counsel, Matthew Goldberg of Defendants' intent to file the concurrently filed Motion for Order Permitting Withdrawal and Substitution of Counsel.  On January 7, 2009, Mr. Goldberg informed me that Plaintiff will not oppose Defendants' Motion for Order Permitting Withdrawal and Substitution of Counsel.  I am causing a copy of this Declaration and the accompanying Motion to be served on Plaintiff's counsel.

6. The accompanying Motion for Order Permitting Withdrawal and Substitution of Counsel is not accompanied by a stipulation with opposing counsel (Civil L.R. 7-11(a)) because the California Rules of Professional Conduct and Local Rules do not implicate the opposing party's consent when an attorney must withdraw as counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed in Palo Alto, California on January 8, 2009.

                                                 /s/ Stephen Taeusch
                                                 Stephen Taeusch