Christopher Ho, State Bar No. 129845
Christina N. Chung, State Bar No. 194630
Matthew Goldberg, State Bar No. 240776
Carole Vigne, State Bar No. 251829
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone (415) 864-8848
Facsimile (415) 864-8199

Hillary Ronen, State Bar No. 228606
Rocío Alejandra Avila, State Bar No. 252719
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, Suite 295
San Francisco, CA 94103
Telephone: (415) 575-3500
Facsimile: (415) 255-7593

Attorneys for Plaintiff
VILMA SERRALTA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VILMA SERRALTA,<br><br>               Plaintiff,<br>v.<br><br>SAKHAWAT KHAN; ROOMY KHAN; and DOES ONE through TEN, inclusive,<br><br>               Defendants. | No. C 08-01427 CW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO MODIFY CASE MANAGEMENT SCHEDULE**<br><br>**[Fed.R.Civ.P. 16(b)(4); Civ. L. R. 16-2(d)]**<br><br>Date:  February 19, 2009<br>Time:  2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge: Honorable Claudia Wilken |

PLAINTIFF'S NOTICE OF MOTION AND
MOTION TO MODIFY CASE MANAGEMENT SCHEDULE
NO. C 08-01427 CW

1  TO DEFENDANTS ROOMY KHAN AND SAKHAWAT KHAN:

2  PLEASE TAKE NOTICE that on February 19, 2009, at 2 p.m., or as soon as the Court may hear this matter prior to the regularly-noticed hearing date, Plaintiff hereby makes this motion pursuant to Federal Rules of Civil Procedure 16(b)(4) and Civil Local Rule 16-2(d). (Plaintiff's Motion for an Order Shortening Time is filed concurrently herewith.) By this motion, Plaintiff respectfully requests an Order Modifying the Case Management Schedule ("Scheduling Order") issued by this Court on July 22, 2008. Due to unanticipated events that have developed since the Initial Case Management Conference on July 22, 2008, and based on Plaintiff's diligent efforts to prosecute this case, good cause exists to modify the dates set forth therein.

Plaintiff's Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration filed in support thereof, and on any other matters that may be presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF ISSUES

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rule 16-2(d), Plaintiff requests a 90-day extension of the expert and fact discovery cut-off dates of January 20 and February 6, 2009, respectively, and of all subsequent dates set forth in the Case Management Schedule ("Scheduling Order"), based on the following: (1) Defendants' persistent delay tactics have prevented Plaintiff from conducting relevant and essential discovery in this case; (2) Defendants' counsel has withdrawn from the case and Defendants are securing substitution of counsel; (3) informal settlement discussions are ongoing. For these reasons, adherence to the current dates set forth in the Scheduling Order would be in neither party's interest and would prejudice Plaintiff despite her diligent efforts to comply with the Scheduling Order.

On January 6, 2009, Plaintiff's counsel met and conferred with Ulrico Rosales of Wilson Sonsini Goodrich & Rosati ("WSGR"), who was counsel for Defendants at that time. *See* Declaration of Matthew Goldberg in Support of Plaintiff's Motion to Modify Case Management Schedule ("Goldberg Decl.") ¶ 26. Plaintiff's counsel asked if Defendants would stipulate to an

extension of the discovery cut-off, but was informed by Mr. Rosales that Defendants would not so agree. Goldberg Decl. ¶ 26. On January 15, 2009, because of the withdrawal of Defendants' counsel from this case, Plaintiff's counsel left voicemail and email messages for Defendants Sakhawat Khan and Roomy Khan, to inquire as to whether Defendants would now stipulate to a 90-day extension of the trial date and all associated dates including the discovery cut-off, or to a hearing on this issue on shortened time, during the week of January 20. Goldberg Decl. ¶ 27. As of this filing, Defendants have not informed Plaintiff's counsel that their position on this matter has changed and that they would stipulate to Plaintiff's proposal. Goldberg Decl. ¶ 27. Any further delay in seeking a modification of the Scheduling Order would prejudice Plaintiff due to the impending deadlines.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 13, 2008, Plaintiff filed the instant action under the federal Fair Labor Standards Act and cognate state laws, alleging that Defendants deprived Plaintiff of her most basic workplace rights and protections by failing to pay her lawful wages. Compl. ¶ 1-2, 14-41.

On May 6, 2008, concerned that Defendants were in the process of selling their residence, the key piece of physical evidence in this case, Plaintiff filed a Motion for Leave to Conduct Limited Expedited Discovery and to Permit Entry and Inspection of Land and Tangible Things. Plaintiff's motion resulted in a stipulation by the parties and a Court Order on June 6, 2008, granting the inspection. After agreeing upon an inspection date and negotiating various logistical details with Defendants, Plaintiff conducted the inspection on July 4, 2008. Goldberg Decl. ¶ 2.

After Plaintiff's counsel requested a Rule 26(f) conference, the parties met and conferred on May 27, 2008, and subsequently timely filed an initial Joint Case Management Statement proposing scheduling dates. Goldberg Decl. ¶¶ 3, 6. When the case was reassigned to this Court after Defendants declined to consent to the Magistrate Judge, Plaintiff's counsel again initiated a meet and confer with Defendants' counsel in order to submit a Subsequent Joint Case Management Statement, pursuant to this Court's Case Management Scheduling Order. Goldberg Decl. ¶¶ 4-5.

At the Rule 26(f) conference, Plaintiff's counsel requested deposition dates from Defendants. Goldberg Decl. ¶ 6. For the next several months, Plaintiff's counsel attempted to secure dates

certain for their depositions. Goldberg Decl. ¶¶ 6, 12, 14. However, Defendants' counsel insisted that a protective order needed to be agreed upon by the parties with respect to all discovery conducted by Plaintiff in this case, including depositions. Goldberg Decl. ¶ 7. Following the inspection of Defendants' residence, Plaintiff's counsel began corresponding in good faith with Defendants' counsel about the proposed protective order, which Plaintiff deemed overbroad and which resulted in delaying the depositions of Defendants. Among other terms, Defendants insisted on blanket provisions requiring confidentiality of any discovery information "designated" by Defendants as "confidential," such as information "revealed during depositions" as well as all deposition transcripts (including those of non-parties, once marked as "confidential" by Defendants or the non-party). Goldberg Decl. ¶ 8.

In the meantime, on June 18, 2008, Plaintiff also promptly served Defendants with requests for production, including requests for documents relating to Plaintiff's work hours and duties. Goldberg Decl. ¶ 9. On June 19, 2008, Plaintiff served Defendant Roomy Khan with five (5) narrowly-tailored interrogatories, focusing on the identities of other employees or visitors at Defendants' residence while Plaintiff worked and lived there. Goldberg Decl. ¶ 9. Defendants served answers to Plaintiff's requests for production and interrogatories on July 18 and July 24, 2008. Goldberg Decl. ¶ 10.

In the month between propounding discovery requests and receiving responses from Defendants, Plaintiff's counsel repeatedly attempted to schedule Defendants' depositions. Goldberg Decl. ¶ 12. However, Defendants then served incomplete responses to Plaintiff's discovery requests – responses that were necessary in order to adequately examine Defendants at their depositions and to enable Plaintiff to investigate evidence related to possible percipient witnesses. Goldberg Decl. ¶ 11. As a result, Defendants' depositions were effectively held in abeyance by Defendants until supplemental responses were provided by them, and Plaintiffs were prevented from conducting discovery against potential third party witnesses whose identities and contact information could only be revealed by Defendants. Goldberg Decl. ¶ 11.

On July 22, 2008, this Court held an Initial Case Management Conference. The following dates were set in the resulting Scheduling Order:
- Completion of fact discovery: February 6, 2009;
- Disclosure of identities and reports of expert witnesses: January 20, 2009;
- Completion of expert discovery: March 6, 2009;
- All case-dispositive motions to be heard on or before: April 2, 2009;
- Date of next case management conference: April 2, 2009;
- Final Pre-trial Conference on: June 23, 2009;
- Trial date: July 6, 2009.

On August 27, 2008, the parties participated in an unsuccessful mediation session. Goldberg Decl. ¶ 13. On September 12, 2008, because the parties were unable to resolve this matter at the mediation, counsel for Plaintiff sent Defendants' counsel a seven-page letter outlining the specific inadequacies in Defendant's written discovery responses in a good faith effort to meet and confer. Goldberg Decl. ¶ 14. On that same day, Plaintiff's counsel again requested deposition dates from Defendants. Goldberg Decl. ¶ 14.

On September 23, 2008, the parties met and conferred regarding Defendants' insufficient responses to Plaintiff's written discovery. Goldberg Decl. ¶ 15. Defendants' counsel reiterated objections to a subset of the disputed inquiries, but promised to reconsider Defendants' responses to the remaining requests. Goldberg Decl. ¶ 15. However, no such reconsideration took place. Goldberg Decl. ¶ 16-19.

Instead, Defendants' counsel waited over two weeks before contacting Plaintiff's counsel by telephone on October 8, 2008 to explain that Defendants would be substituting new counsel in this matter. Goldberg Decl. ¶ 16. The following day, Plaintiff's counsel wrote an email to Defendants' counsel seeking clarification on whether Defendants still intended to supplement their incomplete discovery responses. Goldberg Decl. ¶ 17. Defendants' counsel took another full week to send an email on October 16 that counsel would "get back to [Plaintiff's counsel] by early next week." Goldberg Decl. ¶ 18.

However, two more weeks passed before Defendants' counsel indicated that WSGR would do nothing further in this case and would not work on any outstanding discovery disputes. Goldberg Decl. ¶ 19. On November 18, 2008, Defendants' counsel filed a motion to withdraw as counsel in

1  this case. [Docket No. 53.] Thus, for almost two months, Defendants failed to respond to Plaintiff's good faith attempts to resolve the written discovery disputes.

On November 24, 2008, Plaintiff thereupon filed a Motion to Compel Further Responses to Plaintiff's Second Set of Requests for Production of Documents and Plaintiff's First Set of Interrogatories ("Motion to Compel"). [Docket No. 55.] The hearing on Plaintiff's Motion to Compel was noticed for January 8, 2009. On December 1, 2008, Defendants again sought additional time by requesting a continuance of the hearing date on Plaintiff's Motion to Compel. [Docket No. 58.] That same day, this Court denied without prejudice WSGR's initial motion to withdraw as counsel in this case. [Docket No. 60.] On December 10, 2008, the Court granted a continuance of the hearing on Plaintiff's Motion to Compel. [Docket No. 61.]

On December 19, 2008, following several meet and confer email exchanges, Defendants finally supplemented their written discovery responses. These supplemental responses included, for the first time, the names and contact information of more than a dozen potential witnesses. Goldberg Decl. ¶ 22. Plaintiff then withdrew her Motion to Compel on December 23, 2008. [Docket No. 64.]

Immediately upon receipt of Defendants' supplemental responses, on December 19, 2008, Plaintiff served notices for the depositions of Defendants Roomy and Sakhawat Khan, to take place on January 13 and 14, 2009, respectively. Goldberg Decl. ¶ 23. On December 30, Defendants' counsel replied that Defendants were not available on those dates and instead suggested deposition dates in the first week of February 2009. Goldberg Decl. ¶ 24.

Simultaneously, at the end of December, WSGR initiated informal settlement negotiations with Plaintiff's counsel. Goldberg Decl. ¶ 25. Such negotiations took place through the first two weeks of this month. Goldberg Decl. ¶ 25. On January 12, 2009, Plaintiff's counsel was informed by WSGR that as of that date, no agreement had yet been reached to resolve the case. As of the date of this filing, Plaintiff has not received final indication from Defendants regarding the status of such negotiations. Goldberg Decl. ¶ 25.

On January 12, 2009, this Court issued an Order permitting WSGR to withdraw as counsel. [Docket No. 67.] Defendants now represent themselves *pro se*, and appear to be in the process of

PLAINTIFF'S NOTICE OF MOTION AND  PAGE 5
MOTION TO MODIFY CASE MANAGEMENT SCHEDULE
NO. C 08-01427 CW

securing substitute counsel.  *See* Defendants' Motion for Administrative Relief to Continue Hearing on Plaintiff's Motion to Compel Further Discovery Responses, at 1 (stating that "Defendants have begun the process of retaining lower-cost successor counsel to represent them in this matter…") [Docket No. 58]; Declaration of Stephen Taeusch in Support of Defendants' Motion for Order Permitting Withdrawal and Substitution of Counsel, ¶ 2 (noting that "Defendants are aware of the consequences of representing themselves *pro se*, and are prepared to do so if they are unable to secure counsel that is more affordable.") [Docket No. 66.]

### III.   ARGUMENT

A court may grant modification of a scheduling order upon a showing of good cause. Fed.R.Civ.P. 16(b)(4); Civ. L.R. 16-2(d).  This standard "focuses on the reasonable diligence of the moving party."  *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *Johnson v. Mammoth Recreations*, Inc. 975 F.2d. 604, 609 (9th Cir. 1992) (stating that "[a]though the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification").  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609 (citing Fed.R.Civ.P. Advisory Committee Notes (1983 amendment)).

In evaluating reasonable diligence, district courts, in turn, have considered the following factors: (a) whether the moving party was diligent in assisting the court in creating a workable scheduling order; (b) whether any actual or anticipated inability to comply with the scheduling order resulted from the development of matters which could not have been reasonably foreseen or anticipated at the time of the scheduling conference; and (c) whether the party diligently sought modification once it became apparent that compliance with the scheduling order was not possible. *See, e.g., Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4857942 * 1 (N.D. Cal. 2008); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Here, because Plaintiff satisfies all three factors above and has demonstrated reasonable diligence in prosecuting this case, good cause exists to modify the Scheduling Order.

### A. <u>Plaintiff Was Diligent in Assisting the Court in Fashioning a Workable Scheduling Order.</u>

From the inception of this case, Plaintiff has worked steadfastly to adhere to the timetables mandated by the Federal and Local Rules. Plaintiff initiated the Rule 26(f) conference with Defendants' counsel and ensured that both the Initial and Subsequent Joint Case Management Statements were timely filed by the parties. Goldberg Decl. ¶¶ 3-6. As a result, Plaintiff worked diligently to propose to the Court workable scheduling dates for this matter.

For the reasons set forth below, the scheduling dates initially proposed by Plaintiff could not have accommodated the unforeseen circumstances that have transpired since the Case Management Conference. *See Jackson*, 186 F.R.D. at 608 (analyzing whether the moving party was previously aware when the status report was submitted to the court of the circumstances purportedly necessitating modification of the scheduling order, in order to assess whether the duty to assist the court in creating a scheduling order was discharged).

### B. <u>The Need to Modify the Scheduling Order Has Resulted From Unanticipated Circumstances Including Delays Caused by Defendants, Despite Plaintiff's Diligent Efforts to Prosecute this Case.</u>

Three compelling reasons establish good cause to modify the Scheduling Order in this case: (1) Defendants have engaged in ongoing dilatory tactics; (2) Defendants appear to be securing new counsel to represent them; (3) informal settlement negotiations have commenced.

1. <u>Defendants have only recently provided complete responses to Plaintiff's written discovery requests identifying possible percipient witnesses, and party depositions have not yet been taken despite Plaintiff's repeated efforts to schedule them.</u>

Due to unanticipated delays caused by Defendants since the Initial Case Management Conference, Plaintiff has been impeded from conducting essential discovery in this case. Modification of the Scheduling Order is necessary to prevent Defendants from unfairly benefiting from their stalling tactics, despite Plaintiff's good faith attempts to expeditiously resolve outstanding discovery disputes and repeated efforts to schedule Defendants' depositions.

From the outset of this case, Plaintiff has endeavored to diligently prosecute this matter. Plaintiff successfully moved to conduct limited expedited discovery of the Defendants' residence, as

1  well as promptly propounded requests for production and interrogatories on Defendants less than a
2  month after the Rule 26(f) conference. Goldberg Decl. ¶¶ 2-3, 9.

3  Moreover, at the first available opportunity during the Rule 26(f) conference in May 2008,
4  Plaintiff's counsel requested deposition dates from Defendants. Goldberg Decl. ¶ 6. For over seven
5  months, Plaintiff's counsel has attempted to secure dates certain for Defendants' depositions.
6  Goldberg Decl. ¶¶ 6, 12, 14, 23. However, Defendants effectively prevented their depositions from
7  taking place – first, by insisting on negotiating an overbroad protective order for all discovery
8  conducted by Plaintiff in this case that would allow Defendants to designate all deposition transcripts
9  and discovery produced as "confidential"; and second, by refusing to provide Plaintiff with complete
10 responses to written discovery requests that Plaintiff deemed necessary to adequately examine
11 Defendants at their depositions. Goldberg Decl. ¶¶ 7-8, 11. Indeed, Defendants took *six months* to
12 provide complete responses to Plaintiff's written discovery requests – and only after Plaintiff engaged
13 in an extensive good faith effort to address the discovery disputes and was forced to file a motion to
14 compel. Goldberg Decl. ¶¶ 14-22. Defendants' dilatory conduct included a span of almost a month
15 when WSGR failed to confirm whether Defendants intended to resolve the outstanding discovery
16 disputes before WSGR withdrew as counsel. Goldberg Decl. ¶¶ 15-19.

17 Immediately upon receipt of Defendants' supplemental responses on December 19, 2008,
18 Plaintiff noticed the depositions of Defendants to take place in mid-January. However, before
19 withdrawing as counsel, WSGR responded that Defendants were not available on those dates and
20 instead proposed dates in the first week of February 2009. Goldberg Decl. ¶¶ 23-24. As a result of
21 Defendants' actions, Plaintiff has not been able to take their depositions and has no assurance that,
22 given Defendants' pattern of delay and refusal to comply with Plaintiff's discovery requests, they will
23 actually sit for their depositions before the expiration of the current fact discovery cut-off of February
24 6. This is of particular concern in light of the fact that Defendants' counsel has withdrawn from the
25 case and Defendants appear to be in the process of seeking and obtaining new representation.

26 Furthermore, Defendants' delinquent supplemental responses included, for the first time, the
27 names and contact information of more than a dozen potential witnesses whose identities and contact
28

PLAINTIFF'S NOTICE OF MOTION AND                                                                    PAGE 8
MOTION TO MODIFY CASE MANAGEMENT SCHEDULE
NO. C 08-01427 CW

information were previously unknown to Plaintiff. Goldberg Decl. ¶¶ 11, 22. Due to the fact that Defendants have provided this new and highly relevant information in the eleventh hour, Plaintiff does not have sufficient time before the current discovery cut-off to locate these potential third party witnesses, conduct adequate fact investigation, and subpoena their depositions as well as possible documents.

Such delay tactics by Defendants were not reasonably anticipated by Plaintiff, who will now be prejudiced if the Scheduling Order is not modified.[1] *See Noyes*, 488 F.3d at 1174 (finding district court abused discretion in denying motion to modify the scheduling order, where opposing party engaged in multiple delays of the deposition of a central defense witness).

### 2. Defendants have indicated they are in the process of retaining new counsel.

Plaintiff is requesting a modification of the Scheduling Order that would benefit all parties.[2] Given the recent unanticipated withdrawal of Defendants' counsel, Plaintiff's request for an extension of the upcoming deadlines in the Scheduling Order would provide Defendants with the opportunity to secure new counsel, who would require time to become familiar with the issues and facts in this case.

### 3. An extension of the remaining deadlines in the Scheduling Order would provide room for informal settlement discussions to proceed.

Informal settlement negotiations commenced between the parties at the end of December, but Plaintiff has not received final indication from Defendants regarding the status of such negotiations. Goldberg Decl. ¶ 25. Because Plaintiff is not in a position to wait for the fruition of these negotiations due to the impending deadlines in this case, Plaintiff has filed the instant motion.

---

[1] Plaintiff is seeking an extension of all remaining deadlines in the Scheduling Order, including the fact and expert discovery cut-offs, the last date to hear dispositive motions, and the trial date. Plaintiff expects that the depositions of Defendants and information from third party witnesses just recently identified by Defendants may inform the opinions of experts Plaintiff may utilize, as well as any motion for summary judgment or adjudication. Plaintiff also anticipates an extension of the trial date is accordingly necessary, in order to accommodate a new discovery timetable as well as the possible need to engage in increased pretrial preparation.

[2] Prejudice to the non-moving party is not the proper focus in determining whether good cause exists to modify a scheduling order. *See Johnson*, 975 F.2d at 609. However, to the extent such potential prejudice may supply an *additional* reason to deny a request for modification, Plaintiff notes that Defendants only stand to gain from this request, given the recent withdrawal of their counsel.

Accordingly, a modification of the Scheduling Order would enable the parties to explore if a settlement is in fact possible at this juncture.

### C. Plaintiff Has Promptly Sought Modification of the Scheduling Order.

In addition to diligent attempts to conduct discovery in this case, Plaintiff has promptly sought modification of the Scheduling Order – both before the expiration of any of the deadlines sought to be modified, and immediately after it became apparent that the current timetable could not be met. Specifically, Plaintiff has submitted this motion soon after receiving Defendants' supplemental discovery responses identifying potential percipient witnesses, discovering that Defendants would not appear for their depositions noticed in mid-January, and being informed just this week that informal settlement discussions had not resulted in an agreement. Goldberg Decl. ¶¶ 22, 24, 25. *See Noyes*, 488 F.3d at 1174 (finding district court abused discretion in denying motion to modify the scheduling order, where key deposition at issue had been timely noticed more than two weeks prior to the discovery cut-off but deposition was delayed by the party opposing modification).[3]

## V. CONCLUSION

For the reasons submitted herein establishing good cause, Plaintiff respectfully requests an extension of 90 days for each of the upcoming deadlines in the Scheduling Order, as set forth in the [Proposed] Order (filed concurrently herewith).

DATED: January 16, 2009

Respectfully submitted,
Christopher Ho
Matthew Goldberg
The LEGAL AID SOCIETY
 --EMPLOYMENT LAW CENTER

Hillary Ronen
Rocio Avila
LA RAZA CENTRO LEGAL, INC.

By /S/ CHRISTOPHER HO
  CHRISTOPHER HO

---

[3] *Cf. Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1026-27 (9th Cir. 2006) (denying modification of discovery cut-off date where plaintiff sought leave *after* the discovery deadline had passed in order to depose a witness whom the plaintiff had previously planned to call as a surprise witness at trial) (emphasis added); *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (denying motion to amend scheduling order to allow more discovery and continue trial date where plaintiff waited four months before seeking relief).

1                                           Attorneys for Plaintiff

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28