1  Christopher Ho, State Bar No. 129845
   Christina N. Chung, State Bar No. 194630
2  Carole Vigne, State Bar No. 251829
   The Legal Aid Society – Employment Law Center
3  600 Harrison Street, Suite 120
   San Francisco, CA 94107
4  Telephone (415) 864-8848
   Facsimile (415) 864-8199
5

6  Hillary Ronen, State Bar No. 228606
   Rocío Alejandra Avila, State Bar No. 252719
7  LA RAZA CENTRO LEGAL, INC.
   474 Valencia Street, Suite 295
8  San Francisco, CA 94103
   Telephone: (415) 575-3500
9  Facsimile: (415) 255-7593
10
   Attorneys for Plaintiff
11 VILMA SERRALTA

12                **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14 | VILMA SERRALTA,                          ) No. C 08-01427 CW
15 |                                          )
   |                        Plaintiff,        ) **PLAINTIFF'S MOTION FOR AN ORDER**
16 |         v.                               ) **TO EXTEND THE EXPERT**
   |                                          ) **DISCLOSURE AND EXPERT**
17 | SAKHAWAT KHAN; ROOMY KHAN; and          ) **DISCOVERY CUT-OFF DATES**
   | DOES ONE through TEN, inclusive,         )
18 |                                          ) **[Civ. L. R. 6-3]**
   |                        Defendants.       )
19 |                                          )
   |                                          ) Date & Time: [To be set]
20 |                                          ) Courtroom: 2 (4th Floor)
   |                                          ) Judge: Honorable Claudia Wilken
21 |                                          )
22 |_____)

23

24

25

26

27

28 
   PLAINTIFF'S MOTION TO EXTEND EXPERT DISCLOSURE AND
   EXPERT DISCOVERY CUT-OFF DATES
   NO. C 08-01427 CW

Pursuant to Civil Local Rule 6-3, Plaintiff respectfully moves for an Order to Extend the Expert Disclosure and Expert Discovery Cut-off Dates.[1] Plaintiff's Motion is necessitated by the highly questionable tactics of Defendants and their counsel that have denied Plaintiff a full and fair opportunity to examine original documents responsive to Plaintiff's written discovery requests prior to the expiration of the current expert disclosure cut-off of April 20, 2009. Plaintiff has concurrently filed a Motion to Compel Production of Original Documents and accompanying Motion for an Order Shortening Time on Plaintiff's Motion to Compel, which are interrelated with the instant motion.

At sole issue underlying Plaintiff's request for an extension of the expert discovery deadlines are two discrete categories of documents – namely, **(1) the clearest, best available copy of a one-page document of suspect origin, Bates-stamped "Khan 308,"**[2] **and (2) the originals of canceled checks paid to Plaintiff** – that Plaintiff's expert consultant, David S. Moore, a forensic document examiner, believes may reveal evidence important to his analysis and that, in turn, Plaintiff believes will help demonstrate Defendants may have engaged in document fraud. *See* Declaration of Christina Chung in Support of Plaintiff's Motion to Compel Production of Original Documents, Motion for an Order Shortening Time, and Motion to Extend the Expert Disclosure and Expert Discovery Cut-off Dates ("Chung Decl.") ¶ 14; Declaration of David S. Moore in Support of Plaintiff's Motion to Compel Production of Original Documents, Motion for an Order Shortening Time, and Motion to Extend the Expert Disclosure and Expert Discovery Cut-off Dates ("Moore Decl.") ¶¶ 2,10.

On June 18, 2008, Plaintiff issued Requests for Production Nos. 4, 5, and 6 to Defendants that demanded and reserved Plaintiff's right to inspect the documents at issue. Chung Decl. ¶¶ 2, 4, 7. Indeed, Defendants have not disputed that, pursuant to Plaintiff's discovery requests from *last year*, they are required to produce the originals of Plaintiff's canceled checks and the copy of "Khan 308" that, by Defendants' own account, is the clearest copy of the putative original – nor do they have a

---

[1] Due to Defendants' history of dilatory conduct in this case, earlier this year, Plaintiff previously filed a Motion to Modify the Case Management Schedule ("Motion to Modify") in order to extend the case deadlines. This Court granted Plaintiff's Motion to Modify on January 30, 2009. The expert deadlines at issue in the instant Motion are therefore pursuant to this Court's Case Management Order of January 30.

[2] Putatively setting forth Plaintiff's job responsibilities and work schedule for Defendants, "Khan 308" is a document that was allegedly signed in 2002 by Plaintiff and Defendants' third party witness, Harleen Chopra. Chung Decl. ¶ 7.

PLAINTIFF'S MOTION TO EXTEND EXPERT DISCLOSURE AND                                                            PAGE 1
EXPERT DISCOVERY CUT-OFF DATES
NO. C 08-01427 CW

valid legal basis for so disputing. Chung Decl. ¶ 29. At issue here is *when* Defendants must produce these documents – either immediately and prior to examination by Defendants' expert, as Plaintiff requests, or sometime "on or after April 27" as Defendants have proposed, when the current expert disclosure deadline has conveniently elapsed.

Tellingly, Defendants very delinquently produced copies of the documents at issue – ***seven to eight months after*** Plaintiff had asked for them in June 2008. Defendants did not provide Plaintiff with copies of her canceled checks until ***February 18, 2009*** – on the morning of Defendant Roomy Khan's deposition, and only after Defendants' third party witness, Harleen Chopra, testified the day before that she had access to the canceled checks as of ***September 2007***. Meanwhile, "Khan 308," which Plaintiff contends does not bear her genuine signature, was in fact not produced until ***March 13, 2009*** – the very morning of Plaintiff's deposition, and only after Plaintiff's counsel had already deposed Defendants. Chung Decl. ¶¶ 4, 7-9. Indeed, its very existence had apparently been concealed by Roomy Khan. During her February 18 deposition, Roomy Khan testified that, other than two previously-produced documents that allegedly related to Plaintiff, she was not aware of any other documents setting forth Plaintiff's job duties. Deposition of Roomy Khan, Vol. 1, 70:17 – 71:10; Chung Decl. ¶ 10, Exh. E. However, after Plaintiff's counsel demanded to reopen Defendants' depositions due to the delinquent production of "Khan 308," Roomy Khan admitted during her subsequent testimony on April 7, 2009, that she had actually "known… all along" of the existence of "Khan 308" – which was a type of employment document describing job duties that she regularly drafted and asked her assistant, Ms. Chopra, to type up for "practically everybody" Roomy Khan hired – and that she had in fact been asking Ms. Chopra *since last year* to locate the document on her behalf. Deposition of Roomy Khan, Vol. 2, 235:14-22; 236:5 – 237:13; 238:11-14; 240:25 – 241:14. Chung Decl. ¶ 11, Exh. F.

Immediately after Defendants produced a copy of "Khan 308" at Plaintiff's deposition on March 13, Plaintiff's counsel worked assiduously to evaluate the document, including an analysis of other documents produced by Defendants, since Plaintiff's counsel did not believe "Khan 308" was authentic. As part of this document analysis, Plaintiff's counsel was able to secure the assistance of a

forensic document examiner, David S. Moore, by the end of March. Chung Decl. ¶ 13. Subsequently, on April 7, when Roomy Khan and Ms. Chopra revealed during their depositions that Mrs. Khan still retained the very first copy made of "Khan 308" in her guesthouse basement, as well as the location of the original canceled checks in an office in the guesthouse, Plaintiff's counsel obtained the necessary information justifying prompt production of these documents that Mr. Moore believed may be important to his analysis. Chung Decl. ¶ 15. Consequently, immediately after the depositions concluded and Defendants had been apprised of Plaintiff's concern that they may have engaged in document forgery, on April 7, Plaintiff's counsel provided Defendants' counsel, Jonathan Hicks, with a letter requesting that Defendants produce the originals (or first generation copy) of "Khan 308" and Plaintiff's canceled checks, by no later than April 10. Chung Decl. ¶¶ 16-17.

Once Plaintiff requested these documents and set forth her reasons for doing so, Defendants' counsel made contradictory and misleading statements to Plaintiff's counsel regarding Defendants' purported efforts to respond to Plaintiff's requests:

- Initially, on April 8, Mr. Hicks stated that he wanted to "assure" Plaintiff's counsel that he and his clients were "diligently working to collect these original documents," raised what now appears to be a red herring issue that the documents would not be released to Plaintiff but would be available for inspection in his office, and represented that he would "let [Plaintiff's counsel] know tomorrow" when the documents would be available in his office.

- That same day, on April 8, Mr. Hicks ignored Plaintiff's request to provide a basis for refusing to release the documents to Plaintiff and the reason that Defendants needed more than two days to "gather" documents that had already been recently found in their own guesthouse.

- *The very next day*, on April 9, after Plaintiff's counsel provided Mr. Hicks with various proposals addressing Defendants' possible concerns behind their refusal to allow Plaintiff temporary possession of the documents, Mr. Hicks suddenly asserted that he did not have access to the documents, which were "not currently available" because Defendants were now conveniently "out of town"– even though he had indicated *the day before* that Defendants had

- been "working diligently to collect" the documents. Mr. Hicks provided no explanation as to why this information could not have been communicated to Plaintiff's counsel the previous day.
- Moreover, Mr. Hicks proceeded to inform Plaintiff's counsel that the requested documents would not be provided to Plaintiff until *18 days later "at the earliest"* – conveniently for Defendants, *after* the expert disclosure deadline of April 20 and after the documents were sent to an expert Defendants hastily retained after the fact. Mr. Hicks' only excuse was that his clients were "out of town"– which still begged the question of why they could not produce the documents to Plaintiff upon their return, prior to sending the documents to their expert.
- Finally, Mr. Hicks refused to inform Plaintiff when his clients would return to town and when he would therefore again have access to the documents, and refused to allow Plaintiff even an on-site inspection of the documents at his offices prior to sending them to Defendants' expert.

Chung Decl. ¶¶ 18-24.

On April 7-10 and 13, Plaintiff's counsel met and conferred with Mr. Hicks. Chung Decl. ¶ 17-29. The parties discussed but could not agree upon a stipulation to extend the expert disclosure and expert discovery completion dates. Chung Decl. ¶ 26. Plaintiff requested a stipulation that the expert disclosure cut-off would occur 10 court days after April 27 or the date Defendants are ordered to produce the documents requested, whichever date is earlier. Accordingly, Plaintiff further requested that Defendants stipulate to a modification of the expert discovery cut-off date, to occur 45 days[3] after the expert disclosure deadline. Plaintiff did not believe any other modification to the case timeline was necessary, given the delays already caused by Defendants in this case. However, Defendants countered with an expert disclosure deadline of May 11, 2009, regardless of whether Defendants are ordered to produce the documents at issue earlier than April 27, *and without acknowledging that Defendants would actually produce the documents on April 27*. Mr. Hicks also insisted on extending the fact discovery cut-off. Plaintiff did not agree. Chung Decl. ¶ 27.

Substantial harm to Plaintiff will occur if the current expert deadlines are not extended. The expert disclosure deadline is due to lapse on April 20, but Defendants have repeatedly refused to

---

[3] This is equal to the same number of days in the January 30 Case Management Order between the expert disclosure date and completion of expert discovery.

PLAINTIFF'S MOTION TO EXTEND EXPERT DISCLOSURE AND                                                                     PAGE 4
EXPERT DISCOVERY CUT-OFF DATES
NO. C 08-01427 CW

provide Plaintiff's expert with documents that may provide the best available evidence for examination prior to the expiration of the deadline.  Defendants would not stipulate to Plaintiff's reasonable request that an extension of the expert deadlines should flow from the *actual date of document production* by Defendants, and that no other dates need be altered that would only protract the timeline in this case.  Chung Decl. ¶ 27.  The sole reason Plaintiff is seeking an extension of the current expert deadlines, to which Plaintiff would otherwise like to adhere, is Defendants' unreasonable refusal to provide timely access to the documents responsive to Plaintiff's RFPs issued in June 2008.  Indeed, were it not for Defendants' obstructionist tactics, there would have been no need for Plaintiff to file the instant motion; the case timeline could have proceeded accordingly, as Plaintiff's expert was prepared to examine the documents requested once he was provided timely access to them and, accordingly, to issue a report by the current deadline of April 20.  Chung Decl. ¶ 30.  In any event, Defendants would have had and still have their opportunity to inspect the documents during the 30-day period for designation of a rebuttal expert.

For the reasons set forth herein, Plaintiff respectfully seeks an Order: (1) extending the expert disclosure deadline by 10 court days after April 27 or the date Defendants are ordered to produce the documents requested by Plaintiff, whichever date is earlier; and (2) extending the expert discovery completion date, to occur 45 days after the expert disclosure deadline.

DATED: April 13, 2009

Respectfully submitted,
Christopher Ho
Christina Chung
Carole Vigne
The LEGAL AID SOCIETY
  --EMPLOYMENT LAW CENTER

Hillary Ronen
Rocio Avila
LA RAZA CENTRO LEGAL, INC.

By: /S/ CHRISTINA CHUNG
    CHRISTINA CHUNG
    Attorneys for Plaintiff