LISA E. AGUIAR -- BAR NO. 139897
JONATHAN D. HICKS -- BAR NO. 236981
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax: (408) 287-2583

Attorneys for Defendants
SAKHAWAT KHAN AND ROOMY KHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAKHAWAT KHAN; ROOMY KHAN; and DOES ONE through TEN, inclusive,<br><br>　　　　Defendants. | No. C0801427 CW<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHORTEN TIME ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:　　To be Set<br>Time:　　To be Set<br>Dept.:　　Courtroom: 2 (4th Floor)<br>Judge:　　Honorable Claudia Wilken |

## I. STATEMENT OF ISSUES

Plaintiff Vilma Serralta's "Motion for an Order Shortening Time on Plaintiff's Motion to Compel Production of Original Documents" ("Motion to Shorten Time") lacks merit and is not necessary. On April 9, 2009, defendants Roomy Khan and Sakhawat Khan agreed to produce for inspection all original documents responsive to plaintiff's requests on or before April 27, 2009; and to send these documents directly to plaintiff's expert. At the same time, defendants also proposed the parties stipulate to extend the April 20, 2009 expert discovery cut-off date to provide plaintiff's expert with time to evaluate the documents and prepare a report. Plaintiff, therefore, moves this court to compel documents that defendants already agreed to produce for inspection.

-1-

The singular purpose for plaintiff's Motion to Shorten Time is to deny defendants' expert the ability to evaluate defendants' original documents first. Plaintiff's claim for priority in inspection of documents is unsupported by law and unreasonable. Moreover, plaintiff's position and tactics stymie the parties' efforts to reasonably resolve these discovery issues. For these reasons, this court should deny plaintiff's Motion to Shorten Time.

## II. STATEMENT OF FACTS

On April 9, 2009, defendants agreed to produce all original documents responsive to plaintiff's requests by April 27, 2009. See the Declaration of Jonathan D. Hicks in Support of Defendants' Non-Opposition to Plaintiffs' motion to extend expert cut-off dates and Defendant's Opposition to Plaintiff's Motion for an Order Shortening Time for Plaintiff's Motion to Compel Original Documents (Hicks's Dec.), ¶ 2, Exhibit A. Concurrently, defendants offered to send the original documents directly to plaintiff's expert to avoid any unnecessary delay. *Ibid.* Defendants also offered to stipulate to extend any upcoming discovery due dates so that plaintiff's expert could have enough time to evaluate defendants' original documents. *Ibid.* During the extensive meet and confer discussions between plaintiff's counsel and defense – and to date -- defendants never changed their agreement to make defendants' documents available by April 27th and to stipulate to extend any upcoming discovery dates. Hicks's Dec. ¶¶ 2 and 3, Exhibits B and C.

Despite defendants' consistent position, plaintiff was determined to file a motion to compel because plaintiff believes that she is entitled to deny defendants' expert the right to evaluate defendants' original documents first.

> Because of your refusal to produce the documents requested until April 27, I informed you that Plaintiff will be moving to compel their production prior to that date [parenthetical omitted], and prior to their examination by your expert. . . . . As I made clear to you on the phone, **this issue is not whether you have agreed to produce the documents requested, but when you will produce them**. Hicks's Dec. ¶ 6, Exhibit C (C. Chung's April 9 email at 6:48 PM), emphasis added.

On April 12, 2009, defendants proposed an expert disclosure discovery cut-off date of May 11, 2009. Hicks's Dec. ¶ 7, Exhibit C (J. Hicks's April 12 email at 2:23 PM.)

-2-

1 Plaintiff refused; but the proposed order for plaintiff's motion to compel defendants'
2 production of original documents requests a May 11, 2009 expert disclosure cut-off date.

### III. LEGAL ARGUMENT

Plaintiff's Motion to Shorten Time must, among other things, describe the "substantial harm or prejudice" that would occur if time is not shortened and the moving parties' efforts to meet and confer pursuant to Civil L.R. 37-1(a). U.S. Dist. Crt., N. Dist., Civ. L.R. 6-3(a) (3) and (4). The parties must in good faith meet and confer in an attempt to reasonably resolve any discovery dispute. Fed. Rule. of Civ. Proc., Rule 37(a)(1); see also U.S. Dist. Crt., N. Dist., Civ. L.R. 6-3(a) (4). This court may deny the plaintiff's discovery motion for failure to act in good faith in an attempt to resolve the discovery issue. *Robinson v. Potter* (8th Cir., 2006) 453 F.3d 990, 995.

**A.  Plaintiff will not suffer any substantial harm or prejudice if this Motion to Shorten Time is denied – or if plaintiff's Motion to Compel is denied.**

Plaintiff's Motion to Shorten Time is scant on any facts that suggest plaintiff would be prejudiced by defendants' April 27 production of original documents directly to plaintiff expert, but it is replete with accusations about defendants and defense counsel's character. Plaintiff's only claims of substantial prejudice or harm are:

    1. plaintiff must obtain a "full and fair opportunity" to examine original documents (Plaintiff's Motion to Shorten Time, pp. 1:4-6 and 4:24-28); and/or

    2. defendants' original documents might be inadvertently spoiled the more frequently the original documents are handled (Plaintiff's Motion to Shorten Time, p. 5:2-7).

Assuming these factors rise to the level of "substantial prejudice or harm," defendants' agreement to produce the documents by April 27 and send them directly to plaintiff's expert does not prejudice plaintiff or cause plaintiff any harm. As offered on April 9th, plaintiff will have a full and fair opportunity to evaluate defendants' original documents. Moreover, defendants' proposal to send the documents directly to plaintiff's expert not only

-3-

1 reduces the number of persons that interact with the documents, but this expert-to-expert
2 exchange will insure plaintiff's expert will have the documents to review as quickly as
3 possible. Interestingly, under plaintiff's original proposal (Hicks's Dec. ¶4.), plaintiff
4 requested defendants produce the documents to their office in San Francisco; then
5 presumably, these same documents would be sent to plaintiff's expert in laboratory. As
6 such, plaintiff would suggest defendants (1) gather the documents, (2) courier the
7 documents to San Francisco, (3) then plaintiff's would courier the same documents to
8 plaintiff's expert, (4) who would then courier the documents back to plaintiff or defense
9 counsel, and (5) defense counsel would then courier the documents to their expert. This
10 proposal dramatically increases the number of times these documents are handled, over
11 defendants' April 9th proposal for an expert-to-expert exchange.

12 Accordingly, plaintiff's fail to describe in any detail the substantial prejudice that
13 would befall plaintiff if this Motion to Shorten Time is denied.

**B. Plaintiff's did not meet and confer regarding this discovery issue in good faith; as such plaintiff's motions could have been avoided.**

16 Defendants' April 9th proposal was reasonable and will provide the same result that
17 plaintiff ultimately seeks through these motions. Although the parties did not initially agree
18 on the date for the expert discovery cut-off; before plaintiff filed these motions, defendants
19 agreed to the May 11, 2009 date that plaintiff's now seek.

20 Plaintiff's motions are unnecessary because plaintiff's had a easier, quicker, and
21 less expensive option – request an intervention of the court pursuant to Civil L.R. 37-1(b).
22 Ultimately, this dispute is about whom is entitled to evaluate defendants' original
23 documents first. Plaintiff's claims regarding the expert disclosure deadlines and access to
24 defendants' original documents was reasonably resolved on April 9th. Accordingly,
25 defendants' believe the issue of whose expert is entitled to review the documents first,
26 could have been resolved more efficiently by conferring with the District Judge or a
27 Magistrate Judge, pursuant to the Local Rules.

28 Interestingly, concurrent with plaintiff's Motion to Compel, Motion to Shorten Time,

-4-

and Motion to Extend the Expert Discovery Cut-Off Dates, plaintiff filed a motion for attorney's fees seeking $13,903.68 in fees.

### IV. CONCLUSION

For these reasons, defendants' respectfully request this court DENY plaintiff's Motion to Shorten Time to bring a prompt end to the unnecessary, burdensome, and expensive discovery motions filed by plaintiff. Denying plaintiff's motion would cause plaintiff no harm and no prejudice plaintiff. In fact, this denial would reach the same ultimate result as requested by plaintiff in her panoply of expensive motions.

DATED: April 14, 2009

HOGE, FENTON, JONES & APPEL, INC.

By /s/ Lisa E. Aguiar
Lisa E. Aguiar
Attorneys for Defendants