

**The Legal Aid Society**
EMPLOYMENT LAW CENTER

*Advocating for workers,*
*their families and communities*

Joan Messing Graff
*President*

William C. McNeill III
*Managing Attorney*

Patricia A. Shiu
*Vice President, Programs*

Senior Staff Attorneys
Claudia Center
Michael T. Gaitley
Christopher Ho

Christina Chung
*Staff Attorney*

Matthew Goldberg
*Staff Attorney*

Shelley A. Gregory
*Staff Attorney*

Professor Joseph R. Grodin
*Special Counsel*

Denise M. Hulett
*Staff Attorney*

Jinny Kim
*Staff Attorney*

Elizabeth Kristen
*Staff Attorney*

Anya Lakner
*Project Attorney*

Ruth Silver Taube
*Special Counsel*

Sharon Terman
*Staff Attorney*

Carole Vigne
*Skadden Fellow*

Ann Blankenship
*Paralegal*

Pamela Mitchell
*Litigation Assistant*

Mary Broughton
*Paralegal*

Djuna Gray
*Litigation Assistant*

<u>**VIA ELECTRONIC FILING (& COURTESY COPY VIA HAND DELIVERY)**</u>

May 18, 2009

The Honorable Maria-Elena James
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
Courtroom B, 15th Floor
San Francisco, CA 94102

  **RE:**  <u>***Vilma Serralta v. Sakhawat Khan, Roomy Khan and Does One through Ten, inclusive,*** **Case No. C 08-01427 CW**</u>

Dear Judge James:

By this letter, Plaintiff Vilma Serralta requests, pursuant to Federal Rule of Civil Procedure 45(e), that this Court issue an Order to Show Cause compelling Paychex, Inc., hereinafter "Paychex," to show cause why it should not be held in contempt for failing to comply with a Subpoena Duces Tecum, hereinafter "Subpoena," duly served on it in the matter captioned above. A true and correct copy of this Subpoena, with its cover letter, dated April 20, 2009, is appended hereto as Exhibit A.

While Plaintiff proceeds ex parte, Plaintiff has given notice to Defendants' counsel of this request at the in-person meet and confer, and Defendants do not object thereto.

Among the disputed issues in this case is whether or not Defendants Sakhawat Khan and Roomy Khan posted and made available to Plaintiff a notice of rights pursuant to the FLSA as required under 29 C.F.R. § 516.4, and of California wage and hour laws as required under § 21 of the IWC Wage Order.[1]

---

[1] In her Complaint, Plaintiff alleges that due to Defendants' failure to post notices, she was unaware of her actual rights under the law and unable to seek appropriate remedies, including the filing of a lawsuit, throughout her employment with Defendants. Plaintiff therefore alleges that any statutes of limitation relating to Plaintiff's FLSA and Labor Code claims were therefore suspended for the period of Plaintiff's employment with Defendants and for a reasonable time period following the termination of her employment. *See, e.g., Friedrich v. U.S. Computer Services, Inc.* 833 F.Supp 470, 478 (E.D. Pa. 1993) (finding that employer's failure to post a copy of Pennsylvania's Minimum Wage Act tolled the statute of limitations in an action to recover overtime wages under Pennsylvania's state law.)

                                         *Serralta v. Khan*
                                      Case No. C 08-01427 CW

600 HARRISON STREET, SUITE 120 SAN FRANCISCO, CA 94107
T 415.864.8848   F 415.864.8199

Letter re: Paychex, Inc.
May 18, 2009
Page 2 of 3

In their Answer, Defendants "admit that they did not post any notice of rights in their home." *See* Answer, Para. 41, a true and correct copy of which is appended hereto as Exhibit B. However, Defendants recently attempted to withdraw their admission, alleging that their employee, Harleen Chopra, had actually posted a notice of employee rights and that she had provided Plaintiff a copy of that poster shortly after Plaintiff's employment commenced. *See* Deposition of Roomy Khan, Volume I, February 18, 2009, 76:22-77:17; 87:4-89:16, a true and correct excerpted copy of which is appended hereto as Exhibit C. In her deposition, Defendant Roomy Khan further testified that the alleged notice given to Plaintiff was from her payroll company, Paychex and/or CT Corporation. *See id.*

Plaintiff seeks to determine whether Paychex in fact provided notices of the type at issue to Defendants, in addition to its payroll services. As such, in the Subpoena, Plaintiffs sought all "DOCUMENTS recording, describing, indicating, referring, or relating to the nature and/or scope of any and all services provided by Paychex, Inc." to Defendants.[2] Therefore, all of the documents in question relate to the equitable tolling of Plaintiff's statute of limitation and are completely discoverable under the provisions of Rule 26(b) of the Federal Rules of Civil Procedure.

The Subpoena was issued on April 20, 2009 and duly served on Margaret Wilson, Agent for Service of Process for Paychex, on April 21, 2009. A true and correct copy of the Proof of Service is appended hereto as Exhibit D.[3] Paychex failed to produce the requested documents by the May 4, 2009 deadline and did not timely serve written objections.

A week later, on May 11, 2009, Plaintiff sent a courtesy letter to Paychex following up on the Subpoena and requesting compliance therewith. A true and correct copy of this letter is appended hereto as Exhibit F. As of this date, however, Paychex has still not produced the requested documents.

This failure to comply is without adequate excuse in that no timely objections to the Subpoena were filed, and no motion to quash the Subpoena was filed prior to the date of compliance.

Accordingly, Paychex should be ordered to produce all responsive documents immediately. Otherwise, the only appropriate remedy for this willful noncompliance with the Subpoena is to find Paychex in contempt of this court until it complies therewith and reimburses Plaintiff for the expenses incurred by reason of its failure to respond.

Respectfully submitted,

---

[2] Plaintiff made a similar Request for Production to Defendants on April 7, 2009; on May 15, 2009, Defendants late produced over 1800 pages of documents, Bates-stamped KHAN 354 – 2166, in response to Plaintiff's Fourth and Fifth Sets of Requests for Production to both Defendants, of which none were responsive to the aforementioned Request for Production.

[3] Plaintiff also served a Notice of this Subpoena on Defendants, of which a true and correct copy is appended hereto as Exhibit E.

*Serralta v. Khan*
Case No. C 08-01427 CW

Christopher Ho
Christina Chung
Carole Vigne
THE LEGAL AID SOCIETY –
 EMPLOYMENT LAW CENTER

Hillary Ronen
Rocio Avila
LA RAZA CENTRO LEGAL, INC.

_____
CAROLE VIGNE

Attorneys for Plaintiff Vilma Serralta

Enclosures

CC:   Paychex, Inc.
      CT Corporation System
      818 West Seventh Street
      Los Angeles, CA 90017