

**The Legal Aid Society**
EMPLOYMENT LAW CENTER

Advocating for workers,
*their families and communities*

Joan Messing Graff
*President*

William C. McNeill III
*Managing Attorney*

Patricia A. Shiu
*Vice President, Programs*

*Senior Staff Attorneys*
Claudia Center
Michael T. Gaitley
Christopher Ho

Christina Chung
*Staff Attorney*

Matthew Goldberg
*Staff Attorney*

Shelley A. Gregory
*Staff Attorney*

Professor Joseph R. Grodin
*Special Counsel*

Denise M. Hulett
*Staff Attorney*

Jinny Kim
*Staff Attorney*

Elizabeth Kristen
*Staff Attorney*

Anya Lakner
*Project Attorney*

Ruth Silver Taube
*Special Counsel*

Sharon Terman
*Staff Attorney*

Carole Vigne
*Skadden Fellow*

Ann Blankenship
*Paralegal*

Pamela Mitchell
*Litigation Assistant*

Mary Broughton
*Paralegal*

Djuna Gray
*Litigation Assistant*

<u>**VIA ELECTRONIC FILING (& COURTESY COPY VIA HAND DELIVERY)**</u>

May 18, 2009

The Honorable Maria-Elena James
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
Courtroom B, 15th Floor
San Francisco, CA 94102

    **RE:**   *Vilma Serralta v. Sakhawat Khan, Roomy Khan and Does One through Ten, inclusive*, **Case No. C 08-01427 CW**

Dear Judge James:

With this joint letter, Plaintiff Vilma Serralta moves, pursuant to Federal Rules of Civil Procedure 34 and 37, for an Order compelling Defendants Roomy Khan and Sakhawat Khan to **completely** comply with Plaintiff's Requests for Production, which, *inter alia*, include:

1) Producing the **original** documents, or the **closest copy to the original** of documents corresponding with the Bates numbers KHAN 123, 125, and 309-314; and

2) Producing **metadata** for the documents corresponding with the Bates numbers KHAN 308 and 125.[1]

Prior to filing this letter, the Parties met and conferred in person on this matter, but were unable to resolve the dispute.

**<u>Unresolved Dispute and Factual Background</u>**

These requests derive from Plaintiff's Second and Third Set of Requests for Production

---

[1] Plaintiff also requests that Defendants confirm that the documents they produced to Plaintiff's forensic document expert, David S. Moore, on April 30, 2009, were in fact those requested by Plaintiff's Motion to Compel Production of Original Documents, filed with this Court on April 13, 2009-- the "first generation copy" of KHAN 308 and the originals (with ink signatures) of all canceled checks for Plaintiff, corresponding with the Bates numbers KHAN 260-353.

*Serralta v. Khan*
Case No. C 08-01427 CW

600 HARRISON STREET, SUITE 120 SAN FRANCISCO, CA 94107
T 415.864.8848   F 415.864.8199

Letter re: Responses to Requests for Production
May 18, 2009
Page 2 of 5

to Defendants,[2] which include the following "General Instructions:"

> 2) . . . "[A]ny original DOCUMENT which has been duplicated in any manner that alters or
> adds to the original DOCUMENT shall be produced in addition to any duplicated
> DOCUMENT that differs in any manner from the original; **and PLAINTIFF reserves**
> ***the right to inspect any originals of copies produced***." (emphasis added);

> 3) "All DOCUMENTS that exist in the form of electronically stored information (except for
> emails) should be provided in a form that includes **all data and metadata** and is readable
> and searchable in Microsoft Word, or in Microsoft Excel if the information is stored as a
> spreadsheet, or in the case of visual information or images, in DVD or CD form. . .
> (emphasis added); and

> 5) "If production is requested of a DOCUMENT which is no longer in your POSSESSION,
> CUSTODY, OR CONTROL since its preparation or receipt, the response shall state when
> the DOCUMENT was most recently in YOUR POSSESSION, CUSTODY, OR
> CONTROL, the disposition made of the DOCUMENT, the author of the DOCUMENT,
> the identity of the person, if any, currently in POSSESSION, CUSTODY, OR CONTROL
> of each DOCUMENT or the last known custodian of the DOCUMENT or copy thereof,
> and the full particulars or circumstances whereby the DOCUMENT was lost or otherwise
> disposed of. IF the DOCUMENT has been destroyed, the following additional
> information shall also be stated: the reason for its destruction, the identity of the person
> who destroyed the DOCUMENT, and the person who directed that the DOCUMENT be
> destroyed."

On April 7, 2009, Plaintiff's counsel requested, in writing, a discrete set of originals of copies of
documents previously produced by Defendants in response to Plaintiff's Requests for Production.. In
response, Defendants' counsel made misleading statements regarding their purported efforts to provide
Plaintiff with the requested originals.[3] After several unsuccessful attempts to accommodate

---

[2] Specifically, Plaintiff's Requests for Production at issue include: Plaintiff's Second Set of Requests for Production to
Defendant Roomy Khan, Requests for Production Nos. 1, 4, 5, and 6, a true and correct copy of which is appended
hereto as Exhibit A; Plaintiff's Second Set of Requests for Production to Defendant Sakhawat Khan, Requests for
Production Nos. 1, 4, 5, and 6, a true and correct copy of which is appended hereto as Exhibit B; Plaintiff's Third Set of
Requests for Production to Defendant Roomy Khan, Request for Production No. 42, a true and correct copy of which
is appended hereto as Exhibit C; Plaintiff's Third Set of Request for Production to Defendant Sakhawat Khan, Request
for Production No. 41, a true and correct copy of which is appended hereto as Exhibit D; *Errata* Re. Plaintiff's Third Set
of Requests for Production to Defendant Roomy Khan, Request for Production of Documents n No. 42, a true and
correct copy of which is appended hereto as Exhibit E; *Errata* Re. Plaintiff's Third Set of Requests for Production to
Defendant Sakhawat Khan, Corrected Request for Production No. 42, a true and correct copy of which is appended
hereto as Exhibit F.

[3] Despite Mr. Hicks' assurances on April 8, 2009 that his clients were diligently working to collect the original
documents, he asserted the next day that the original documents were not currently available and would not be available
until 18 days later at the earliest (because the original documents had been sent to an expert Defendants had retained
after the fact).

*Serralta v. Khan*
Case No. C 08-01427 CW

Letter re: Responses to Requests for Production
May 18, 2009
Page 3 of 5

Defendants' concerns regarding inspection of the original documents,[4] Plaintiff moved this Court to compel production of the said documents on April 13, 2009.   This Court denied that motion without prejudice to filing the instant letter.

In the meantime, on April 23, 2009, Plaintiff's counsel again approached Mr. Hicks with a renewed demand for the original documents as well as for the production of the metadata for the documents Bates-stamped KHAN 308 and 125.  *See* Letter from Christina Chung to Jonathan Hicks, dated April 23, 2009, a true and correct copy of which is appended hereto as Exhibit H.  In response, Mr. Hicks informed Plaintiff's counsel on April 27, 2009 that as to the metadata production, he was "working with [his] client to gather this information and will promptly produce this information once it becomes available."  *See* e-mail from Jonathan Hicks to Christina Chung, dated April 27, 2009, a true and correct forwarded copy of which is appended hereto as Exhibit I.  On April 30, 2009, during a telephonic meet and confer, Mr. Hicks informed Plaintiff's counsel that Defendants were "still in the process of collecting [the original documents]" to produce.  Plaintiff's counsel and Mr. Hicks also discussed the logistics of the metadata production, suggesting that Defendants were attempting to comply with Plaintiff's request.  *See* e-mail from Christopher Ho to Jonathan Hicks, dated April 30, 2009, a true and correct copy of which is appended hereto as Exhibit J.

However, Defendant's counsel contradictorily informed Plaintiff on May 14, 2009 that "Defendants produced all original documents in their possession. Defendants also do not have the metadata you requested because they no longer have the computers used to create those documents."  *See* e-mail from Jonathan Hicks to Carole Vigne, dated May 14, 2009, a true and correct copy of which is appended hereto as Exhibit K.  At the in-person meet and confer, on May 15, 2009, Mr. Hicks again simply repeated that Defendants did not have the original documents or the metadata requested and did not explain why Defendants would not provide a written response to Plaintiff's request, as per General Instruction # 5.

<u>**Plaintiff's Position**</u>

Plaintiff seeks this production – beyond the copies of the documents produced by Defendants – because Plaintiff believes that such production may reveal evidence indicating that, as Plaintiff suspects, Defendants have engaged in document fraud.

In addition to their pattern of late-producing documents,[5] Defendants have refused to comply with Plaintiff's Requests for Production without any basis.  Defendants' conduct is improper, and arguably sanctionable, and an order compelling the original documents and the metadata, or at the very least a

---

[4] *See, e.g.,* Letter from Christina Chung to Jonathan Hicks, dated April 9, 2009, a true and correct copy of which is appended hereto as Exhibit G.

[5] Defendants produced documents Bates-stamped KHAN 260-353 approximately **seven months late**; documents Bates-stamped KHAN 308-314 approximately **eight months late**; and documents Bates-stamped KHAN 354 – 2166 on May 15, 2009, approximately **one month late** for those documents responsive to Plaintiff's Fourth Set of Requests for Production and over one week late for those documents responsive to Plaintiff's Fifth Set of Requests for Production.

*Serralta v. Khan*
Case No. C 08-01427 CW

Letter re: Responses to Requests for Production
May 18, 2009
Page 4 of 5

written response as to why Defendants cannot produce the requested items, per General Instruction #5, is appropriate.

Plaintiff knows that the originals – or the clearest, best copies – of the documents Bates-stamped 308-314 were in Defendants' possession, custody, or control, in Defendant Roomy Khan's words, "very, very recently," that is, just a few months ago. *See* Deposition of Roomy Khan, Volume II, April 7, 2009, 236:5-237:13; 238:11-22; 239:18-240:4, a true and correct excerpted copy of which is appended hereto as Exhibit L; *see also* Deposition of Harleen Chopra, Volume II, April 7, 2009, 338:2-339:23, a true and correct excerpted copy of which is appended hereto as Exhibit M. Furthermore, despite Defendants' testimony that they recently replaced Defendant Roomy Khan's office computer, on which KHAN 308 was likely created, *see* Deposition of Harleen Chopra, Volume II, April 7, 2009, , 306:3-307:1, Exh. M, it is implausible that Defendants would not have transferred files from their former computer to their new computer. As such, there is no basis for Defendants' continued failure to respond to Plaintiff's requests.

Furthermore, Defendants have not stated any basis for their refusal to produce the original documents and the metadata, and even if they had, the law would not support such an objection. Indeed, "[t]here is no question that originals . . . are discoverable." *See Bryant v. Mattel, Inc.*, Case Nos. CV 04-09049 SGL (RNBx), CV 04-09059, CV 05-2727, 2007 WL 5432962 *4 (C.D.Cal. Feb. 14, 2007). Similarly, electronic discovery has become commonplace, and courts have even permitted in certain circumstances a party to obtain a mirror image of its adversary's computer hard drive. *See, e.g., Balboa Thredworks, Inc. v. Stucky*, Case No. No. 05-1157-JTM-DWB, 2006 WL 763668 (D.Kan. Mar. 24, 2006); *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, Case Nos. CIV 04-0424 JB/LFG, CIV 04-1295 JB/ACT, 2006 WL 1305036 (D.N.M. Jan. 6, 2006).

Accordingly, Defendants should be compelled to respond to Plaintiff's Requests for Production, with the original documents or the metadata, or at minimum with a written response that satisfies General Instruction #5.

## Defendant's Position

Plaintiff seeks to compel the production of documents and information that does not exist. Plaintiff's demands defendant produce original for KHAN 308 – 314. Defendants do not have originals for these documents, because defendants retained copies. However, in the spirit of good faith, defendants have agreed, as of the morning of May 18, 2009, to produce to plaintiff the copies of the documents – in defendant's control – that plaintiff now seeks to compel.

Additionally, plaintiff seeks to compel metadata that defendants do not have in their possession, custody or control. Two years ago, defendants recycled their computers and did not transfer the information from their recycled computers to their new computers.

Accordingly, all metadata requested by plaintiff does not exist.

*Serralta v. Khan*
Case No. C 08-01427 CW

Letter re: Responses to Requests for Production
May 18, 2009
Page 5 of 5

This motion for an Order compelling Defendants to immediately respond to the Interrogatories, pursuant to Federal Rules of Civil Procedure 34 and 37, is based on this letter, the enclosed Exhibits, and whatever evidence and argument may be had at any hearing on this motion.

Respectfully submitted,

Christopher Ho
Christina Chung
Carole Vigne
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER

Hillary Ronen
Rocio Avila
LA RAZA CENTRO LEGAL, INC.

_____
CAROLE VIGNE

Attorneys for Plaintiff Vilma Serralta

Enclosures

Lisa Aguiar
Jonathan Hicks
HOGE, FENTON, JONES & APPEL, INC.

_____
JONATHAN HICKS

Attorneys for Defendants Roomy Khan
and Sakhawat Khan