1  LISA E. AGUIAR -- BAR NO. 139897
   JONATHAN D. HICKS -- BAR NO. 236981
2  HOGE, FENTON, JONES & APPEL, INC.
   Sixty South Market Street, Suite 1400
3  San Jose, California 95113-2396
   Phone: (408) 287-9501
4  Fax:  (408) 287-2583

5  Attorneys for Defendants
   SAKHAWAT KHAN AND ROOMY
6  KHAN

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 VILMA SERRALTA,                        No. C0801427 CW

12        Plaintiff,                      **NOTICE OF MOTION AND MOTION TO
                                          WITHDRAW BY HOGE, FENTON, JONES,
13 vs.                                    AND APPEL, INC. AS COUNSEL OF
                                          RECORD FOR DEFENDANTS ROOMY
14 SAKHAWAT KHAN; ROOMY KHAN;             KHAN AND SAKHAWAT KHAN**
   and DOES ONE through TEN,
15 inclusive,                             [CIV. L.R. Rule 7-2 & CIV. L.R. 11-5.]

16        Defendants.                     Date:         August 27, 2009
                                          Time:         2 p.m.
17                                        Dept.:        2
                                          Judge:        Claudia Wilken
18                                        Trial Date:   October 5, 2009
                                          Complaint Filed:  March 13, 2008
19

20 **TO: DEFENDANTS ROOMY AND SAKHAWAT KHAN and all Attorneys of Record:**

21        **YOU ARE HEREBY NOTIFIED** that the attorneys of record for defendants, Hoge,

22 Fenton, Jones, and Appel, Inc. (Hoge Fenton, Inc.), intend to, and hereby do, apply to the

23 Court for an order relieving it as attorneys of record for defendants Roomy Khan and

24 Sakhawat Khan. This application will be presented to the Court on August 27, 2009 at 2

25 p.m. in the courtroom of the Honorable Judge Claudia Wilken, United States District Court

26 of California Northern District, 1301 Clay Street, Oakland, California  94612, Courtroom 2,

27 Fourth Floor.

28 ///

Hoge Fenton, Inc.'s Motion to Withdrawal
\\HFJAFS\NDrive\81114\Ple\467370.doc

**DEFENDANTS ARE SPECIFICALLY NOTIFIED**[1] that if this motion to withdraw is GRANTED, no attorney at Hoge Fenton, Inc. will be representing you in this matter. Although you have retained counsel to represent you in this matter, Damien Pamilla of Paul, Benson, Myong, and Pamilla, LLP, at this time Mr. Pamilla is not currently admitted to practice law in the United States District Court of California, Northern District. However, Mr. Pamilla's application to do so is presently pending. Therefore, if the Court grants this motion, you may need to represent yourself *in pro se* (i.e., without counsel) until Mr. Pamilla's application to practice in the District Court is granted or you retain another attorney admitted to practice in this District.

Hoge Fenton, Inc. brings this motion to withdraw as counsel of record for defendants to obtain an order from the Court that allows Hoge Fenton to withdraw as counsel of record for defendants and for defendants to represent themselves *in pro se*, until (1) their retained counsel Damien Pamilla is admitted to practice in the United States District Court of California, Northern District; or (2) defendants retain new counsel that is admitted to practice in this district.

The grounds for Hoge Fenton, Inc.'s motion to withdraw are supported by the California Supreme Court authority and the California Rules for Professional Conduct, Rule 3-700 (C). More specifically, Hoge Fenton, Inc.'s grounds for this motion are:

1.    Defendants recently terminated the attorney-client relationship with Hoge Fenton, Inc.;

2.    The attorney client relationship between Hoge Fenton, Inc. and defendants has deteriorated such that Hoge Fenton, Inc. can no longer represent either defendant, and a personal conflict has arisen making it unreasonably difficult for Hoge Fenton, Inc. continue with representation; and,

3.    Defendants breached their Attorney-Client Fee Agreement with Hoge Fenton,

---

[1] Although not required, Hoge Fenton, Inc. includes this "Notice to Client" to clearly explain what may occur if the Court grants its motion to withdraw.

C0801427 CW

Hoge Fenton, Inc.'s Motion to Withdrawal
\\HFJAFS\NDrive\81114\Ple\467370.doc

1  Inc. by not paying and refusing to pay certain attorneys' fees and expenses.

2  This motion will be based on this notice of motion; memorandum of points and

3  authorities; the declarations of Roomy Khan, Sakhawat Khan and attorney Jonathan D.

4  Hicks; and any documents potentially filed under seal pursuant to Local Rule 79-5 and/or

5  testimony offered during an in camera hearing, if so ordered by the Court.  This motion is

6  also based on the file herein and any such oral or documentary evidence as may be

7  presented at the hearing of this motion.

8  DATED: July 20, 2009

HOGE, FENTON, JONES & APPEL, INC.

10  By _____

11  Jonathan D. Hicks
    Attorneys for Defendants

14  ## MEMORANDUM OF POINTS AND AUTHORITIES

15  ## I. INTRODUCTION

16  Hoge Fenton, Inc. brings this Motion to Withdraw because (1) defendants exercised

17  their absolute right to terminate the attorney-client relationship with Hoge Fenton, Inc.; (2)

18  good cause exists under California Rule of Professional Conduct, Rule 3-700 for the

19  permissive withdrawal of Hoge Fenton, Inc. because the attorney client relationship

20  between Hoge Fenton, Inc. and defendants has deteriorated to a point such that Hoge

21  Fenton, Inc. can no longer represent defendants; and (3) to date, defendants have

22  breached their attorney-client fee agreement with Hoge Fenton, Inc. by not paying and

23  refusing to pay certain attorney's fees and expenses.  Hoge Fenton, Inc.'s motion is

24  strongly supported by the overwhelming weight of California authority, the California Rules

25  of Professional Conduct, Rule 3-700 (C), and declarations from both defendants.

26  ## II. BACKGROUND

27  On April 29, 2009, Hoge Fenton, Inc. filed "Defendants' Motion for Order for

28  Withdrawal and [Proposed] Order for Withdrawal."  Docket No. 101.  This motion requested

Hoge Fenton, Inc.'s Motion to Withdrawal
\\HFJAFS\NDrive\81114\Ple\467370.doc

C0801427 CW

1  the Court grant administrative relief to allow Hoge Fenton, Inc. to withdraw as counsel and

2  suggests defendants Roomy Khan and Sakhawat Khan represent themselves *in pro se*.

3  Docket No. 101, p. 2:8-15.  This motion for administrative relief did not attach a stipulation

4  or declaration from defendants.

5       On May 4, 2009, plaintiff Vilma Serralta filed an "opposition to Defendants' Motion

6  for Order for Withdrawal."  Docket No. 104.   Plaintiff's opposition requested the Court deny

7  the motion to withdraw until (1) defendants have satisfied all outstanding discovery

8  obligations, and (2) defendants retain new counsel or substitute themselves *in pro se*.

9  Docket No. 104, p. 1:26-2:2.

10      On May 29, 2009, United States District Judge Claudia Wilken denied Hoge Fenton,

11  Inc.'s motion to withdraw, without prejudice.  Docket No. 118.  Judge Wilken further

12  ordered that "[w]ithdrawal will be allowed only if all discovery is resolved and Defendants

13  concurrently substitute themselves *in pro per* or appear through new counsel, or if all

14  discovery is resolved and counsel makes an adequate showing that withdrawal is

15  appropriate under Rule 3-700(c)."  Docket No. 118, p. 2:11-15.

16      At the time of Judge Wilken's May 29th order, the pending discovery disputes were

17  defined by United States Magistrate Judge Maria Elena James' May 27, 2009 orders.  See

18  Docket No. 117 (regarding plaintiff's interrogatories), Docket No. 116 (regarding plaintiff's

19  request for production of documents), and Docket No. 115 (regarding an order to show

20  cause for a subpoena to Paychex, Inc.).  Only two of the May 29th orders involved a

21  discovery dispute between plaintiff and defendants: (1) the order regarding plaintiff's

22  interrogatories and (2) the order regarding plaintiff's request for production of documents.

23  Docket Nos. 117 and 116, respectively.

24      Regarding plaintiff's interrogatories, Magistrate Judge James ordered "Plaintiff to

25  provide Defendants with a list of guests at their residence on a regular weekly/biweekly

26  basis.  Defendants shall then, within 14 days from the receipt of Plaintiff's list, provide the

27  relevant contact information for those guests."  Docket No. 117, p.1:17-21.

28      Regarding plaintiff's demand for production of documents, Magistrate Judge James

-4-

C0801427 CW

1  ordered "Defendants to either (a) respond to plaintiff's request for production with original

2  documents or the metadata or (b) serve on Plaintiff a declaration with a written response

3  that satisfies General Instruction #5. (Dkt. # 110, Ex.A, ¶ 5.)  Defendants shall respond by

4  June 10, 2009."  Docket No. 116, p. 1:16-19.

5        In an attempt to resolve the pending discovery issues as defined by Magistrate

6  Judge James' May 29th, defendants produced the requested supplemental discovery

7  responses, declarations, and documents.

8     • On May 28, 2009 at 10:41 AM, plaintiff emailed defendants a letter with the names

9      of three guests: "1) Bina or Veena . . . .  2) Sangita, last name unknown (and her

10     then fiancé, now husband).  . . . 3) Sal, last name unknown, and his wife."

11     Declaration of Jonathan D. Hicks In Support of Motion to Withdraw by Hoge,

12     Fenton, Jones, and Appel, Inc., Attorneys of Record for Defendants Roomy Khan

13     and Sakhawat Khan (Hicks' Dec.), ¶ 2, Exhibit A.

14    • On June 10, 2009 at 5:25 PM, defendants emailed plaintiff supplemental responses

15     to plaintiff's interrogatories for Roomy and Sakhawat Khan that provide defendants

16     most recent contact information for the three guests identified in plaintiff's May 28th

17     letter.  Hicks' Dec., ¶ 3, Exhibit B.

18    • On June 10, 2009 at 9:54 AM, defendants emailed plaintiff a declaration from

19     Roomy Khan regarding original documents and metadata for documents bates

20     stamped KHAN 123, 125 and 309-314.  Hicks' Dec., ¶ 4, Exhibit C.

21    • On June 16, 2009 at 10:09 AM, plaintiff emailed defendants a letter that requested

22     (1) more information about certain the guests because plaintiff was unable to

23     contact them; (2) closest to the original documents for documents that correspond

24     with KHAN 123, 125 and 309-314; and (3) metadata for documents that correspond

25     with KHAN 308 and 125.  Hicks' Dec., ¶ 5, Exhibit D.  Plaintiff also demanded a

26     declaration that comports with General Instruction # 5 for any requested document

27     that cannot be produced.  *Id.*

28    • On July 7, 2009 11:38 a.m., before the parties' Case Management Conference with

C0801427 CW

1    Judge Wilken, defendants faxed plaintiff (1) a declaration from Roomy Khan that

2    details the destruction of all computers purchased after April 11, 2003; (2) a

3    stipulation that defendants will not call certain guests as witnesses; and (3) copies of

4    the closest to the original document for documents that correspond with KHAN 125,

5    309-314.  Hicks' Dec, ¶ 6, Exhibit E.

6    • On July 9, 2009 at 4:46 PM, plaintiff emailed defendant a meet and confer letter that

7    request (1) additional information about defendants' destruction of metadata; (2)

8    additional information about KHAN 123; and (3) more contact information for certain

9    guests.  Hicks' Dec., ¶ 7, Exhibit F.  Plaintiff also requested defendants stipulate to

10   not call any guests as witnesses at trial, if plaintiff was unable to contact these

11   witnesses.  *Id.*

12   On July 10, 2009, Roomy Khan told attorney Jonathan D. Hicks that she wished to

13   terminate her attorney client relationship with Hoge Fenton, Inc.  Hicks' Dec., ¶ 8. That

14   same day, defendants' retained counsel, Damien Pamilla, faxed an executed proposed

15   stipulation that confirms Mr. Pamilla is ready to serve as trial counsel for defendants.

16   Hicks' Dec., ¶ 8, Exhibit G, pp. 1:28-2:8.[2]  On July 20, 2009, defendant Roomy and

17   Sakhawat Khan signed the attached declarations confirming their request to terminate

18   Hoge Fenton, Inc. as their counsel.  See Declaration of Roomy Khan Regarding

19   Termination of Her Attorneys Of Record, Hoge Fenton Jones and Appel, Inc., (Roomy's

20   Dec.), ¶ 1; and Declaration of Roomy Khan Regarding Termination of His Attorneys Of

21   Record, Hoge Fenton Jones and Appel, Inc., (Sakhawat's Dec.), ¶ 1.

22                                **III. ARGUMENT**

23   U.S. District Court of California, Northern District Court Local Civil Rules, Rule 11-5

24

25   [2] Attorney Hicks drafted this declaration following the July 7, 2009 Case Management
     Conference.  After the CMC, plaintiff's counsel, Carol Vigne, suggested pending discovery
26   would not be resolved until defendants agreed to either consent to the deposition of certain
     guests or stipulate not to call these guests as witnesses during trial.  This draft stipulation,
27   therefore, reflects this anticipated discovery dispute.  Notably, plaintiff makes this discovery
     request in her July 9th letter.  Hicks' Dec. ¶ 7, Exhibit F, p. 2.
28

C0801427 CW

1 | provides:

> 2 | (a) **Order Permitting Withdrawal**.  Counsel may not withdraw from
> 3 | an action until relieved by order of Court after written notice has
> been given reasonably in advance to the client and to all other
> parties who have appeared in the case.

4 |

5 | The Local Rules also provide that withdrawal may be conditional if the application is not

6 | accompanied by an appearance of substitute counsel or agreement of the party to appear

7 | pro se.  U.S. Dist. Crt., Civ. L. R., Rule 11-5 (b).

8 | Here, the Court should unconditionally grant Hoge Fenton, Inc.'s motion to withdraw

9 | because (1) defendants terminated Hoge Fenton, Inc. as their attorneys and consent to

10 | representing themselves *in pro se*, until new counsel can substitute in; (2) Hoge Fenton,

11 | Inc. has good cause to withdraw because the attorney-client relationship has deteriorated

12 | to a point where Hoge Fenton, Inc. can no longer represent defendants; and (3)

13 | defendants breached their agreement with Hoge Fenton, Inc. regarding prompt payment of

14 | attorneys' fees and costs.

15 | **A.**     **A client has a right to terminate his counsel at any time**.

16 | The California Supreme Court unequivocally held that clients have the absolute right

17 | to terminate their lawyer's services at any time, with or without cause. *Fracasse v. Brent*

18 | (1972) 6 Cal.3d 784, 790.   Under California law, a client can terminate an attorney on the

19 | eve of trial.  Cal. Code of Civ. Proc. § 284(1); and *Hock v. Superior Court* (1990) 221

20 | Cal.App.3d 670, 672-74.

21 | Here, defendants clearly desire to terminate their relationship with Hoge Fenton, Inc.

22 | Roomy's Dec., ¶ 1 and Sakhawat's Dec., ¶ 1.  Defendants also understand that, although

23 | they retained new counsel, defendants' immediate termination of Hoge Fenton, Inc. will

24 | result in their proceeding *in pro se* until their new counsel is admitted to practice in the

25 | Northern District Court.  Roomy's Dec. ¶ 4 and Sakhawat's Dec. ¶ 4.  Finally, defendants

26 | are aware that the trial date in this case is set for October 5, 2009, which will likely not

27 | change.  Roomy's Dec. ¶ 2 and Sakhawat's Dec. ¶ 2.

28 | Defendants' termination of Hoge Fenton, Inc. is sufficient to grant this motion to

C0801427 CW

1   withdraw.  Accordingly, Hoge Fenton, Inc. respectfully requests this motion be granted so

2   that defendants – fully aware of the potential implications of this decision – can exercise

3   their right to terminate Hoge Fenton, Inc.  If, however, the court does not believe

4   defendants' termination of Hoge Fenton, Inc. is sufficient, then Hoge Fenton, Inc. requests

5   in camera review – as requested below – to illustrate its good cause reasons for withdrawal

6   pursuant to Rule 3-700 (c).

7   **B.     An attorney may withdrawal based on the client's conduct.**

8          California Rules of Professional Conduct, provide that an attorney may withdraw

9   from representing a client if the client's conduct "renders it unreasonably difficult for the

10  member to carry out the employment effectively."  Cal. R. of Prof. Conduct, Rule 3-

11  700(C)(1)(d).  In *Estate of Falco v. Decker* (1987) 188 Cal.App.3d 1004, the court held that

12  courts should have broad discretion to grant a motion to withdraw based on a break down

13  in communication, regardless of who caused the breakdown.  *Estate of Falco v. Decker*,

14  *supra*, 188 Cal.App.3d at 1014.  Moreover, a client's failure to "cooperate" further supports

15  an attorney's motion to withdraw as counsel.  *People v. Prince* (1968) 268 Cal.App.2d 398,

16  404-405.

17         However, attorneys are bound to preserve client confidences even when seeking to

18  be relieved as counsel.  See Cal. R. of Court, Rule 3.1362 (c).  During withdrawal, counsel

19  must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the

20  client."  Cal. R. of Prof. Conduct, Rule 3-700 (A)(2).  Hoge Fenton, Inc. must also protect

21  any and all confidential communications it had with its clients.  Evid. Code § 952 and *2,022*

22  *Ranch, L.L.C. v. Superior Court* (Chicago Title Ins. Co.) (2003) 113 Cal.App.4th 1377,

23  1388.

24         Accordingly – to protect defendants' confidences – if the Court deems it necessary

25  for Hoge Fenton, Inc. to provide additional information about its reasons for permissive

26  withdrawal (pursuant to Rule 3-700 (C)), Hoge Fenton, Inc. respectfully requests the Court

27  request in camera review of the facts that support Hoge Fenton, Inc.'s withdraw and allow

28  Hoge Fenton, Inc. to file certain documents under seal, pursuant to Local Rule 79-5, for

-8-                                      C0801427 CW

1   review during the in camera hearing.

2   **C.**   **An attorney may withdraw if the client breaches an agreement.**

3        California Rules of Professional Conduct, provide that an attorney may withdraw if

4   the client "breaches an agreement or obligation to the member as to expenses or fees."

5   Cal. Rule of Prof. Conduct, Rule 3-700(C)(1)(e).

6        Here, defendants currently owe Hoge Fenton, Inc. a substantial amount in unpaid

7   legal fees.  Additionally, defendants have refused to pay – despite numerous requests –

8   certain expenses Hoge Fenton, Inc. incurred on their behalf.  Concurrently, defendants

9   seek to cap their fee obligations to Hoge Fenton, Inc. by terminating the attorney-client

10  relationship.

11       As such, Hoge Fenton, Inc. believes this reason alone is sufficient to grant its

12  motion to withdraw.

13  **D.**   **Plaintiff will not be prejudiced by Hoge Fenton, Inc.'s withdrawal.**

14       Plaintiff's primary concern with Hoge Fenton, Inc.'s original request to withdraw was

15  a singular focus in resolving all pending discovery disputes.  Docket No. 104, p. 1:26-2:2.

16  As discussed in detail above, plaintiff and defendant have narrowed the scope of disputed

17  discovery issues to a few issues likely resolved through declaration and/or stipulation of the

18  parties.   It is also evident that, regardless of the defendants' response, plaintiff will likely

19  demand further discovery responses from defendants.  However, for defendant to answer

20  plaintiff's pending discovery demands –including which witnesses to call during trial –

21  defendants must seek advice and the professional counsel of their trial counsel, Mr.

22  Damien Pamilla.

23       As such, Hoge Fenton, Inc.'s continued involvement in providing responses to

24  plaintiff's continued discovery demands further slows the discovery process.  Presently,

25  before defendants produce any responses, Hoge Fenton, Inc. must confer with defendants

26  and Mr. Pamilla, wait for approval from defendants as they continue to confer with Mr.

27  Pamilla, then Hoge Fenton, Inc. reiterate the response approved by defendants in

28  consultation with Mr. Pamilla.   Under this scheme, Hoge Fenton, Inc. is merely an

C0801427 CW

1    intermediary unnecessarily slowing plaintiff's demanded discovery responses.

2        If plaintiff is truly interested in obtaining discovery responses and not interested in

3    unnecessarily burdening defendants, then plaintiff will support Hoge Fenton, Inc.'s motion

4    to withdraw – and anticipate an uninterrupted dialogue with defendants to provide

5    responses to plaintiff's pending discovery demands.

6        Therefore, plaintiff would suffer little to no prejudice if Hoge Fenton, Inc.'s motion is

7    granted.

8    **IV. CONCLUSION**

9        For the above stated reasons, Hoge Fenton, Inc. respectfully requests this Court

10   grant its motion to withdraw as attorney of record for defendants Roomy Khan and

11   Sakhawat Khan.

12   DATED: July 20, 2009

HOGE, FENTON, JONES & APPEL, INC.

By _____
Jonathan D. Hicks
Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C0801427 CW

Hoge Fenton, Inc.'s Motion to Withdrawal
\\HFJAFS\NDrive\81114\Ple\467370.doc