Christopher Ho, State Bar No. 129845
Carole Vigne, State Bar No. 251829
The LEGAL AID SOCIETY
 – EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Hillary Ronen, State Bar No. 228606
Rocío Alejandra Avila, State Bar No. 252719
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, Suite 295
San Francisco, CA 94103
Telephone: (415) 575-3500
Facsimile: (415) 255-7593

Attorneys for Plaintiff
VILMA SERRALTA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA SERRALTA,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAKHAWAT KHAN; ROOMY KHAN; and<br>DOES ONE through TEN, inclusive,<br><br>                    Defendants. | No.  C 08-01427 CW<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**No. C 08-01427 CW**

1

## I.    INTRODUCTION

2      As only further shown by the inability of Defendants' counsel, at oral argument, to articulate

3  anything in mitigation of the hopelessly tangled web of falsehoods and contradictions that is their sole

4  defense to this motion, the entry of default judgment is the *only* fitting sanction in this case for

5  Defendants' misdeeds.  And as previously pointed out, even assuming *arguendo* Defendants' fantastic

6  alibi to be true -- that Harleen Chopra was somehow responsible for all of their transgressions –

7  default judgment would, as a matter of law, still be in order.[1]

8      Had Defendants accepted responsibility for their fraudulent actions, and if the Court were

9  assured that no further deceptions would occur, the analysis might have been different.   But where, as

10  here, Defendants' recourse has only been *further* dissimulation and continued disrespect for the Court,

11

12      [1]   As noted previously, courts have repeatedly found in similar circumstances that the destruction
of evidence by an agent or other third party may be imputed to the party itself.  For example, in a
13  products liability action based on the failure of an airbag to deploy, the defendant's experts were
unable to inspect the vehicle because its owner -- someone other than the plaintiff -- had disposed of
14  it; nonetheless, its spoliation was imputed to the plaintiff because he had taken no steps to preserve the
vehicle until the defendant's experts could examine it.  *Silvestri v. General Motors Corp.*, 271 F.3d
15  583, 590-92 (4th Cir. 2001); *see also Nation-Wide Check Corp. v. Forest Hills Distributors, Inc.*, 692
F.2d 214, 217-19 (1st Cir. 1982) (destruction, by assignees for benefit of creditors of defendant, of
16  records relevant to plaintiff's action to recover funds owed it by the defendant justified adverse
evidentiary inference against defendant).  Indeed, another judge of the Northern District recently
17  found that defendants could be held strictly liable for their agent's failure to preserve evidence, even
though that evidence was not in defendants' possession or control.  *United States v. Maxxam, Inc.*, No.
18  C-06-07497, 2009 U.S. Dist. LEXIS 30743, at *25 (N.D. Cal. Mar. 27, 2009) ("It is entirely
reasonable to hold Maxxam and Hurwitz responsible for the preservation of evidence in the hands of
19  its agent -- the Rawles Hinkle law firm -- and therefore in the hands of the consultants retained by the
firm.").
20
       In this case, Defendants' counsel confirmed at oral argument that Ms. Chopra was employed
21  by the Defendants to gather documents responsive to discovery requests at the time of the forgery and
spoliation in question.  It also cannot be disputed that she was entirely subject to their direction and
22  control.  *See* Docket No. 153, Exhibit B to Declaration of Carole Vigne in Support of Reply Brief in
Support of Plaintiff's Motion for Entry of Default Judgment, Deposition of Harleen Chopra, April 7,
23  2009, 354:12-355:18 ("Well, to my knowledge, ***whatever she wanted me to do, I have done it***.")
(emphasis added); *see also* Docket No. 150-1, Declaration of Roomy Khan in Opposition to Plaintiff's
24  Motion for Entry of Default Judgment, ¶¶ 3-4 ("Harleen Chopra was also my assistant . . . As such,
Harleen Chopra was responsible for overseeing the paperwork, hiring, and payroll for live in help,
25  which included Vilma Serralta.").  Under these circumstances, even if the Defendants' finger-pointing
at Ms. Chopra is to be believed, the Defendants are *still* legally responsible for the actions of their
26  agent and employee.

27

28

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT**      **PAGE 1**
**NO. C 08-01427 CW**

1    it is plain that any trial of this case would "merely appl[y] laws to lies." *Valley Eng'rs v. Electric*

2    *Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998).  As such, it would needlessly waste this Court's time

3    and greatly inconvenience the members of the jury to conduct a trial under such circumstances.

4    Accordingly, terminating sanctions have been imposed in cases with facts very similar to those in this

5    case.  *See, e.g., Greenburg v. Roberts Properties, LTD,* 2006 U.S. Dist. LEXIS 6776, at *20-23 (D.

6    Ariz. Feb. 16, 2006) (dismissing action on grounds that plaintiff attached documents with defendant's

7    forged signature as exhibits to his complaint); *Sun World, Inc. v. Olivarria*, 144 F.R.D. 384, 390-91

8    (E.D. Cal. 1992) (entering default judgment against defendant who submitted a fraudulent document

9    and committed perjury in furtherance thereof).[2]  And as noted at oral argument, the Ninth Circuit has

10   affirmed the entry of default judgment in instances of conduct *far less egregious* than that committed

11   here.  *See, e.g., Combs v. Rockwell International Corp.*, 927 F.2d 486, 488 (9th Cir. 1991), *cert.*

12   *denied,* 502 U.S. 859 (1991) (upholding terminating sanctions where plaintiff "authorized counsel to

13   alter his deposition in material respects [and then] signed the revised deposition and swore, under

14   penalty of perjury, that he had reviewed the transcript and had himself made the changes.").

15         Furthermore, still further developments make clear that the Defendants, far from being

16   chastened by the evidence of their misdeeds, in fact are *continuing* their efforts to frustrate the

17   authority of this Court and the truth-seeking process[3] -- only further illustrating the futility of

18   presuming that a trial of this case on its merits is possible.

19         ───────────────

20   [2]    As discussed at the hearing on this motion, entry of default judgment would leave only the
     exact computation of Plaintiff's owed wages and related recovery – an objective and arithmetical
21   exercise better suited for presentation and consideration by the Court on the papers than by a jury.
     Further, as Plaintiff's counsel noted at the hearing, there are no elements of damage being sought in
22   this case, such as for emotional distress, that would require consideration by a jury.

23   [3]    Since Defendants filed their Opposition on August 5, 2009, Plaintiff's private investigator has
     tried speaking with Ms. Chopra multiple times to verify her alleged role in the fraud at issue.  Each
24   time, however, Ms. Chopra has hung up as soon as the investigator has identified herself, making it
     impossible for Plaintiff to confirm Defendants' latest account of the "facts."  Declaration of Carole
25   Vigne in Support of Plaintiff's Supplemental Briefing Re: Motion for Entry of Default Judgment
     "(Vigne Decl."), filed herewith, at  ¶ 2.  Indeed, Plaintiff's counsel has attempted service of subpoenas
26   on Ms. Chopra three times without success.  Vigne Decl., ¶ 3.  Similarly, Plaintiff has also attempted
     to subpoena another adverse witness, Sonia Michel, only to find that Ms. Michel no longer lives at the
27   address provided to Plaintiff; despite the duty to supplement their initial disclosures and discovery

28

1    For these reasons, Plaintiff again respectfully submits that any lesser sanctions would not

2    ensure a fair trial on the merits.  Nor would any lesser sanctions adequately address the magnitude of

3    Defendants' contempt for the truth and the integrity of this Court's proceedings.  Nonetheless,

4    Plaintiff below discusses lesser sanctions available to this Court, singly or in combination, should it

5    choose not to enter the requested default judgment.

6    **II.    POSSIBLE LESSER SANCTIONS**

7    "In determining the appropriate sanction, courts should seek to impose a sanction [which will]

8    . . . 1) penalize those whose conduct may be deemed to warrant such a sanction; 2) deter parties from

9    engaging in the sanctioned conduct; 3) place the risk of an erroneous judgment on the party who

10   wrongfully created the risk; and 4) restore the prejudiced party to the same position he would have

11   been in absent the wrongful destruction of evidence by the opposing party."  *United States v. Maxxam,*

12   *Inc.*, No. C-06-07497, 2009 U.S. Dist. LEXIS 30743, at *23 (N.D. Cal. Mar. 27, 2009); *see also*

13   *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779-80 (2d Cir. 1999) (stating same objectives in

14   crafting an appropriate sanction).

15
16   **A.    The Court May Deem as Established the Plaintiff's Factual**
       **Allegations with Respect to Those Issues that KHAN 308 Purported to**
       **Establish – i.e., the Hours Plaintiff Worked, and the Missed Meal and**
17     **Rest Periods, to Which She Was Legally Entitled.**

18   In this case, the forgery of KHAN 308 and the spoliation of cancelled checks in furtherance of

19   that forgery were, technically, not in defiance of any order of this Court.  Nonetheless, in imposing

20   sanctions arising from their inherent power to manage the cases before them, courts commonly look to

21   Fed.R.Civ.P. 37, which enumerates sanctions for a party's disobedience of discovery orders.  *See Leon*

22   *v. IDX System Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Anheuser-Busch, Inc. v. Natural Beverage*

23
---

24   responses, Defendants have not provided a new address for Ms. Michel, a witness they themselves
       have disclosed.  Vigne Decl., ¶ 4.  Moreover, since Defendants' counsel did not respond to Plaintiff's
25   counsel's request regarding the acceptance of electronic service of subpoenas on behalf of his clients,
       Vigne Decl., ¶ 5, Exh. A, Plaintiff attempted service of subpoenas on Defendants, only to find that
26   they no longer reside in their home at 168 Isabella Avenue in Atherton.  Vigne Decl., ¶ 6.  Plaintiff has
       since learned that Defendants have sold their home and is currently investigating the recent transfers
27   of Defendants'former residence.  Vigne Decl., ¶ 6.

28

1    *Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).  Among other things, Rule 37 provides that appropriate

2    remedial orders "may include . . . directing that the matters embraced in the order *or other designated*

3    *facts be taken as established for purposes of the action, as the prevailing party claims*".  Fed.R.Civ.P.

4    37(b)(2)(A)(i) (emphasis added).

5         Fed.R.Civ.P. 37(b)(2)(A)(i) would support establishing, as fact, Plaintiff's allegations[4]

6    concerning the factual matters that KHAN 308 purported to establish in favor of Defendants – that is,

7    Plaintiff's working hours and her missed meal and rest periods.  The evident assumption underlying

8    subsection (i) is that a party that willfully fails to comply with an order compelling discovery as to a

9    particular issue does so because the evidence sought is contrary to its own allegations.  Therefore, the

10   most fitting sanction in such situations is to presume the latter to be the case, and to deem the disputed

11   matters established in favor of the propounding party.  *See, e.g., Insurance Corp. of Ireland, Ltd. v.*

12   *Compagnie des Bauxites de Guinee,* 456 U.S. 694, 705 (1982) ("the refusal to produce evidence

13   material to the administration of due process was but an admission of the want of merit in the asserted

14   defense.").  Accordingly, the Ninth Circuit has affirmed the establishment of adverse facts as a fitting

15   sanction in such cases.  *See, e.g., Commodity Futures Trading Com'n v. Noble Metals Intern., Inc.,* 67

16   F.3d 766,770-72 (9th Cir. 1995) (upholding sanction ordering that the allegations of the complaint be

17   taken as established for the purposes of the action where defendants "willfully violated the court's

18   orders by repeatedly failing to designate a representative who would testify at a discovery

19   deposition"); *Hilao v. Estate of Marcos,* 103 F.3d 762, 765 (9th Cir. 1996) (affirming sanction

20   designating certain facts as established where defendants willfully failed to appear for deposition and

21   to produce documents).[5]

---

22       [4]    In her Complaint, Plaintiff made specific allegations as to her typical working hours.  *See*
23   Docket No. 1, Complaint, ¶¶ 21-23.  She testified consistently therewith during her deposition --
24   which, at Defendants' request, exceeded the presumptive seven-hour limit by approximately three
     hours.

25       [5]    Many other cases, both within and outside this Circuit, are in accord.  *See, e.g., Compaq*
26   *Computer Corp. v. Ergonome In*c., 387 F.3d 403, 412-14(5th Cir. 2004) (upholding sanction deeming
27   an individual to be the alter ego of a corporation, resulting in her personal liability for the award of
     attorney's fees, where she failed to comply with discovery requests seeking to ascertain facts relating
28   to the alter ego theory); *Breniser v. Western Recreational Vehicles, Inc*., No. CV-07-1418, 2009 WL

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT**           **PAGE 4**
**NO. C 08-01427 CW**

1    Plaintiff points out that should this lesser sanction be employed by the Court, the trial of this

2    case would still go forward on issues that do not turn solely on her work hours and meal and rest

3    periods.  Those issues would include, among other things, Plaintiff's claims under the California

4    Labor Code for Defendants' failure to furnish itemized pay statements, and whether Defendants'

5    failures to pay Plaintiff all wages owed when due, including at the time of her termination, were

6    undertaken with the requisite state of mind for purposes of liability and liquidated damages.  Further,

7    as a practical matter, this sanction would pose no complications at trial.  Like any determination that

8    certain facts are established as undisputed for purposes of simplifying a trial, *see, e.g.,* Fed.R.Civ.P.

9    16(c)(2)(A) and (C),[6] the jury here would merely be instructed to accept Plaintiff's allegations as to

10   her working hours and meal and rest periods as true, and testimony and evidence on all other matters

11   could be taken as necessary.  No danger of confusion would exist.

12   Plaintiff, however, notes that in important respects, this lesser sanction would accomplish little

13   more than what FLSA and Labor Code precedent already establish -- that is, where, as here, a

14   defendant has failed to keep any records of its employee's working hours, the trier of fact may rely

15   solely on a plaintiff's account of her hours worked for proof of those hours.[7]  *See* Docket No. 22,

16   

17   103547, at *1-2 (D.Or. Jan. 14, 2009) (where defendant failed to produce a schedule of an "asset

18   purchase agreement" in violation of an order compelling production of "a copy of the *entire contract*

19   for the sale", court held that the liability under the warranty at issue must have been listed on the

     missing schedule, and ordered as a sanction that defendant assumed the liability of the warranty at

     issue under the asset purchase agreement); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 102-04(D.N.J.

20   2006) (establishing facts concerning *inter alia* defendants' use of outdated data to calculate insurance

21   reimbursement payments, where defendants had failed to produce evidence thereof in response to

     discovery); *Card Technology Corp. v. DataCard Inc.*, 249 F.R.D. 567, 571-71 (D. Minn. 2008)

22   (ordering certain facts established after plaintiff's agent failed to attend deposition; court noted that

     this was "not necessarily a severe sanction."); *Kindergarteners Count, Inc. v. DeMoulin*, 209 F.R.D.

23   466, 469-70 (D.Kan. 2002) (ordering fact of party's alleged defamatory conduct established, where

     that party failed to timely produce telephone records, ultimately leading to spoliation of the evidence).

24   [6]   "(2) Matters for Consideration.  At any pretrial conference, the court may consider and take

25   appropriate action on the following matters:  (A) formulating and simplifying the issues . . . (C)
     obtaining admissions and stipulations about facts and documents . . ."

26   [7]   Although a FLSA plaintiff generally bears the burden of proving hours worked in a claim for

27   unpaid minimum wages or unpaid overtime compensation, the burden shifts in cases in which the
     employer has failed to keep accurate records.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680,

28   

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT**     **PAGE 5**
No. C 08-01427 CW

Answer ¶ 29 ("Defendants **admit that they did not keep contemporaneous time records** of Plaintiff's hours worked.") (emphasis added). In other words, a presumption of sufficiency and accuracy would *already* have inured to Plaintiff's evidence in this case. Thus, at best, deeming Plaintiff's allegations and testimonial account of her hours as true would be a sanction with only incremental significance.

### B. The Court May Preclude Defendants from Presenting a Case-in-Chief on Those Matters that KHAN 308 Purported to Dispute, While Requiring that Plaintiff Put on Her Case-in-Chief on the Same Matters, Subject to Cross-Examination.

This analogous, although weaker, sanction is also suggested by Rule 37. Fed.R.Civ.P. 37(b)(2)(A)(ii) authorizes the district court to "prohibit[ ] the disobedient party from . . . opposing designated claims . . . , or from introducing designated matters in evidence." This lesser remedy would differ from the preceding option in that it would simply preclude the Defendants from offering a defense to Plaintiff's account of her working hours and her missed meal and rest periods; Plaintiff would be required to present her case-in-chief on those matters at trial, subject to cross-examination by the Defendants.

Courts rely upon Fed.R.Civ.P. 37(b)(2)(A)(ii) to preclude parties that have refused to respond to discovery requests from presenting any evidence on the affected matters at trial. *See, e.g., Tacori Enter. v. Beverly Jewellery Co. Ltd.*, 253 F.R.D. 577, 582-84(C.D. Cal. 2008) (ordering that defendant be precluded from presenting evidence in support of one of its defenses, where defendant violated discovery order by not making available a witness for deposition at which that evidence would have been inquired into); *Gibson v. City of Kirkland*, No. C08-0937, 2009 WL 666885, at *2 (W.D.Wash. Mar. 11, 2009) (barring plaintiffs from introducing any evidence in support of claim of lost earnings where plaintiffs had failed timely to oppose defendants' motion to exclude that claim); *Davis v. Nevarez*, No. 3:07-CV-00427, 2009 WL 1468705, at *3-4 (D. Idaho May 22, 2009) (based on

---

687 (1945) (superseded by statute on other grounds). The same is true for purposes of the California Labor Code. *See, e.g., Hernandez v. Mendoza*, 199 Cal.App.3d 721, 727 (1988) (where the employer has failed to keep accurate records of the hours its employees have worked, "the consequences for such failure should fall on the employer, not the employee. In such a situation, imprecise evidence by the employee can provide a sufficient basis for damages.") (citing *Anderson*).

1  defendant's failure to respond to discovery responses, court precluded defendant from offering any

2  testimony at trial as to any matters to which that discovery was directed).

3         As with the prior option discussed, however, the impact of this alternative remedy would be

4  incremental at best, given the established legal presumptions already favoring the plaintiff where the

5  employer has kept no records of the plaintiff's working hours.  If anything, this option would do even

6  less to "place the risk of an erroneous judgment on the party who wrongfully created the risk."

7  *Maxxam,* 2009 U.S. Dist. LEXIS 30743, at *23; *see also West,* 167 F.3d at 779-80.

8         **C.**    **The Court May Allow Plaintiff to Present Unrebutted Testimony**
              **Regarding Defendants' Forgery and Spoliation of Evidence, with an**
9             **Instruction that KHAN 308 is to Be Disregarded for All Other**
10            **Purposes.**

11        Another possible sanction, also rooted in Fed. R. Civ. P 37(b)(2)(A)(ii), would be that of

12  prohibiting the Defendants from rebutting Plaintiff's evidence of Defendants' forgery and spoliation of

13  evidence; in other words, permitting Plaintiff's counsel to present evidence of the forgery of KHAN

14  308 and the related frauds, and to examine the Defendants and their witnesses thereon, in her case-in-

15  chief, without any rebuttal from Defendants.  (Plaintiff, of course, would be entitled to present

16  evidence and examine Defendants and their witnesses on this subject in any event, subject to such

17  rebuttal.)[8]  This option would necessarily be used in conjunction with an effective limiting instruction

18  to the jury to disregard KHAN 308, and possibly other documents used to demonstrate Defendants'

19  fraudulent conduct, for all other purposes.

20        As with the other permutations of the Rule 37-based sanctions previously discussed, this

21  sanction would be more than justified *inter alia* by the Defendants' several attempts to cover up

22  evidence of their actions.  *See* Docket No. 152, Plaintiff's Reply Brief in Support of Motion for Entry

23  of Default Judgment ("Reply"), pp. 3-6.  Quite arguably, by subsequently altering cancelled checks to

24  cover their tracks, and by testifying to irreconcilable contradictions, under penalty of perjury,

25

26        [8]    The mere exclusion of KHAN 308, without more, would of course only constitute a reward for
     Defendants' egregious misconduct. *See* Docket No. 152, Plaintiff's Reply Brief in Support of Motion for Entry
27   of Default Judgment, p. 10.

28

1    Defendants have by all rights forfeited their ability to have a second bite of the apple to salvage their

2    credibility.

3         D.    **The Court May Inform The Jury, Through An Admonition,**
                **Instruction, Or Other Sufficiently Emphatic Means, That The Court**
4               **Has Determined That The Defendants Falsified Key Evidence In This**
                **Case.**
5

6         A properly worded admonition to the jury concerning the Defendants' persistent attempts to

7    falsify key evidence, delivered at the outset and the close of the trial,[9] might partially offset the

8    advantage that defendants would enjoy by being able to fully present their case on the issues that

9    KHAN 308 sought to dispose of.  By comparison, a jury instruction concerning Defendants' forgery

10   and spoliation, given among many other instructions and only after all evidence had been presented,

11   would likely have a *de minimis* impact upon the jury's assessment of the evidence.

12        More importantly, however, neither an admonition nor an instruction would preclude

13   Defendants from mounting a full-throated defense against Plaintiff's case.  Indeed, even if KHAN 308

14   itself were excluded, Defendants would still be permitted, as witnesses on the stand, to *testify to the*

15   *very same fabrications* that KHAN 308 was intended to perpetrate.  If anything, the previously

16   discussed Rule 37 cases make clear that a party who has abused the discovery process as

17   fundamentally as have Defendants here, in essence, forfeits its right to establish at trial those matters

18   that it sought to establish through fraud.  These two lesser sanctions would not begin to address that

19   concern.  And, plainly, neither would go far enough toward "plac[ing] the risk of an erroneous

20   judgment on the party who wrongfully created the risk".  *Maxxam,* 2009 U.S. Dist. LEXIS 30743, at

21   23 .[10]  As such, an admonition or instruction should only be considered in conjunction with another

22
23        [9]    In no event, however, should any admonition or instruction simply create an adverse
     presumption, since Plaintiff would be "helpless to rebut any material that [Defendants] might use to
24   overcome the presumption." *Leon,* 464 F.3d at 960; *see also* Docket No. 152, Reply, at p. 11.  Should
     the Court decide to utilize one or both of these lesser sanctions, Plaintiff would seek leave to formulate
25   proposed language for the Court's consideration.

26        [10]   With respect to each of the lesser sanctions discussed in this supplemental brief, the Court may
     choose to conduct a pretrial evidentiary hearing concerning Defendants' actions, if it finds that there is
27   insufficient proof of Defendants' fraud presently in the record.  The cases establish, however, that it is
     within the discretion of this Court to forego such a hearing, particularly under the circumstances
28

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT          PAGE 8**
**NO. C 08-01427 CW**

1  aforementioned sanction. *See West.,* 167 F.3d at 779-80 (suggesting that the district court could have:

2  "(1) instruct[ed] the jury to presume that the exemplar tire was overinflated; (2) instruct[ed] the jury to

3  presume that the tire mounting machine and air compressor malfunctioned; and (3) preclude[e] Mrs.

4  West from offering evidence on these issues).

5        Despite the appropriateness of the discussed alternative sanctions on certain grounds, each

6  would fail to achieve the significant purposes that would be vindicated by entry of a default judgment.

7  None of these options would deter the Defendants from continued manipulation of the judicial system,

8  or prevent the trial from "merely appl[ying] laws to lies." *Valley Eng'rs.*, 158 F.3d at 1058.  Indeed,

9  given the likelihood that Defendants' case at trial would simply build upon the untruths and deceptions

10 they have already employed, it would appear difficult indeed to justify the expenditure of the requisite

11 time and resources not just by this Court, but of the members of the jury as well.[11]  And as the Ninth

12 Circuit has repeatedly held, terminating sanctions are in order where, as here, "a party has willfully

13 deceived the court and engaged in conduct utterly inconsistent with the orderly administration of

14 justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *see also Anheuser-*

15 *Busch,* 69 F.3d at 348 (default judgment justified where "a party has engaged deliberately in deceptive

16 practices that undermine the integrity of judicial proceedings.").

17        Importantly, this would be so even if monetary sanctions were levied in combination with any

18 of these options.  Plaintiff believes that monetary sanctions are warranted at an appropriate juncture in

19 these proceedings.  However, Plaintiff cannot emphasize strongly enough that – especially in view of

20 Defendants' wealth -- such sanctions would scarcely serve the goal of deterring them in any greater

21 degree from continuing to engage in fraud and deception throughout the trial.  Nor could the

22 magnitude of their contempt for the truth and the judicial process be meaningfully reduced to a dollar

23 figure.

24 present here. *See, e.g., Prof'l Seminar Consultants v. Sino America Tech. Exch. Council*, 727 F.2d
   1470, 1473 (9th Cir. 1984) (finding that "it was reasonable for the magistrate judge to find that an

25 evidentiary hearing was unnecessary" where the Defendant did not assert that the falsified documents

26 were genuine).

27   [11]   Plaintiff intends to withdraw her jury demand in the next few days.  Defendants, however, have
   already indicated that they will not consent to that withdrawal.

28

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION FOR ENTRY OF DEFAULT JUDGMENT        PAGE 9**
**NO. C 08-01427 CW**

1   //

2   //

3   **III.    CONCLUSION**

4          As discussed above, sanctions less than the entry of default judgment exist and, in appropriate

5   cases, have been implemented by the courts to address a variety of litigation abuses.  Plaintiff

6   respectfully submits, however, that such lesser sanctions are not well-tailored to the situation in this

7   case, where the evidence ineluctably points not only to brazen fraud and a cover up to match, but to

8   much more of the same should this case proceed to trial – a trial to which Defendants, under the law,

9   have forfeited their right by reason of their repeated attempts to manipulate the truth to their own ends.

10  The fact that certain lesser sanctions may work partial justice to varying degrees does not make them,

11  either singly or in combination, suited to ensure the fair trial that Defendants have tried so assiduously

12  to deny the Plaintiff.

13

14  Dated:  August 24, 2009                    Respectfully submitted,

15                                             Christopher Ho
                                               Carole Vigne
16                                             THE LEGAL AID SOCIETY –
                                                 EMPLOYMENT LAW CENTER
17
                                               Hillary Ronen
18                                             Rocio Alejandra Avila
                                               LA RAZA CENTRO LEGAL, INC.
19

20

21                             By:    _____/s/_____Christopher_____Ho_____
                                               CHRISTOPHER HO
22

23                             Attorneys for Plaintiff VILMA SERRALTA

24

25

26

27

28